UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LIAT ATZILI,**

      **Plaintiff,**

      v.                                        Civil No. 24-cv-3365

**THE ISLAMIC REPUBLIC OF IRAN, et al.,**

      **Defendants.**

**PLAINTIFFS' MOTION FOR WAIVER OF LOCAL CIVIL RULE 5.1(c)**

Plaintiffs, by counsel, herewith move the Court that an Order be entered waiving the requirement of Local Civil Rule 5.1(c) with respect to the requirement that the "full residence address of the party" be included on the caption of the initial pleading.

The following is stated in support of the Motion:

(1) Plaintiff is a dual citizen of the United States and Israel who was injured in the terrorist attacks in Israel on October 7th, 2023.

(2) Plaintiff is the sole plaintiff in this matter and seeks to pursue legal claims against the named Defendants for injuries she sustained as a victim of the October 7th terrorist attacks on Israel, which includes being held as a hostage in Gaza for 54 days.

(3) Defendants the Islamic Republic of Iran and Harakat Al-Muqawama Al-Islamiya (a/k/a Hamas) are the sponsor and perpetrator, respectively, of the October 7th Attacks.

(4) Plaintiff has a legitimate and well-founded concern that the disclosure of her residential address would expose her to retaliatory harm or other undue risks from the very same terrorist group that terrorized her community and held her hostage, as well as other terrorist groups controlled or supported by the Islamic Republic of Iran.

(5)     Courts in this jurisdiction and others have granted similar waivers under comparable circumstances to protect parties from retaliation or harm. *See Philipe Barakat, et al., v. Islamic Republic of Iran, et al.,* No. 24-cv-3286 (CRC), and *Zouhair el Halabi, et al., v. Islamic Republic of Iran, et al.*, No. 22-cv-3190 (CRC), in which this Court permitted Plaintiffs to proceed without disclosing their residential addresses due to credible threats to their safety.

(6)     The five-factor test set forth in *Chang v. Republic of Sudan*, 548 F. Supp. 3d 34 (D.D.C. 2021), concerning litigant privacy, favors anonymity and privacy protections when safety concerns outweigh the need for disclosure.

(7)     The first factor examines whether Plaintiff's interest in submitting her information under seal is to avoid "annoyance and criticism" or if she has a legitimate privacy interest in sealing the information. Plaintiff has a legitimate and well-founded concern that the disclosure of her residential address would expose her to retaliatory harm or other undue risks from the very same terrorist group that terrorized her community and held her hostage, as well as other terrorist groups controlled or supported by the Islamic Republic of Iran. Terrorist attacks by groups controlled and/or supported by the Islamic Republic of Iran have resulted in the deaths of more than 1,000 American citizens around the world since 1979.

(8)     The second factor, which assesses whether there is a risk of retaliation associated with the client's identification, both to the Plaintiff and to innocent non-parties, is also met in this instance, as Hamas officials have vowed that "there will be a second, a third, a fourth" attack.[1]

(9)     The third factor looks to the ages of the parties who seek privacy and protection of their identification information. The fourth factor looks at whether the action is against a

---

[1] Middle East Media Research Institute (MEMRI), *Hamas Official Ghazi Hamad: We Will Repeat the October 7 Attack, Time and Again, Until Israel is Annihilated; We are Victims - Everything We Do is Justified*, November 1, 2023, accessed at
https://www.memri.org/reports/hamas-official-ghazi-hamad-we-will-repeat-october-7-attack-time-and-again-until-israel

governmental or private party. The Islamic Republic of Iran is a defendant in this matter, as is Hamas, one of the proxy terrorist organizations sponsored by Iran.

(10) Fifth and finally, the Court must assess the risk of unfairness to the opposing party in allowing Plaintiff's address to be filed under seal. There is no risk that the Defendants will be prejudiced without obtaining Plaintiff's address.

(11) Therefore, Plaintiff should be allowed to file her address under seal to ensure her safety and privacy, consistent with the principles of justice and personal dignity.

(12) The Order submitted with this Motion requires the filing under seal Plaintiff's name and residence address within 30 days of the date of the Order.

(13) Therefore, Plaintiff respectfully requests that this Court waive L.Civ.R. 5.1(c)'s requirement that she publicly disclose her address to ensure her safety and privacy, consistent with the principles of justice and personal dignity.

WHEREFORE, Plaintiff prays that the Motion be granted and that the Court enter the Order submitted.

**Date: December 2, 2024**                          **Respectfully submitted,**

*/s/ Marlene J. Goldenberg*                         */s/ Amanda Fox Perry*
Marlene J. Goldenberg (DC Bar No. 166040)           Amanda Fox Perry (DC Bar No. 230024)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**              **FOX MCKENNA PLLC**
14 Ridge Square                                     14 Ridge Square
Third Floor                                         Third Floor
Washington, D.C. 20016                              Washington, D.C. 20016
Phone: (202) 978-2228                               Phone: (202) 852-2000
Fax: (202) 792-7927                                 Fax: (202) 915-0244
mgoldenberg@nighgoldenberg.com                      amanda@foxmckenna.com

Samantha V. Hoefs *(pro hac vice forthcoming)*
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
60 South 6th Street
Suite 2800
Minneapolis, MN 55402
Phone: (612) 445-0202
Fax: (202) 792-7927
shoefs@nighgoldenberg.com

Elyse McKenna *(pro hac vice forthcoming)*
**FOX MCKENNA PLLC**
14 Ridge Square
Third Floor
Washington, D.C. 20016
Phone: (202) 852-2000
Fax: (202) 915-0244
elyse@foxmckenna.com