UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIAT ATZILI,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ISLAMIC REPUBLIC OF IRAN, HARAKAT AL-MUQAWAMA AL-ISLAMIYA A/K/A HAMAS, BINANCE HOLDINGS LIMITED D/B/A BINANCE.COM, BAM MANAGEMENT US HOLDINGS, INC., BAM TRADING SERVICES INC. D/B/A BINANCE.US, AND CHANGPENG ZHAO,<br><br>　　　　　　Defendants. | Docket No. 1:24-cv-03365 (CJN) |

**STIPULATION AND ORDER REGARDING SERVICE
AND PRELIMINARY SCHEDULING MATTERS**

This Stipulation is entered into between Defendant Binance Holdings Ltd. d/b/a Binance.com ("BHL"), BAM Management US Holdings Inc. and BAM Trading Services Inc. d/b/a Binance.US (collectively, "BAM Defendants"), and Plaintiff Liat Atzili ("Plaintiff"), through their undersigned counsel.

WHEREAS, Plaintiff filed this action on November 29, 2024 (ECF No. 1);

WHEREAS, BHL has not yet been served with the Complaint;

WHEREAS, the BAM Defendants were served on December 19, 2024, and on January 9, 2025, Plaintiff and the BAM Defendants filed a Consent Motion to Extend Responsive Deadlines for the BAM Defendants to and including February 10, 2025;

WHEREAS, BHL intends to file a motion to transfer this case in its entirety to the Southern District of New York (the "Motion to Transfer") where a case that BHL contends is substantively similar is currently pending;

WHEREAS, the BAM Defendants do not oppose transfer of this case;

WHEREAS, BHL intends to file a motion to dismiss the Complaint (the "Motion to Dismiss") after the Motion to Transfer is adjudicated or on a schedule as this Court orders;

WHEREAS, the BAM Defendants intend to file a motion to dismiss the Complaint (the "Motion to Dismiss") after the Motion to Transfer is adjudicated or on a schedule that this Court orders;

WHEREAS, the BAM and BHL Defendants intend to assert independent grounds for dismissal but, where feasible, will seek to streamline motion to dismiss briefing by joining in arguments where feasible;

WHEREAS, having met and conferred, Plaintiffs, BHL, and the BAM Defendants, subject to approval of the Court, wish to streamline preliminary matters in this action, minimize disputes, and avoid wasting resources and burdening the Court to the extent possible by: (i) avoiding the burden of serving foreign defendants through the Hague Convention; (ii) agreeing on a reasonable briefing schedule for BHL's anticipated Motion to Transfer this action to the Southern District of New York and BHL's anticipated Motion to Dismiss; and (iii) aligning the briefing schedules for BHL and the BAM Defendants;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, BHL, the BAM Defendants, through their undersigned counsel, as follows:

1. BHL hereby waives objections to the absence of a Summons or of service of the Summons and Complaint in this action and any defense based upon the sufficiency of service of process; _provided_, _however_, that Defendant BHL does not waive but rather expressly reserves any and all other rights, defenses, and objections to the claims in this action (including but not limited to defenses based upon lack of personal or subject matter

2

jurisdiction, lack of standing, improper venue, or a defendant having been improperly named). For the avoidance of doubt, BHL does not concede that service has been effectuated within the District of Columbia (or anywhere else), and Plaintiff agrees not to argue that the waiver affects any of Defendants' other rights, defenses, or objections (including but not limited to defenses based upon lack of personal or subject matter jurisdiction, lack of standing, improper venue, or a defendant having been improperly named);

      2.     By their agreement to this stipulation, the BAM Defendants do not waive and instead expressly reserve all rights, defenses, and objections to the claims in this action, including as to jurisdiction;

      3.     Subject to the Court's approval, and consistent with Fed. R. Civ. P. 4(d), Plaintiff and BHL will brief the Motion to Transfer as follows:

          a)    BHL will file its Motion to Transfer on or before January 31, 2025;

          b)    Plaintiff will file her opposition on or before February 14, 2025; and

          c)    BHL will file its reply on or before February 21, 2025.

      4.     The BAM Defendants shall have an opportunity to join BHL's Motion to Transfer, including the briefs in support of the Motion, at any time before the close of briefing, but the BAM Defendants agree not to file independent briefs on the issue.

      5.     BHL and the BAM Defendants shall not be required to answer, move to dismiss, or otherwise respond to the Complaint until after a decision on the Motion to Transfer is issued and, if the case is transferred, until after the transfer has been completed.

The Parties agree that the responsive deadlines set by the court in its order of January 14, 2025 shall be stayed until a decision on the motion for transfer is entered.

      6.    Subject to the Court's approval, absent transfer, the parties will brief BHL's and the BAM Defendants' anticipated Motions to Dismiss as follows:

          a)    BHL and the BAM Defendants will file their Motions to Dismiss within 30 days of a decision on the Motion to Transfer;

          b)    Plaintiff will file her opposition within 30 days of the filing of the Motion to Dismiss;

          c)    BHL and the BAM Defendants will file their replies within 15 days of the filing of Plaintiff's opposition.

      7.    To the extent that BHL or the BAM Defendants move to dismiss for lack of personal jurisdiction, Plaintiff reserves the right to request that the Court order jurisdictional discovery to support her opposition to the jurisdictional defense, and BHL and the BAM Defendants reserve their right to oppose any such request.

**SO ORDERED.**

DATED:   January 27, 2025

_____
Hon. Carl J. Nichols
United States District Judge