**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIAT ATZILI, | |
| *Plaintiff*, | |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | Civil Action No. <u>1:24-cv-03365-CJN</u> |
| HARAKAT AL-MUQAWAMA AL-ISLAMIYA A/K/A/ HAMAS, | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE DEFENDANTS CHANGPENG ZHAO AND HARAKAT AL-MUQAWAMA AL-ISLAMIYA PURSUANT TO FED. R. CIV. P. 4(f)(3)** |
| BINANCE HOLDINGS LIMITED, D/B/A BINANCE.COM, | |
| BAM MANAGEMENT US HOLDINGS, INC., | |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US, | |
| AND | |
| CHANGPENG ZHAO, | |
| *Defendants*. | |

# Table of Contents

Table of Authorities ..................................................................................................... iii

I.   Introduction ......................................................................................................... 1

II.  Argument ............................................................................................................. 1

1.  Plaintiff is Not Required to Exhaust the Methods Under Rule 4(f)(1) or 4(f)(2) ................... 1
2.  All Rule 4(f)(3) Requires is that the Proposed Method of Service Does Not Run Afoul of International Agreements—UAE Law is Irrelevant .................................................... 3
3.  Service of Process Using X or US Counsel are Available and Appropriate Options ............. 5
A.  U.S. Counsel ........................................................................................................ 6
B.  X (Twitter) .......................................................................................................... 7
C.  Service by Mail is Appropriate and Can be Authorized Retroactively ................................ 9

III.  Conclusion ......................................................................................................... 10

CERTIFICATE OF SERVICE ......................................................................................... 11

## Table of Authorities

**Cases**

*Bazarian Int'l Fin. Assoc.*, 168 F.Supp.3d 1 (D.D.C. 2016)\*.................................................. 2, 7

*Birmingham v. Doe*, 593 F.Supp.3d 1151 (S.D. Fla. 2022)............................................................. 8

*Carillo v. Sabbadini*, 2025 WL 30446 (S.D.N.Y. Jan. 27, 2025)................................................... 8

*DIRECTV, LLC v. WNK Assoc., Inc.*, 2023 WL 2025039 (E.D. Tex. Feb. 15, 2023)................... 8

*Export-Import Bank of U.S. v. Asia Pulp & Paper Co.*, 2005 WL 1123755 (S.D.N.Y. 2005) ...... 9

*Freedom Watch Inc. v. OPEC*, 755 F.3d 74 (D.C. Cir. 2012) ................................................ 3, 5, 6

*FTC v. PCCare247, Inc.*, 2013 WEL 841037 (S.D.N.Y. Mar. 7, 2013) ....................................... 8

*Global Air Charters v. Mayfair Jets DWC-LLC*, 2024 5039907 (D. Minn. Dec. 9, 2024) ........... 3

*Hashem v. Shabi*, 2018 WL 33382913  (D.D.C. Apr. 26, 2018)\* ..................................... 2, 5, 6, 7

*In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012)................................. 4

*Lexmark Intern., Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259 (S.D. Ohio 2013)...... 4

*Marks v. Alfa Group*, 615 F. Supp. 2d 375 (E.D. Pa. 2009). .......................................................... 9

*Norambuena v. W. Iowa Tech. Comm. College*, 2021 WL 5106048 (N.D. Iowa Mar. 30, 2021) . 8

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ........................................... 2

*Saleh v. Al Nahyan*, 2021 WL 7210780 (D.D.C. July 16, 2021). ................................................... 6

*St. Francis Assisi v. Kuwait Fin. House*, 2016 WL 5272002 (N.D. Cal. Sept. 30, 2016). ............ 7

*Stallard v. Goldman Sachs Group, Inc.*, 2022 WL 59395(D.D.C. Jan. 6, 2022) .......................... 2

*Strange v. Islamic Republic of Iran*, 2019 WL 13158028 (D.D.C. June 4, 2019)..................... 6, 9

*Twitch Inter., Inc. v. Fishwoodco GmbH*, 2022 WL 169640 (N.D. Cal. Nov. 15, 2022).............. 8

*U.S. ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108 (D.D.C. 2013)\* ....................... *passim*

**Rules**

4(f)(2) .......................................................................................................................... *passim*

