UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LIAT ATZILI, *et al.*,

    *Plaintiffs*,

v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

    *Defendants*.

Civil Action No. 1:24-cv-03365 (CJN)

**ORDER**

    This matter is before the Court on Plaintiffs' Motion to Serve two unrelated Defendants in this case—Changpeng Zhao (the founder of Binance, another Defendant in the case) and Harakat al-Muqawama al-Islamiya (more commonly known as Hamas). ECF 25. Plaintiffs argue that they have effected proper service on both Zhao and Hamas, and alternatively ask the Court to grant them permission under Federal Rule of Civil Procedure 4(f)(3) to serve them via alternative means. For the reasons that follow, the Court concludes that Plaintiffs have thus far failed to meet Rule 4's requirements when attempting to serve either Defendant. The Court also denies Plaintiffs' request to serve Zhao via their proposed alternative means, but does grant their request to serve Hamas via publication in *Al Jazeera*.

    Plaintiffs are victims of the October 7, 2023, attacks in Israel. ECF 47 at 6–8. They sued several Defendants for their alleged role in the attacks, including the Islamic Republic of Iran, Hamas, BAM Management US Holdings Inc., BAM Trading Services Inc., Zhao, and Binance Holdings Ltd. *Id.* at 9–14. Although other proceedings remain ongoing, this Order pertains

1

exclusively to Plaintiffs' attempt to serve Zhao and Hamas under Rule 4(f)'s procedures for serving parties in a foreign country.

Plaintiffs have already attempted to serve both Defendants. As for Zhao, Plaintiffs sent a copy of the summons and complaint through FedEx to his last-known address in Dubai. ECF 25-1 at 6. This package was delivered to the intended address but was signed for by "X.WAQAR," not Zhao. ECF 25-6 at 2. As for Hamas, Plaintiffs mailed a copy of the summons and complaint through the United States Postal Service to an address in Lebanon associated with Hamas. ECF 25-1 at 10. The package cleared customs in Lebanon, but USPS has since reported that it can no longer be located. *Id.*

In light of these efforts, Plaintiffs request that the Court "deem service of the complaint via mail sufficient" for Zhao and Hamas. ECF 25-1 at 13–14. In the alternative, Plaintiffs ask the Court to permit them to serve Zhao by serving his counsel in a separate case and through X (formerly known as Twitter), and to serve Hamas via publication in *Al Jazeera*. *Id.* at 16–19. Zhao has appeared via counsel to dispute that service was proper or should be permitted as requested under Rule 4(f)(3). *See* ECF 26; ECF 35. Hamas has not made any appearance in the case.

"[S]ervice of process in a federal action is covered generally by Rule 4." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Within that framework, Rule 4(f) provides three options for "serving an individual in a foreign country." Fed. R. Civ. P. 4(f). Rule 4(f)(1) allows a party to serve an individual "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *Id.* R. 4(f)(1). Rule 4(f)(2) directs that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," a party may serve an individual "by a method that is reasonably calculated

to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." *Id.* R. 4(f)(2). And Rule 4(f)(3) permits a party to serve an individual "by other means not prohibited by international agreement, as the court orders." *Id.* R. 4(f)(3).

Plaintiffs' existing attempts to serve Zhao and Hamas have not complied with any of the options authorized by Rule 4(f). Rule 4(f)(1) does not apply (as Plaintiffs readily acknowledge) because neither the Hague Convention nor the Foreign Sovereign Immunities Act governs either Defendant. ECF 25-1 at 13–16. And Plaintiffs' efforts to effect service by mail did not comply with Rule 4(f)(2) because the summons and complaint were not delivered to either "personally" and because this method was "prohibited by the foreign country's law." Fed. R. Civ. P. 4(f)(2)(C); ECF 42 at 2–3. The only remaining question, then, is whether the Court should prospectively order service of Zhao and Hamas by alternative means under Rule 4(f)(3).

*Zhao.* The Court declines to permit Plaintiffs to serve Zhao through his counsel and X under Rule 4(f)(3) at this time. Attempted service under Rule 4(f)(1) and Rule 4(f)(2) is not a prerequisite to the Court permitting service under Rule 4(f)(3). *See Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 16 (D.D.C. 2016). Yet, even if not mandatory, prior attempts at service are relevant in deciding whether to exercise the Court's discretion to permit alternative service. *See Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81–84 (D.C. Cir. 2014) (explaining that "the decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound

discretion of the district court" (alteration adopted) (citation and internal quotation marks omitted)).  Thus far, Plaintiffs have merely sent a package through FedEx to an address speculated to be Zhao's and have not further attempted to serve him through other avenues under Rule 4(f)(2)—even after they learned that someone other than Zhao signed for the package.  In light of this relatively minimal effort, the Court will not yet bless less conventional means of service under Rule 4(f)(3).  *Cf. Strange v. Islamic Republic of Iran*, No. 14-cv-435, 2018 WL 11409987, at *3 (D.D.C. Aug. 24, 2018) ("Although the Court agrees with Plaintiffs that there is no strict hierarchy between the methods of service under Rule 4(f), the Court in this case will not exercise its discretion to allow Plaintiffs to resort to tenuous and novel methods of serving the Defendant when they have not first made the modest efforts required to determine whether their previous attempts at service by mail have been effective.").

