# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIAT ATZILI, KEITH SIEGEL, ADRIENNE SIEGEL, SHAI SIEGEL, SHIR SIEGEL, ELAN TIV, GAL SIEGEL, LUCY SIEGEL, DAVID SIEGEL, and LEE SIEGEL,<br><br>*Plaintiff*,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>HARAKAT AL-MUQAWAMA AL-ISLAMIYA A/K/A/ HAMAS,<br><br>BINANCE HOLDINGS LIMITED, D/B/A BINANCE.COM,<br><br>BAM MANAGEMENT US HOLDINGS, INC.,<br><br>BAM TRADING SERVICES INC. D/B/A BINANCE.US,<br><br>AND<br><br>CHANGPENG ZHAO,<br><br>*Defendants*. | Civil Action No. 1:24-cv-03365-CJN<br><br>**DECLARATION OF MARLENE J. GOLDENBERG IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR ALTERNATE SERVICE OF PROCESS** |

1. I, Marlene J. Goldenberg, declare and state as follows:

2. I am a partner at Nigh Goldenberg Raso & Vaughn PLLC and counsel for Plaintiff in the above-captioned matter.

3. I submit this Declaration in support of Plaintiffs' Renewed Motion for Alternate Service.

4. I declare under penalty of perjury that the foregoing is true and correct.

1

5. Our office contacted three separate international process servers—Crowe Foreign Services, Process Service Network, and Process Server One—to assess and coordinate service on Defendant Changpeng Zhao (CZ) in Dubai, United Arab Emirates.

   a. Crowe Foreign Service: On November 5, 2025, our office made an inquiry with Crowe Foreign Services regarding service options in the United Arab Emirates. Crowe Foreign Service provided quotes, starting at $6,000 to attempt to serve CZ at his residence (which would ultimately likely result in the papers being left at the front desk of the building due to building security) or an additional $9,000 if the server was to attempt to serve CZ at a public event. Crowne Foreign Service was clear that neither method was likely to be successful.

   b. Process Server One: On October 28, 2025, Process Server One provided my office with a quote for service of process in Dubai, United Arab Emirates. On October 29, 2025, our office requested information about the logistics of service of process including whether the server would make multiple attempts and would do more than simply leave the documents with CZ's concierge. Despite initially responding positively, after our office identified CZ as the person to be served later that day, we did not receive any response. Our office followed up but never received a response.

   c. Process Service Network: On September 24, 2025, our office made an initial inquiry with Process Service Network and received a quote from representative Julie Perez. We began discussing the logistics of service with Ms. Perez, sent the documents to be served, and received an invoice. However, we then learned that Process Service Network would not be able to guarantee service of process either

2

but could only make one attempt consisting of delivery to a concierge at Changpeng Zhao's residence.

d. None of the private process servers we spoke to could guarantee service of process in the UAE. Process Service Network and Crowe Foreign Services both notified us that service of process in the UAE was particularly difficult due to security and local custom.

6. Plaintiffs propose serving Changpeng Zhao by airdropping a nonfungible token (NFT) into his cryptocurrency wallet.

a. Plaintiffs have identified Changpeng Zhao's cryptocurrency wallet.

b. The blockchain will record the transaction publicly, thereby confirming receipt.

c. However, the contents of the NFT itself will not be public but will be accessible only to Changpeng Zhao through his cryptocurrency wallet.

d. The content of the NFT will include the summons and complaint, as well as the amended complaint, and accompanied by a link to Plaintiffs' website, https://www.ngrvcourtnotices.com/, containing the contents of the summons and complaint.

7. Prior to filing our first Motion for Alternate Service of Process, I had researched *Al Jazeera*'s advertising page (https://commercial.aljazeera.net/) and verified that advertising, both in print and digitally, was available and had good cause to believe that our ad would be published if the Court approved our request.

8. Between September 24 through September 26, 2025, our office emailed the following Al Jazeera email addresses to request information about publishing a legal notice.

- advertising@aljazeera.net
- sales@aljazeera.net

3

- press.office@aljazeera.net
- webteam@aljazeera.net

9. After having no luck in getting responses from the email addresses above, we then located *Al Jazeera* employees on LinkedIn. Between September 24 through September 26, 2025, my office reached out to the following *Al Jazeera* personnel on LinkedIn to request information about publishing a legal notice or otherwise information about who to contact:

   - Scott Matik
   - Michael Weaver
   - Faris Abu Naaj
   - Mohamed Hamad
   - Aly Khafagy

10. After speaking with Mr. Matik, we were told that it might be possible to publish the Summons and Complaint, however Mr. Matik was not able to place it with the necessary advertising parameters.

11. My office next received referrals to two additional contacts, to whom we reached out to request information about publishing a legal notice on Al Jazeera's website, but we did not receive responses back, despite several attempts:

    - assafra@aljazeera.net
    - sherifal@aljazeera.net

12. Throughout October, we continued following up with our *Al Jazeera* contacts and began working with ad broker Natalie Laverde of International Advertising for pricing. We worked with Ms. Laverde to transmit the Summons, Amended Complaint, and Court Order to Al Jazeera.

13. On October 21, 2025, Ms. Laverde provided our office with Al Jazeera's response to our final proposed publication: "'We do not allow such type of ad.'"

14. The next day, we contacted Process Service Network regarding digital publication through GlobalLegalNotices.com and received a quote.

15. On November 19, our office spoke with Ms. Perez to finalize the service-by-publication plan for Hamas in Qatar and Gaza.

    a. Specifically, we planned for digital publication to include the notice directed at Hamas on the process server's website as well as the names Hazem Qassem and Khalil al-Hayya tagged as keyword searches to ensure that when either member searched their own name, the Complaint will appear as a result.

    b. We confirmed that Process Service Network would publish the Notice through GlobalLegalNotices.com and paid an invoice on November 21. Ms. Perez confirmed receipt of payment and stated publication would proceed.

16. Attached hereto as **Exhibit A** is a true and correct copy of a post made by Changpeng Zhao on his public X.com (formerly known as Twitter) account referring to Plaintiffs' counsel and this case.

17. Attached hereto as **Exhibit B** is a true and correct copy of an email chain between International Advertising and Nigh Goldenberg Raso & Vaughn PLLC.

18. Attached hereto as **Exhibit C** is a true and correct copy of *From Crypto to Classrooms: CZ's Giggle Academy Pioneers NFT-Powered Education*, CRYPTO DAILY (Mar. 19, 2024), https://www.binance.com/en/square/post/5610795572289.

Dated: February 6, 2026                                         */s/ Marlene J. Goldenberg*
                                                                    Marlene J. Goldenberg