4(f)(3) .......................................................................................................................... *passim*

4(h)(2) ................................................................................................................................ 7

## I.    Introduction

Defendant Changpeng Zhao ("CZ")'s entire response[1] and expert declaration hinges upon a rule made up by him alone. Fed. R. Civ. P. 4(f)(3), the rule under which Plaintiff moved to serve CZ, "authorizes a court to permit service on a party in a foreign country 'by other means not prohibited by international agreement, as the court orders.'" *U.S. ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 116–17 (D.D.C. 2013) (quoting Fed. R. Civ. P. 4(f)(3)). The Rule does *not* require Plaintiffs to first attempt service through some other means, such as those provided by Rule 4(f)(2). CZ's attempt to add requirements to the Rule should be called what it is: a delay tactic. Even if Plaintiff followed these unrequired steps, the Parties would be right back at Rule 4(f)(3) and the central question: whether service on a foreign Defendant through X.com (formerly Twitter) or their U.S. counsel[2] violates an international agreement. The answer, of course, is no. Because the UAE is not a party to the Hague Convention on International Service of Process, and because CZ and his experts failed to identify a single international agreement that would prohibit either service of process through Twitter or on his attorneys, his defense is meritless and his expert's report useless. Alternate service of process through these means should be authorized.

## II.    Argument

### 1.    Plaintiff is Not Required to Exhaust the Methods Under Rule 4(f)(1) or 4(f)(2)

---

[1] Two responses to Plaintiff's Motion were filed, one by Changpeng Zhao and another by Binance Holdings, Ltd. No party opposed Plaintiff's request to serve Hamas. Therefore, Hamas has waived its right to oppose Plaintiff's request, and Plaintiff's reply therefore is solely responsive to the opposition briefs filed. Defendant Binance Holdings Limited (BHL) filed an opposition limited to the appropriateness of serving CZ through Cahill, Gordon, and Reindell LLP (Cahill). [ECF 36 at 1]

[2] At the time of filing on February 5, CZ was represented in another case by Cahill. [ECF 36 at 1 n.2] The Parties do not dispute that Cahill was subsequently substituted in that action for Baker Hostetler LLP or that Baker made an appearance in this case for CZ. [*Id.*; ECF 26]

CZ incorrectly asserts that Rule 4(f)(3) "relief" is only available after a plaintiff demonstrates that they first attempted to serve a foreign defendant under Rule 4(f)(1) and 4(f)(2). [ECF 35 at 16] But service of process under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'" *Bazarian Int'l Fin. Assoc.*, 168 F.Supp.3d 1 (D.D.C. 2016) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *U.S. ex rel. Barko v. Halliburton Co.*, 952 F.Supp.2d 108, 116 (D.D.C. 2013) (same). District and appellate courts around the country—and in this district—have soundly rejected this argument based on the plain language of Rule 4. *See Barko*, 952 F.Supp.2d at 116 (collecting cases). "Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly rule 4(f)(3) includes no qualifiers or limitations." *Bazarian*, 158 F.Supp.3d at 16 (quotations omitted).

Regardless, service under Rule 4(f)(1) and 4(f)(2) is simply *not* feasible. The Parties do not dispute that the UAE is not a signatory to the Hague Convention such that service in accordance with Rule 4(f)(1) is not available. [ECF 35-3 ¶ 14] However, service on a foreign defendant in the UAE is *also* not available under Rule 4(f)(2) because service under Rule 4(f)(2) must comply with the foreign country's law. *See* Fed. R. Civ. P. 4(f)(2) (specifying methods available "unless prohibited by the foreign country's law"). The methods of service specified by Rule 4(f)(2) are not feasible in the UAE because they are not compliant with UAE law. *Hashem v. Shabi*, 2018 WL 3382913, at *4 (D.D.C. April 26, 2018) (explaining that certified mail by the court clerk is not an available method for service on UAE defendants because it does not comply with UAE law);[3] *see*

---

[3] CZ's reliance on *Stallard v. Goldman Sachs Group, Inc.*, 2022 WL 59395(D.D.C. Jan. 6, 2022), is misplaced. *Stallard* is factually distinguishable because it involved an attempt to serve a foreign

*also Global Air Charters v. Mayfair Jets DWC-LLC*, 2024 5039907 (D. Minn. Dec. 9, 2024) (stating there is no requirement to "exhaust" service under Rules (4)(f)(1) or 4(f)(2) and service on foreign defendants in the UAE was not possible because the UAE is not a Hague signatory and service under Rule 4(f)(2) would require letters rogatory, thousands of dollars, and months of waiting).