Plaintiffs have also failed to explain how their proposed alternative means of service would minimize offense to United Arab Emirates law.  To be sure, Rule 4(f)(3) requires that alternative service "not [be] prohibited by *international agreement*," Fed. R. Civ. P. 4(f)(3) (emphasis added), which is a different standard than Rule 4(f)(2)(C)'s requirement that service not be "prohibited by the *foreign country's law*," *id.* R. 4(f)(2)(C) (emphasis added).  But the Advisory Committee Notes to Rule 4(f)(3) explain that "an earnest effort should be made to devise a method of communication that is consistent with due process and *minimizes offense to foreign law*." Fed. R. Civ. P. 4 Notes of Advisory Comm. on Rules—1993 Amends. (emphasis added); *see also Freedom Watch*, 766 F.3d at 84.

Citing a declaration from an expert on UAE law, Zhao argues that alternative service through his counsel and X would be contrary to UAE law.  ECF 35 at 15; *see also* ECF 35-3.  Plaintiffs respond that "UAE law is irrelevant" and dismiss the legal analysis of Zhao's expert as

4

speculative. ECF 42 at 3–5. The Court disagrees. That the Court *could* exercise its discretion to permit the proposed alternative service does not mean that the Court *should* exercise its discretion to do so. *See Freedom Watch*, 766 F.3d at 84 (endorsing the view that "no authority obligat[es] a district court to authorize an alternative method of service under Rule 4(f)(3) when there is no other available method to serve the defendant without its consent"). Plaintiffs fail to meaningfully engage with the laws cited by Zhao's expert suggesting that service in the UAE must be conducted through courts or diplomatic channels and that service via X could violate UAE privacy laws. *See* ECF 35-3 at ¶¶ 10, 13–15, 18, 21–25. Going forward, Plaintiffs may attempt to serve Zhao through other means that comply with Rule 4(f)(2). In the event those efforts also fail, they may return to the Court to argue why alternative service under Rule 4(f)(3) is merited and would minimize offense to UAE law.[1]

*Hamas.* As to Hamas, in contrast, service presents obvious and unique challenges.[2] There is an ongoing war in the area where Hamas is located. More traditional means of service therefore

---

[1] The Court acknowledges that a different court granted a motion to serve Zhao via counsel in a proceeding involving other victims of the October 7 attacks. *See Troell v. Binance Holdings Ltd.*, No. 24-cv-7136, 2025 WL 1415808, at *1 (S.D.N.Y. May 16, 2025). But that ruling is distinguishable for at least two reasons. First, Plaintiffs here have not exercised the same amount of effort in attempting to serve Zhao as the plaintiffs in that case. Those plaintiffs sought (and were granted) an emergency motion to serve Zhao while he was still in custody in the United States, and they hired investigators to try to locate Zhao's whereabouts abroad. *Id.* Second, that court did not appear to consider whether the proposed alternative service minimized offense to foreign law as contemplated by the Advisory Committee Notes to Rule 4(f)(3).

[2] Plaintiffs rely exclusively on Rule 4(f) when making their arguments about serving Hamas. Rule 4(f) outlines how to serve "an individual in a foreign country," Fed. R. Civ. P. 4(f), but Hamas is not an individual. Nevertheless, the Court treats Plaintiffs' reliance on Rule 4(f) as implicitly invoking Rule 4(h), which governs service of "a corporation, partnership, or association" and directs that service of these kinds of entities located outside of the United States may be done "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." *Id.* R. 4(h). Courts have frequently treated Hamas and other terrorist groups as unincorporated associations for purposes of Rule 4. *See, e.g.*, *Sisso v. Islamic Republic of Iran*, 448 F. Supp. 2d 76, 88 (D.D.C. 2006); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.*, 304

present significant danger and uncertainty, as partly demonstrated by Plaintiffs' unsuccessful attempt at service through the mail. And the proper leader or agent to serve on behalf of Hamas is both unknown and could rapidly change given developments in the war affecting its chain of command. *See* ECF 25-1 at 8–9.

Plaintiffs have met their burden to establish that serving Hamas via publication in *Al Jazeera* is "consistent with due process and minimizes offense to foreign law." Fed. R. Civ. P. 4 Notes of Advisory Comm. on Rules—1993 Amends.; *see also Freedom Watch*, 766 F.3d at 84. Dissemination of the summons and amended complaint in a widely circulated publication is more likely to provide the relevant parties within Hamas with notice of this suit than potential alternatives. *See Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005) (concluding that the district court validly authorized service by publication under Rule 4(f)(3) of Osama bin Laden and al Qaeda where "their address is not known, nor is it easily ascertainable" (citation and internal quotation marks omitted)); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950) ("This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning."). And nothing in the record suggests that publication of the summons and amended complaint in *Al Jazeera* would offend the law of any foreign country where Hamas is located. Accordingly, the Court grants Plaintiffs' Motion to Serve as to Hamas.

Plaintiffs' Motion to Serve, ECF 25, is hereby **GRANTED** in part and **DENIED** in part.

It is **ORDERED** that Plaintiffs may not serve Zhao under Rule 4(f)(3) at this time; and it is further

---

F. Supp. 2d 232, 258 (D.R.I. 2004). The Court takes that same approach in this case, so Rule 4(f)(3) governs this inquiry.

**ORDERED** that Plaintiffs may serve Hamas under Rule 4(f)(3) by publishing a link to Plaintiffs' Amended Complaint on *Al Jazeera*'s website for a period of three weeks. The link shall contain a publicly available copy of Plaintiffs' Summons and Amended Complaint, as well as a copy of this Order.

DATE: September 22, 2025

CARL J. NICHOLS
United States District Judge