However, unlike service under Rule 4(f)(2), service under Rule 4(f)(3) *need not comply* with the foreign country's law. *Id.* at 5. "[T]he district court retains discretion under Rule 4(f)(3) to authorize service even if the alternative means would contravene foreign law.'" *Id.* at *5 (quoting *Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 84 (D.C. Cir. 2014)). CZ's argument that Plaintiffs must first attempt two methods of service that they *know are not effective under this District's precedent* for foreign defendants in the UAE is simply absurd, particularly given that this requirement appears nowhere in Rule 4 or any binding case law.[4]

### 2. All Rule 4(f)(3) Requires is that the Proposed Method of Service Does Not Run Afoul of International Agreements—UAE Law is Irrelevant

CZ argues that Plaintiff failed to demonstrate that her proposed means of service complies with UAE law. [ECF 35 at 13–14] This is not Plaintiff's burden. CZ cites *Freedom Watch Inc. v. OPEC*, 755 F.3d 74 (D.C. Cir. 2012), for the proposition that alternate service under Rule 4(f)(3) may only be authorized if it "minimizes offense" to the law of the foreign jurisdiction. [ECF 35 at 13] However, a more fulsome reading of the *Freedom Watch* decision demonstrates the D.C.

---

defendant located in France which is a signatory to the Hague meaning that the foreign defendant could have been served in accordance with either Rule 4(f)(1) or 4(f)(2). The Court's analysis of whether a plaintiff is required to exhaust the methods of service under 4(f)(1) or 4(f)(2) runs counter to that of published decisions issued by Courts in this District and *Rio Properties*, cited persuasively by the D.C. Circuit in *Freedom Watch v. OPEC*, 766 F.3d 74, 84 (D.C. Cir. 2014)

[4] CZ, and his expert, gloss over these options stating that they are required without so much as addressing whether they are possible. There is no need for Plaintiff to attempt compliance with these methods where others have tried, failed, and been permitted to use other

Circuit's view that "even if service cannot be effectuated ... without violating [foreign] law, the district court could still authorize such service if it would 'minimize' offense to foreign law." *Freedom Watch*, 755 F.3d at 84 (citing Fed. R. Civ. P. 4 advisory committee comments). The D.C. Circuit explained that "the district court retains discretion under Rule 4(f)(3) to authorize service *even if the alternative means would contravene foreign law*." *Id.* (emphasis added).

Rule 4(f)(3) is concerned with only two sources of law, United States federal law, *see* Fed. R. Civ. P. 4(f), and international agreements, *see* Fed. R. Civ. P. 4(f)(3). So long as the proposed method of service does not violate those sources of law, the district court is within its discretion to order it—regardless of whether the method complies with the law of any foreign country. *Id.* As the Court in *Barko* stated, authorizing alternate service by electronic means to a defendant located in Jordan "might be improper if *this Court were located in Jordan*, but without an international agreement to the contrary, this Court can authorize a plaintiff to serve a defendant by the necessary means per Rule 4(f)(3)." 952 F.Supp.2d at 117 (emphasis added).[5] That is, a United States court does not offend the laws of a foreign jurisdiction by authorizing service through means initiated *in the United States* and calculated to give notice to those *outside the United States*.

Even so, CZ's arguments that Plaintiff's proposed methods of service offend UAE law fall flat. CZ identifies two grounds for possible offense. First, CZ states service in the UAE must be initiated through the Court system to ensure proper notice. [ECF 35 at 15, 35-3 ¶ 13] Here, CZ has actual notice of the proceedings at hand, having retained Baker Hostetler LLP as counsel, who

---

[5] *See also In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("'The only proscription on the district court's discretion is that the method not be prohibited by international agreement.'" (quoting Wright & Miller, 4B, Federal Practice & Procedure: Civil 3d § 1134 at 333 (2002)); *Lexmark Intern., Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013) ("Notably, courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f)... Rule 4(f)(3) is neither a last resort nor extraordinary relief." (quotations omitted)).

conveniently entered a Notice of Appearance on the day after Plaintiff filed the instant Motion. [ECF 26] Service via CZ's U.S. counsel is consistent with the actual notice principles embodied in UAE law, which CZ himself highlights. [ECF 35 at 15, 35-3 ¶ 13] In fact, courts in this District have specifically found that one of the methods proposed by Plaintiff—service on U.S. counsel—does not offend UAE law. *Hashem v. Shabi*, 2018 WL 33382913, at *6 (D.D.C. Apr. 26, 2018).

Second, CZ, who pled guilty to multiple felony counts,[6] asserts that service of the Complaint which recounts, among other things, the testimony at his felony plea hearing, via a public social media post on X *could* violate the UAE penal code's prohibitions on imputing facts to CZ that could "injure his honour or dignity." [ECF 35 at 15, ECF 35-3 at 18, 22–23 (emphasis added).] However, CZ has posted about the criminal convictions of other individuals despite being a current resident of the UAE.[7] It appears, then, that CZ's (one-sided) concern about the criminal implications of posts is unfounded, as the UAE does not appear to enforce this law. CZ's own expert states only that service via X *might* constitute a violation of this law.[8]

Plaintiff's proposed methods of alternate service do not violate any international agreement (and neither CZ nor BHL have proffered any evidence to the contrary), and therefore, the Court has discretion to authorize either method *even if* they contravene UAE law. *Freedom Watch*, 755 F.3d at 84.

### 3. Service of Process Using X or US Counsel are Available and Appropriate Options

---

[6] *United States of America v. Changpeng Zhao*, 2:23-cr-00179-RAJ [ECF 31] (Nov. 21, 2023).

[7] @cz_binance, https://x.com/cz_binance/status/1892870697728241788?s=46&t=D_mCxvi-OQcrXlO-Loed7A (Feb. 21, 2025 at 3:35 AM) ("Nearly 10 years' jail for woman who committed cheating linked to over $5.7m of mostly crypto funds").

[8] Indeed, a close reading of the affidavit submitted by Ms. Abdel-Nabi reveals that her conclusions are wholly speculative. Time after time, the words "may" and "might" appear, but she is unable to conclusively identify any legal provisions the proposed methods actually violate. To the contrary, Ms. Abdel-Nabi concedes that UAE law does not address service of process of foreign proceedings and "does not expressly prohibit service of process by Twitter/X." ECF 35-3 ¶ 18]

"The Court may allow service pursuant to Rule 4(f)(3) as long as the requested means of service is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Strange v. Islamic Republic of Iran*, 2019 WL 13158028, at *2 (D.D.C. June 4, 2019) (*citing Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Here, both of Plaintiff's proposed means of service meet this standard.

### A.  U.S. Counsel

Plaintiff proposed to serve CZ through his U.S. counsel. Courts in this Circuit have consistently approved alternate service through U.S. counsel. *See, e.g., Freedom Watch v. OPEC*, 766 F.3d 74, 84 (D.C. Cir. 2014); *U.S. ex rel. Barko v. Halliburton Co.*, 952 F.Supp.2d 108, 117 (D.D.C. 2013); *Hashem v. Shabi*, 2018 WL 3382913, at *6 (D.D.C. Apr. 26, 2018). This method "satisfies the constitutional standards of due process because it is 'reasonably calculated, under all circumstances, to apprise [defendant] of the pendency of the action and afford [him] an opportunity to present [his] objections.'" *Saleh v. Al Nahyan*, 2021 WL 7210780, at *5 (D.D.C. July 16, 2021) (quoting *Mullane*, 339 U.S. at 314)). At the time Plaintiff filed this Motion, CZ was represented by Cahill Gordon & Reindel, LLP ("Cahill Gordon"), which also represents BHL in at least two other actions pending in the United States. [ECF 36 at 1 n.1] Subsequently, Cahill Gordon was substituted for Baker Hostetler as CZ's counsel in those actions. *Id.* Baker Hostetler also made an appearance for CZ in *this* action. [ECF 26] Accordingly, CZ has actual notice of this action's pendency and Plaintiff's ongoing attempts to serve him. Plaintiff is willing to serve either firm, Cahill Gordon or Baker Hostetler (or both), but the law remains the same: this is a time-tested and

consistently approved method of serving foreign defendants.[9] CZ, who is doubtless familiar with the U.S. legal system[10] and has accepted service of documents through his attorneys for years throughout his own criminal proceedings, should be no exception.

CZ and BHL's assertion that a foreign defendant cannot be served through current or former U.S. counsel runs contrary to law. CZ argues that foreign-based defendants must be served with process "at a place not within any judicial district of the United States." [ECF 35 at 16] DC courts however, previously addressed this very issue and made clear that this requirement *only* applies to service of *corporations* under Rule 4(h). *Compare* Fed. R. Civ. P. 4(f) ("an individual … *may* be served at a place not within any judicial district of the United States) *with* Fed. R. Civ. P. 4(h)(2) ("a domestic or foreign corporation … *must* be served… at a place not within any judicial district of the United States"). *See also*, *Bazarian*, 168 F. Supp. 3d at 13–14; *Hashem*, 2018 WL 3382913, at *5 (expressly rejecting the argument that foreign defendants must be served outside the United States). The cases CZ relies on are inapposite, as they involve application of Rule 4 to corporations—not individuals like CZ. Service through U.S.-based counsel retained by CZ is therefore an appropriate means of accomplishing service.

### B.  X (Twitter)

Service through "Twitter is reasonably calculated to give notice and is not prohibited by international agreement." *St. Francis Assisi v. Kuwait Fin. House*, 2016 WL 5272002, at *1 (N.D. Cal. Sept. 30, 2016). CZ contends that service via X is not reasonably calculated to give him

---

[9] BHL filed a response to this Motion arguing that service through Cahill would be "extreme relief" because, after Plaintiff filed the Motion, Baker Hostetler was substituted for Cahill. Rule 4(f)(3) grants the District Court wide discretion to allow alternate methods of serving process under Rule 4(f)(3). *Freedom Watch*, 766 F.3d at 81. The only limitation is whether the method at issue is prohibited and service on counsel, even former counsel, is not. *Id.* at 84.
[10] *United States of America v. Changpeng Zhao*, 2:23-cr-00179-RAJ [ECF 31] (Nov. 21, 2023).

reasonable notice because it would be "difficult" to "prove that (i) a specific Twitter account actually belongs to and/or is operated by a specific individual; and (ii) that a specific individual has actually read or received a post, message, or communication directed at a specific Twitter account." [ECFR 25 at 18 (quoting Abdel-Nabi Decl. ¶ 26)] Ms. Abdel-Nabi's speculative commentary about Twitter accounts in general—and not CZ's account specifically—is wholly irrelevant at best and disingenuous at worst. If Plaintiff identified an incorrect account, then CZ easily could have submitted a declaration to this effect or one which states that this account was monitored by someone else. But he didn't, because that wouldn't be true.[11] CZ has a verified profile on X and Plaintiff has further identified specific information demonstrating that the Twitter account at issue is CZ's official Twitter account from which he personally makes and responds to Tweets. [25-1 at 7–8, 17] CZ even made public announcements from this account, including his announcement that he was stepping down from Binance.[12] Tellingly, despite ample opportunity, CZ did not deny that the Twitter account in question belongs to him.

Service via social media is consistent with constitutional standards of due process, because "the due process reasonableness inquiry 'unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance.'" *FTC v. PCCare247, Inc.*, 2013 WEL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (authorizing service via Facebook and email). There is no reason for litigants to be tethered to only historical methods of communication, when social media communication has been pervasive for more than a decade and repeatedly used for service of process. Courts around the country have authorized service via social media pursuant to

---

[11] In any event, Ms. Abdel-Nabi is a dispute resolution lawyer from the UK and not an expert on technology or social media or on CZ's social media use and has *no* qualification or expertise to opine as this issue.

[12] *See*, *e.g.*, @cz_binance https://x.com/cz_binance/status/1727063503125766367 (Nov. 21, 2023, 2:36 PM).

Rule 4(f)(3), with or without other methods being used or attempted. *See id.*; *Carillo v. Sabbadini*, 2025 WL 30446, at *2 (S.D.N.Y. Jan. 27, 2025) (authorizing service via Instagram, US counsel, and email); *DIRECTV, LLC v. WNK Assoc., Inc.*, 2023 WL 2025039, at *2 (E.D. Tex. Feb. 15, 2023) (authorizing service via Facebook and LinkedIn); *Twitch Inter., Inc. v. Fishwoodco GmbH*, 2022 WL 169640, at *3 (N.D. Cal. Nov. 15, 2022) (authorizing service via Twitter and LinkedIn); *Birmingham v. Doe*, 593 F.Supp.3d 1151, 1160 (S.D. Fla. 2022) (authorizing service via email, social media, and publication on the plaintiff's website); *Norambuena v. W. Iowa Tech. Comm. College*, 2021 WL 5106048 (N.D. Iowa Mar. 30, 2021) (authorizing service via email and Facebook despite other measures not being attempted); *WhosHere, Inc. v. Gokhan Orun*, 2014 670817 (E.D. Va. Feb. 20, 2014) (authorizing service by LinkedIn and Facebook). Service on CZ via social media fully comports with due process requirements and should be authorized, either alone or in conjunction with service on CZ's U.S. counsel.

### C.  Service by Mail is Appropriate and Can be Authorized Retroactively

Whether to retroactively authorize an alternate means of service under Rule 4(f)(3) is a matter committed to the discretion of the trial court. *Marks v. Alfa Group*, 615 F. Supp. 2d 375, 379 (E.D. Pa. 2009). Where a defendant has been served by mail and confirms that they have actual notice of the proceedings, service by mail has been retroactively authorized under Rule 4(f)(3). *Id.*; *see also Export-Import Bank of U.S. v. Asia Pulp & Paper Co.*, 2005 WL 1123755, at *4–5 (S.D.N.Y. 2005) (retroactively authorizing service by mail *without receipt*). Plainly, CZ has actual notice of the proceedings against him given that he retained counsel to make an appearance on his behalf to challenge this very Motion. [ECF 26] Retroactive authorization of service by mail therefore is consistent with constitutional standards of due process because CZ in fact *has been* apprised of the

"pendency of the action" and has the "opportunity to present his objections." *Strange v. Islamic Republic of Iran*, 2019 WL 13158028, at *2 (D.D.C. June 4, 2019) (quotations omitted).

### III.    Conclusion

For these reasons, Plaintiff respectfully requests a finding that she has effected service by mail on Defendants Hamas and CZ or, in the alternative, that the Court authorize service pursuant to Fed. R. Civ. P. 4(f)(3) to Defendant Hamas by publication on *Al Jazeera*, the *Associated Press*, or any widely circulating Middle Eastern news source, and service to Defendant CZ through CZ's U.S. counsel and/or via X (formerly known as Twitter).

Dated: <u>March 12, 2025</u>

<u>/s/ Marlene J. Goldenberg</u>
Marlene J. Goldenberg (DC Bar No. 166040)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square
Third Floor
Washington, D.C. 20016
Phone: (202) 978-2228
Fax: (202) 792-7927
<u>mgoldenberg@nighgoldenberg.com</u>

<u>/s/ Amanda Fox Perry</u>
Amanda Fox Perry (DC Bar No. 230024)
**FOX MCKENNA PLLC**
14 Ridge Square
Third Floor
Washington, D.C. 20016
Phone: (202) 852-2000
Fax: (202) 915-0244
<u>amanda@foxmckenna.com</u>

Samantha V. Hoefs (*pro hac vice*)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
60 South 6th Street
Suite 2800
Minneapolis, MN 55402
Phone: (612) 445-0202
Fax: (202) 792-7927
<u>shoefs@nighgoldenberg.com</u>

Elyse McKenna *(pro hac vice forthcoming)*
**FOX MCKENNA PLLC**
14 Ridge Square
Third Floor
Washington, D.C. 20016
Phone: (202) 852-2000
Fax: (202) 915-0244
<u>elyse@foxmckenna.com</u>

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of March, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Marlene J. Goldenberg*
Marlene J. Goldenberg (DC Bar No. 166040)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square
Third Floor
Washington, D.C. 20016
Phone: (202) 978-2228
Fax: (202) 792-7927
mgoldenberg@nighgoldenberg.com