# Appendix B

# Lexis® Middle East

🏛

# Federal Decree-Law No. 42/2022
# On the Promulgation of the Civil Procedure Law
*Civil Procedure Law*

| | |
|---|---|
| *Type* | Law |
| *Issued on* | 3 Oct 2022 (corresponding to 7 Rabi Al-Awwal 1444 H) |
| *Nature* | Decree-Law |
| *Jurisdiction* | United Arab Emirates |
| *Copyright* | SADER |

Document link: https://www.lexismiddleeast.com/law/UnitedArabEmirates/DecreeLaw_42_2022/en



# Table of contents

The Civil Procedure Law ........................................................................................................................................4

    Preliminary Title *(art. 1 - 18)* ..........................................................................................................................4

    Section 1 - Litigation before Courts *(art. 19 - 191)* ......................................................................................8

        Title 1 - Jurisdictions of the Courts *(art. 19 - 43)* ....................................................................................8

        Title 2 - Filing and Registration Lawsuits and Amount in Controversy *(art. 44 - 51)*........................11

        Title 3 - Appearance and Absence of Parties and Representation thereof *(art. 52 - 72)*................14

        Title 5 - Procedures and Order of the Session *(art. 73 - 85)* ..............................................................17

        Title 6 - Defences, Intervention, Joinder and Incidental Pleas *(art. 86 - 102)* ................................19

        Title 7 - Stay, Discontinuance, Extinction, Lapse, and Abandonment of Proceedings *(art. 103 - 115)* ......................................21

        Title 8 - Disqualification, Dismissal and Recusal of Judges *(art. 116 - 125)*....................................23

        Title 9 - Judgment *(art. 126 - 139)* ........................................................................................................25

        Title 10 - Orders on Petitions *(art. 140 - 142)* ......................................................................................27

        Title 11 - Payment Orders *(art. 143 - 150)*............................................................................................28

        Title 12 - Methods of Challenging Judgments *(art. 151 - 191)* ............................................................29

    Section 2 - Various Procedures and Litigations *(art. 192 - 205)* ..............................................................37

        Title 1 - Offer and Acceptance *(art. 192 - 199)* ....................................................................................37

        Title 2 - Challenge of Judges and Members of the Public Prosecution *(art. 200 - 205)*................38

    Section 3 - Execution *(art. 206 - 338)* ..........................................................................................................39

        Title 1 - General Provisions *(art. 206 - 241)* ..........................................................................................39

        Title 2 - Attachments *(art. 242 - 309)* ....................................................................................................45

        Title 3 - Allocation of the Execution Proceeds *(art. 310 - 314)*..........................................................58

        Title 4 - Performance in Kind *(art. 315 - 318)* ........................................................................................58

        Title 5 - The Debtor's Detention and Travel Ban and Other Precautionary Measures *(art. 319 - 327)*........59

        Title 6 - Use of Remote Communication Technology in Civil Procedures *(art. 328 - 338)* ............62

Notes ..................................................................................................................................................................64

https://www.lexismiddleeast.com



*Abrogating*
*Federal Law No. 11/1992*
*Amended by:*
*Federal Decree-Law No. 22/2025 dated 01/10/2025[1 p.64]*

We, Mohammed bin Zayed Al Nahyan, President of the United Arab Emirates State,

Pursuant to the perusal of the Constitution;

Federal Law No. 1/1972 on the Competencies of Ministries and Powers of Ministers, and its amendments;

Federal Law No. 10/1973 on the Federal Supreme Court, and its amendments;

Federal Law No. 6/1978 Concerning the Establishment of Federal Courts and the Transfer of the Jurisdictions of the Local Judicial Authorities in Certain Emirates Thereto, and its amendments;

Federal Law No. 26/1981 on the Commercial Maritime Law, and its amendments;

Federal Law No. 5/1985 Promulgating the UAE Civil Transactions Law, and its amendments;

Federal Law No. 11/1992 Promulgating the Civil Procedure Law, and its amendments;

Federal Law No. 18/1993 on Commercial Transactions, and its amendments;

Federal Law No. 28/2005 concerning Personal Status, and its amendments;

Federal Decree-Law No. 9/2016 on Bankruptcy, and its amendments;

Federal Law No. 13/2016 on Judicial Fees before Federal Courts, and its amendments;

Federal Law No. 17/2016 on the Establishment of Centres of Mediation and Conciliation in Civil and Commercial Disputes, and its amendments,

Federal Law No. 7/2017 on Tax Procedures, and its amendments;

Federal Law No. 6/2018 on Arbitration;

Federal Law No. 10/2019 on the Regulation of Judicial Relationships among the Federal and Local Judicial Authorities;

Federal Decree-Law No. 19/2019 on Insolvency;

Federal Law No. 6/2021 on the Mediation for the Settlement of Civil and Commercial Disputes;

Federal Decree-Law No. 32/2021 on Commercial Companies;

Federal Decree-Law No. 46/2021 on Electronic Transactions and Trust Services;

Federal Decree-Law No. 32/2022 concerning the Federal Judicial Authority;

Federal Decree-Law No. 34/2022 on the Regulation of Advocacy and Legal Consultancy Professions;

Federal Decree-Law No. 35/2022 Promulgating the Law of Evidence in Civil and Commercial Transactions; an

Acting upon the proposal of the Minister of Justice, and

The approval of the Cabinet,

Hereby issued the following Decree-Law:

## Article 1

The Law here-enclosed shall be applied in respect of civil proceedings before the courts of the State.

## Article 2

1. Federal Law No. 11/1992 on the Civil Procedure and its amendments shall be abrogated.
2. Any provision contained in any other legislation that contravenes or contradicts the provisions of the Civil Procedure Law annexed to this Decree-Law shall be abrogated, except for the power of the competent authority in the Emirate which did not transfer its local judiciary to the federal judiciary, to form courts or judicial committees in charge of hearing and adjudicating any lawsuit or legal matter according to its law applicable at the time of issuance of this Law.

## Article 3

1. The courts shall, sua sponte and without any fees, refer any claims they have which have become under the jurisdiction of other courts under the provisions of the Civil Procedure Law, annexed to this Decree-Law, as they are. In the absence of a litigant, the case management office shall notify him of the referral order and summon him to appear on time before the court to which the case is referred.
2. The provisions of the preceding paragraph do not apply to disputes, lawsuits adjudicated or adjourned for sentencing hearing, and appeals filed before the date of entry into force of the Civil Procedure Law annexed to this Decree-Law, and



judgments issued therein shall remain subject to the rules governing the appeal methods applicable at the date of their issuance.

## Article 4

The Chairman of the Federal Judicial Council and the presidents of the local judiciary shall, as the case may be, issue the decisions necessary to implement the provisions of the Civil Procedure Law, annexed to this Decree-Law.

## Article 5

This Decree-Law shall be published in the Official Gazette, and shall come into force as of 2 January 2023.

Issued by Us at the Presidential Palace - Abu Dhabi

On: 07 Rabiʿ Al-Awwal 1444 H.

Corresponding to: 5 October 2022

**Mohammed bin Zayed Al Nahyan**

**President of the United Arab Emirates State**

This Decree-Law was published in the Official Gazette of the United Arab Emirates, Issue No. 737 (annex), dated 10/10/2022, page 157

# The Civil Procedure Law

## Preliminary Title

### Article 1 - General Provisions

1. The provisions of this Law shall apply to cases that have not been adjudicated and proceedings which have not been executed prior to the date of their entry into force, with the exception of:

   a- The provisions amending jurisdictions, when the date of their entry into force is after closing the pleadings in cases brought before the Court of First Instance.

   b- The provisions amending the time-limits, when the time-limit starts to run prior to the date of their entry into force.

   c- The provisions regulating the methods of appeal with regard to judgments issued prior to the date of their entry into force, when such laws are abrogating or are constituting methods of appeal.

2. Any procedure that was duly performed under an applicable law shall remain effective save as otherwise stipulated.

3. The time-limits introduced as regards the inadmissibility to hear the lawsuit, the lapse thereof or any other procedural dates shall start to run as of the date of entry into force of the law which introduced them.

## Article 2

No motion or plea shall be admitted from anyone who does not have an existing and legally recognised interest therein. Potential interest shall be sufficient if the motion is filed as a preemptive measure aimed at averting an imminent injury or at establishing a right when it is feared that evidence of its existence may disappear before the court rules on the dispute.

## Article 3

1. Lawsuits for cancellation of administrative decisions shall not be admitted after the lapse of (60) sixty days from the date of publication of the contested administrative decision or the date on which the concerned party is notified of said decision or the date on which said party is proved to have had certain knowledge thereof.

2. The abovementioned time-limit shall be interrupted when a grievance or objection is submitted to the administrative entity according to the procedures established in the relevant legislation, and such entity shall decide thereon within (60) sixty days from the date of submission thereof. A decision dismissing the grievance shall be reasoned. The lapse of (60) sixty days after filing a grievance without a decision by the competent authorities shall be deemed as a rejection thereof, and the time-limit for filing a lawsuit shall start to run from the date of the explicit or implicit rejection, as the case may be.

## Article 4

1. If the law stipulates an imperative date to undertake a procedure that takes place through notification, the time-limit shall not be considered unless the notification is carried out there within.

2. If the law stipulates that a procedure be effected by way of deposit, such deposit shall be made within the date set out in the law.



## Article 5

1. Arabic shall be the language used in courts, and the court shall hear the statements of the litigants, witnesses or others who have no knowledge of the Arabic language with the help of an interpreter after he/she has taken an oath, in accordance with the law.

2. An exception to any provision contained in any other law, the Chairman of the Federal Judicial Council or the president of the local judiciary, as the case may be, may decide in some circuits specialised to the hearing of disputes relating to specialised matters, in a specific lawsuit, or in some lawsuits, that the language of the trial, procedures, judgments, and decisions therein is English, and that the hearing of litigants, witnesses, or lawyers, and submission of statements, memoranda, motions, and documents in these circuits shall be in English. The court shall hear the statements of the litigants, witnesses, or others who have no knowledge of the English language with the help of an interpreter after taking an oath in accordance with the law, in the cases and in accordance with the terms and conditions upon which the decision is issued.

## Article 6

1. The notice shall be served by the process server or in the manner specified by this Law, upon the request of a party to the dispute or a competent court's order or an order of the case management office.

2. The competent court, the case management office, or the supervising judge, as the case may be, may authorise the plaintiff or his agent to serve the notice by the means provided for in Article (9), Clause (1), of this Law.

3. Notice may be served through one private company or office or more in accordance with the provisions of this Law. The Chairman of the Federal Judicial Council or the president of the local judicial authority, as the case may be, shall issue a special regulation on process serving through private companies and offices in accordance with the provisions hereof. Any person entrusted with the process serving shall be considered a process server.

4. In all cases, the notice may be served at the State level without being bound by the rules of the territorial jurisdiction.

## Article 7

1. No notice may be served and no execution procedure may be undertaken by any of the process server or the executor, before seven o'clock in the morning or after nine o'clock in the evening, or during the official holidays, except in case of necessity and under a written permission from the supervising judge, the chief judge of the competent circuit or the magistrate of summary justice.

2. If the notice is served by any means of modern technology, whether on a physical or a juristic person, the dates stipulated in clause (1) of this article shall not apply, save for recorded calls.

3. As for the government and the public juristic persons, the date of notice serving or commencement of execution shall be set in accordance with their activities and their office hours, with the exception of notifications by means of technology.

## Article 8

1. The notice paper shall contain the following data:

   a- The notice applicant's name, surname, profession or job, domicile, a photocopy of his ID, his mobile number, fax number or email address, or his elected domicile and workplace, as well as the name, surname, profession or job, domicile and workplace of his representative in case he works for others.

   b- The addressee's name, his surname, profession or job and domicile or elected domicile; in case his domicile was unknown at the time when the notice was served, his last domicile and workplace, mobile phone number, fax number and e-mail address, if any, shall be specified.

   c- The name of the process server, his job, the entity he works for and his signature.

   d- The date of the day, month, year and hour when the notice has been served.

   e- The name of the court, the subject-matter of the notice, the number of the case and the session, if any.

   f- The name of the person to whom the notice was delivered, his surname, signature, seal or fingerprint as acknowledgment of receipt or a proof of his abstention from receiving such notice and the reason thereof.

2. In the case of serving the notice by means of technology, the data specified in clauses (a), (b), (d) and (e) of paragraph (1) of this article shall be deemed sufficient.

3. If the official language of the defendant is not Arabic, the plaintiff shall be bound to attach to the notice a certified translation in English, unless there is an earlier agreement between the parties to attach the translation in another language.

4. The provisions of Clause (3) of this Article shall apply to all civil and commercial proceedings, except for labour claims filed by workers and personal status claims.



## Article 9

1. The notice shall be served by one of the following methods:

   a- Audio or video recorded calls, SMS, e-mail or fax, or any other means of modern technology or another means provided for in this Law and agreed upon by the parties.

   b- On his person wherever found, or at his domicile or place of resident or on his agent. If this cannot be achieved for a reason attributed to addressee or he refuses to be receive the notice, this shall be considered a notification to his person. If the process server was unable to find the addressee neither in his domicile nor in his residence, or if the addressee abstains from receiving such notice, the process server shall deliver the copy thereof to any of the persons living with said addressee, including spouses, relatives, in-laws or servants. In the event that any of the above-mentioned persons refuse to receive the notice or are absent, he shall immediately post the notice clearly on the front door of his place of residence or list the same on the court's website.

   c- At his elected domicile.

   d- At his workplace. In case the process server was unable to find the addressee at his workplace, he shall hand over a copy of the notice to the employer or to any manager or employee as he deems appropriate, with the exception of notifications related to personal status cases, which shall be notified to his person at his place of work.

2. The process server shall make sure that the features of person to which the notice is delivered indicate that he has attained the age of eighteen is at least 18 years old and that neither such person nor the person represented thereby has an apparent conflict of interests with the addressee. In the event that the notice is served by means of modern technology as provided for in paragraph (a) of clause (1) of this article, the process server shall, in addition to the foregoing, ensure that such means, regardless of the type thereof, is directed to the addressee. In the case of serving the process by voice or video recorded calls, the process server shall draft minutes wherein he shall record the calls' contents, time, date and recipient. Said minutes shall be valid as evidence and attached to the case file.

3. Should it be impossible to serve the notice on the addressee in accordance with clause (1) of this article, the matter shall be referred to the concerned case management office, the competent judge or the chief judge of the circuit, as the case may be, so as to investigate his domicile from at least one of the concerned parties and then notify him by listing on the court's website or publication in a daily newspaper widely circulated and issued in the State in Arabic, and in another newspaper issued in a foreign language if necessary and where the addressee is a foreigner.

## Article 10

Except as provided for in any other legislation, the notice shall be delivered as follows:

1. With regard to ministries, governmental, federal, local departments and public authorities and institutions of all kinds, the copy shall be delivered to their legal representative.

2. With regard to private juristic persons, private and individual companies, associations and institutions, and foreign companies that have a branch or office in the State, where the notice relates to the branch of the company, Should it be impossible to notify them in accordance with the provisions of clause (1) of Article (9) of this Law, the notice shall be delivered at the head office thereof to their legal representative or whoever acts in his capacity, or any of its partners, as the case may be. In the absence of a legal representative or a person acting in his capacity, the copy of the notice shall be delivered to an employee of their respective offices. Where any of such entities does not have a head office, or it is closed or its manager or any of its employees refuses to receive the notice, the notice shall be served by way of listing on the court's website or posting without need for a leave from the court or publication, as the case may be.

3. With regard to members of the armed forces, the police or the like, the notice shall be delivered to their competent authority - as determined by the two aforementioned parties - which shall notify them thereof.

4. With regard to prisoners and detainees, the notice shall be handed over to the administration of their detention facility which shall notify them thereof and the delivery of the instruments to be served to the prisoner or the detainee himself shall be evidenced.

5. With regard to sailors of commercial vessels and their crews, the copy shall be delivered to the master to notify them. If the vessel has left the port, the copy shall be delivered to the shipping agent.

6. With regard to persons who are abroad and cannot be notified by means of technology or through private companies or offices or as agreed by the parties, the copy shall be delivered to the Ministry of Justice so as to refer it to the Ministry of Foreign Affairs and the latter shall communicate it to them by diplomatic means, unless the notice serving methods in such case are regulated under special agreements.

## Article 11

The process service shall be considered as having produced its effects from the following dates:

1. The date of receipt of a copy thereof in accordance with the provisions of Articles (9) and (10) of this Law, or from the date of refusal of the addressee in person to receive the notice.



2. After the lapse of (21) twenty-one working days, starting from the date of serving the concerned diplomatic mission in the State, with the letter of the Ministry of Foreign Affairs and International Cooperation containing the notification.

3. The date of the fax arrival, the date of sending the e-mail or SMS and from the date of the audio or video recorded call.

4. The date of listing the notice on the court's website on the designated page, and the listing continues for a period of no less than (15) fifteen days, and from the date of completion of posting or publication in accordance with the provisions stipulated in this Title.

### Article 12

1. If the Law sets, as regards appearance or occurrence of the procedure, a date counted by days, months or years, the day on which the notice is served, or the occurrence of matter considered by the Law as giving effect to the time-limit shall not be counted. The time-limit shall expire by the lapse of the last day thereof.

2. If the time-limit is counted in hours, then the hour on which the notice is served or the occurrence of the matter considered by the Law as giving effect to the time-limit shall not be counted. The time-limit shall expire by the lapse of the last hour thereof.

3. In case the time-limit is to expire before the procedure, the procedure shall not take place before the lapse of the last day of the time-limit.

4. In all cases, if the last day of the time-limit falls on an official holiday, said time-limit shall be extended to the following working day.

5. The time-limit counted by month or year shall be counted according to the Gregorian calendar where a month consists of (30) thirty days, and the year is (365) three hundred and sixty-five days,, unless the Law stipulates otherwise.

### Article 13

1. A procedure is deemed null if the Law expressly provides for its nullity or if it contains a substantial defect or deficiency by reason of which the purpose of the procedure has not been achieved.

2. In all cases, notwithstanding this stipulation, nullity shall not be ruled if its established that the purpose of the procedure has been achieved.

### Article 14

Except in cases relating to the public order:

1. Nullity may not be upheld except for those in whose favour it was enacted.

2. Nullity may not be upheld by the party who caused it.

3. Nullity shall cease in case the person in whose favour it was enacted, expressly or implicitly, waives the same.

### Article 15

A null procedure may be validated even after it has been upheld, provided that such validation is effected within the time-limit prescribed for undertaking the procedure by the law. If the law does not specify a time-limit for the procedure, the court shall set an appropriate time for its validation and the procedure shall not be deemed valid except from the date of its validation.

### Article 16

If the procedure is null and fulfils the elements of another procedure, the latter shall be deemed valid as it shall be considered the procedure fulfilling all its elements. If the procedure is null as regards any of its aspects, only such aspects shall be deemed null.

The nullity of the procedure does not enail the invalidity of the previous procedures or procedures subsequent to such procedure unless they are based thereon.

### Article 17

The minutes of the session shall be considered an official document as regards the content thereof, and a clerk shall draw it up and sign it along with the judge electronically or on paper, otherwise the minutes shall be deemed null.

### Article 18

Neither the process servers nor the clerks nor any of the judge's assistants may undertake any work that falls within the scope of their functions in the lawsuits relating to them, their spouses, relatives, or in-laws up to the fourth degree, otherwise such work shall be deemed null and void.



## Section 1 - Litigation before Courts

## Title 1 - Jurisdictions of the Courts

### Chapter 1 - The Court's International Jurisdiction

#### Article 19

With the exception of lawsuits involving real property located abroad, the courts shall be competent to hear lawsuits filed against the nationals as well as actions brought against a foreigner having a domicile or place of residence in the State.

#### Article 20

The courts shall be competent to hear civil and commercial actions brought against a foreigner having no domicile or place of residence in the State in the following cases:

1. If he has an elected domicile in the State.
2. If the action is related to real estates in the State, a national's heritage, or an estate opened therein.
3. If the action relates to an obligation that arose, was performed or was required to be performed in the State, or to a contract required to be authenticated therein, or to an incident that arose therein, or to a bankruptcy declared at one of its courts.
4. If the action is brought by a wife having a domicile in the State against her husband having had a domicile therein.
5. If the action is related to an alimony of one of the parents or the wife or an interdicted person or a minor, or his next of kin, or guardianship of a person or property, in case that the claimer of the alimony, the wife, the minor, or the interdicted person has a residence in the State.
6. If the action is related to any matter of personal status and the plaintiff is a national or a foreigner having domicile in the State, where the defendant has no known foreign domicile, or if national law is applicable to the lawsuit.
7. If one of the defendants has a domicile or residence in the State.

#### Article 21

The courts shall be competent to adjudicate any initial matter and any plea incidental to the original action fallinf under their jurisdiction, and shall have competence to adjudicate any claim related to such action, where the proper administration of justice requires that such claim be heard as part of such action. The courts shall have jurisdiction over summary and provisional measures enforced in the State, even if such courts have no jurisdiction over the original case.

#### Article 22

If the defendant fails to appear before the court and the court is not competent to hear the action pursuant to the preceding articles, the court shall declare its lack of jurisdiction sua sponte.

#### Article 23

Any agreement which contradicts the articles of this Chapter shall be considered null.

### Chapter 2 - The Courts' Subject-Matter Jurisdiction

#### Article 24

1. The Courts of First Instance shall be competent to hear all claims, disputes, and lawsuits of first instance, except for those excluded by them under a special text.
2. The Abu Dhabi Federal Court of First Instance is exclusively competent to hear all disputes to which ministries and federal entities are parties.

#### Article 25

With the exception of the provisions of the preceding article, each Emirate may form committees that have the sole competence to hear lawsuits relating to leases between the lesser and the lessee and the authority to organise the procedures for executing the decisions of such committees.



## Article 26

The Courts of Appeal shall have jurisdiction to adjudicate appeals lodged before them against the judgments delivered by the courts of first instance in the manner stipulated in the law.

## Article 27

1. There shall be assigned, at the seat of the Court of First Instance, one of its judges to rule temporarily, and with no prejudice to the original right, on summary cases which it is feared will be affected by the passage of time.

2. The trial court shall be competent to hear such issues if they were filed consequently thereto.

## Article 28

The Summary Justice shall be competent to rule the imposition of a receivership on movables, real estate, or a set of assets in respect of which a dispute has arisen or where the right thereto is not established, in case the interested party has plausible reasons that an imminent danger is feared if the property remains in the hands of its possessor.

## Article 29

1. Minor circuits formed by a single judge shall be competent to issue first instance judgments in the following matters:

    a- All lawsuits of first instance regardless of their value.

    b- Judgments issued by the circuit of first instance are final if the value of the case does not exceed (50,000) fifty thousand dirhams.

2. With the exception of administrative cases, summary cases, and payment orders, it is permissible, by a decision of the Chairman of the Federal Judicial Council or the president of the local judicial authority - as the case may be - to allocate one or more circuits to adjudicate the cases brought before it during one session in which the decision is issued, or a session is scheduled therefor to issue it, in any of the following lawsuits:

    a- Lawsuits whose value does not exceed (1,000,000) million dirhams.

    b- Lawsuits of validity of signature regardless of their value.

3. The case management office shall prepare the lawsuit and determine the first session for the circuit referred to in Clause (2) of this article within (15) fifteen days from the date of registering the statement of claim, and this time-limit may be extended for one similar period only by a decision of the supervising judge, and in the case of assigning the expert, the first session shall be determined within (3) three working days from the date of receiving the expert report. Otherwise, all the rules, provisions, and procedures stipulated in this Law shall apply to the preparation of the lawsuit before these circuits.

4. The supervising judge, with regard to the circuits referred to in Clause (2) of this Article, has the competences stipulated in Articles (45) and (74) of this Law.

## Article 30

1. It shall permissible, by a decision of the Chairman of the Federal Judicial Council or the president of the local judicial authority - each according to his competencies - to refer some lawsuits to one or more circuits of the Courts of First Instance or Appeal, as the case may be, and the supervising judge shall be assisted in the stage of preparing the case by one or more local or international experts to review or prepare expertise reports that are presented to these circuits. The competent court may discuss experts as regards the reports they prepared or reviewed, and it may order the completion of shortcomings in their work and the correction of any errors it finds therein.

2. Judgments shall be rendered by the circuits referred to in Clause (1) of this Article, with the same procedures and controls stipulated in this Law.

## Article 31

1. The Chairman of the Federal Judicial Council or the president of the local judicial authority - each within his own competencies - shall issue the regulatory decisions concerning the following:

    a- Controls for the referral of proceedings before the circuits mentioned under Article (30) of this Law, including the type or nature of those cases.

    b- Controls for the selection of the specialised experts, their appointment, the determination of their remunerations or salaries and their assignment to the circuits formed pursuant to Article (30) of this Law.

    c- Controls related to the work of experts, the prohibitions they shall avoid, and the regulation of their relationship with judges and litigants.

2. The experts referred to in Article (30) of this Law shall be subject to the provisions stipulated in the legislation regulating the profession of experts before the judicial authorities.



## Article 32

| *Article 32 was replaced by virtue of Article 1 of Federal Decree-Law No. 22/2025 dated 01/10/2025, to read as follows:*

1. By way of exception to the provisions of Chapters 2 and 4 of Part 12 of Book 1 of this Law, and the provisions of the Mediation and Conciliation Law, the Chairman of the Federal Judicial Council or the President of the local judicial authority, as the case may be, may issue a decision establishing one or more circuits, to be formed by way of secondment or appointment in accordance with the legislation governing each authority.

2. The circuit referred to in Paragraph (1) of this Article shall have jurisdiction to adjudicate inheritance cases and all disputes relating to the inventory list, liquidation of the estate, division of its assets, and their distribution among the heirs, as well as any civil, real estate, or commercial claim arising from or connected with the estate, relating to its ownership, liquidation, or any of its affairs between the heirs and third parties. This shall also include disputes arising between heirs and guardians or persons in a similar capacity, as well as any incidental applications relating to the inclusion or exclusion of an heir, wills, endowments, or settlement among heirs in respect of gifts, where such matters arise from the estate or are inseparably connected thereto.

3. The circuit may seek the assistance of the Case Management Office and the Preparation Judge provided for under this Law.

4. The circuit may seek the assistance of one or more local or international experts to review or prepare expert reports submitted thereto. It may discuss such reports with the experts who prepared or reviewed them, and may order the completion of any deficiencies in their work or the rectification of any errors identified therein.

5. Judgments issued by the circuit referred to in Clause (1) of this Article shall not be subject to appeal except by way of a petition for reconsideration. Such judgments may also be subject to reconsideration in accordance with the cases, controls, and procedures prescribed under this Law.

6. The Chairman of the Federal Judicial Council or the Head of the local judicial authority, as the case may be, may, based on a request or an agreement of the parties to a civil or commercial action, issue a decision establishing a circuit to hear such action in accordance with the provisions of Clause (1) of this Article. The provisions set forth in Cla

## Chapter 3 - The Courts' Local Jurisdiction

### Article 33

1. Jurisdiction lies with the court in whose circuit the domicile of the defendant is located save as otherwise provided in the law. In case he has no domicile in the State, jurisdiction shall lie with the court in whose circuit his residence or his workplace is located.

2. It is permissible to institute proceedings at the court in whose circuit the prejudice has taken place, and that is to be in case of the actions of indemnity for the occurrence of damage on a person or a property.

3. Jurisdiction in commercial matters lies with the court in whose circuit the defendant's domicile is located, or the court in whose circuit the agreement was concluded or executed in whole or in part, or the court in whose circuit the agreement is to be executed.

4. If there are more than one defendant, the jurisdiction shall lie with the court in whose circuit the domicile of one of them exists.

5. In cases other than those stipulated in Article (34) and Articles (36) to (41) of this Law, the parties may agree to confer jurisdiction on a specific court, in which case jurisdiction shall lie with such court.

## Article 34

1. In real estate actions and possessory actions, jurisdiction shall lie with the court in whose circuit the real property is located, or one of the parts thereof, if these parts are located in more than one court's circuit.

2. If the action relates to a real right over real property, jurisdiction shall lie with the court in whose circuit the property or the domicile of the defendant is located.

## Article 35

Actions relating to existing companies or associations or those under liquidation, or to private institutions, the jurisdiction shall lie with the court in whose circuit its head office is located, and it is permissible to file a lawsuit before the court within the circuit of which the branch of the company, association, or institution is located with respect to matters that relate to such branch.



### Article 36

Actions related to estates and filed before division by the creditor of the estate or by some of the heirs against others fall under the jurisdiction of the court within the circuit of which his permanent residence is located or the circuit of the court in which most of the estate's tangible assets are located in the State.

### Article 37

1. If the action relates to bankruptcy, jurisdiction shall lie with the court within the circuit of which the bankrupt business concern is located, and in case of several branches, jurisdiction shall lie with the court in whose circuit the principal seat of management is located.

2. If the trader retires from the trade, the action shall be brought before the court in whose circuit the domicile of the defendant is located.

3. Actions arising out of bankruptcy shall be instituted before the court which declared the bankruptcy.

### Article 38

Jurisdiction in disputes relating to supplies, contracting works, rent of houses, wages of employees and manufacturers and wage earners shall lie with the court in whose circuit the domicile of the defendant is located or the court within the circuit of which the agreement has been concluded or executed.

### Article 39

In disputes related to the claim of the insurance value, jurisdiction shall lie with the court within the circuit of which the domicile of the beneficiary or the location of the insured property is located.

### Article 40

1. Actions which include a request for a temporary or summary measure shall fall under the jurisdiction of the competent Court of First Instance in whose circuit the domicile of the defendant is located or the court within the circuit of which the measure is requested to take place.

2. In summary disputes relating to the execution of decisions and legal instruments, jurisdiction shall lie with the court in whose circuit the execution will take place.

### Article 41

The court hearing the original lawsuit, shall have jurisdiction over incidental pleas provided that the defendant in a surety claim may uphold the lack of jurisdiction of the court if proven that the original lawsuit is filed with the intent of bringing him forth before a court other than the competent court.

### Article 42

Where the defendant does not have a domicile or place of residence in the State and it is impossible to designate the competent court pursuant to the foregoing provisions, jurisdiction shall lie with the court within the circuit of which the plaintiff's domicile or place of residence is located. If the plaintiff has no domicile or place of residence in the State, jurisdiction shall lie with the court of its capital.

### Article 43

In the obligations in which there had been an agreement on an elected domicile for its execution, jurisdiction shall lie with the court in whose circuit the domicile of the defendant is located or within which he elected a domicile for the execution.

## Title 2 - Filing and Registration Lawsuits and Amount in Controversy

### Chapter 1 - Filing and Registration of Lawsuits

### Article 44

1. The lawsuit shall be filed before the court, upon the plaintiffs' request, by submitting his statement of claim to the case management office electronically or in writing as applicable in the court.

2. The statement of claim shall contain the following data:

   a- The plaintiff's name, surname, ID number or photocopy thereof, or any similar documents issued by government entities confirming his identity, profession, occupation, domicile, workplace, phone number, fax number or e-mail - the plaintiff has no domicile in the State, a domicile shall be elected therefor - as well as the



name of his representative, his surname, ID number, occupation, job, domicile, workplace, fax number or e-mail address.

b- The defendant's name, surname, ID number (if any), profession or job, domicile or elected domicile, residence, workplace, phone number, e-mail address, fax number - if the defendant has no domicile in the State, a domicile shall be elected therefor - as well as his representative's name, surname, profession or job, domicile and workplace, if he works for others. However, in case neither the defendant nor his representative has a known domicile or workplace, the last domicile, residence or workplace and fax number or e-mail address thereof shall be mentioned.

c- The court before which the lawsuit is filed.

d- The date of filing the statement of claim with the case management office.

e- The subject-matter of the lawsuit, the demands and grounds thereof.

f- Signature of the plaintiff or his representative, after verifying the identity of each of them.

## Article 45

1. An office called the "Case Management Office" shall be established at the seat of the competent court.

2. The case management office shall be formed of a president and a sufficient number of the Court's employees including those working in the legal field and others, under the supervision of the president of the competent court, or a judge or more t.

3. The case management office shall be responsible for the preparation and management of the case before the trial phase, including its registration, announcement, exchange of memoranda and documents and expertise reports between the parties to the dispute.

4. The supervising judge may issue a decision not to accept the lawsuit for failure to pay the fees thereof or the difference in fees or expenses resulting in delaying adjudication of the case, and he has the right to prove abandonment or waiver. Previous decisions are subject to the usual methods of appeal according to general rules. He may decide to assign an expert, refer the case to investigation, hear witnesses and interrogate the parties to the dispute. He may also impose the procedural sanctions stipulated in the Law and shall have the right to meet with the parties to the lawsuit before him, propose conciliation thereto and try to reconcile them. For this purpose, he may summon them to appear before him in person. If a conciliation is reached, he shall issue a decision wherein this conciliation and the content of the agreement of the parties shall be recorded. Such decision shall have the power of a writ of execution.

5. If the litigation is discontinued ipso jure by the death of one of the parties to the dispute or by the loss of their standing to sue or by the loss of legal status of the attorney who was pursuing the proceedings before the referral of the case, or where the joinder of a party against whom the lawsuit was not filed is requested, the case management office shall refer the case to the supervising judge to decide on the correction of the form of the lawsuit in such cases.

6. If the action brought before the case management office contains a plea raised by a party to the dispute and that may result in interrupting the case or a summary request, or if it was an appeal lodged against a judgment of inadmissibility or lack of jurisdiction, or an appeal filed after the time-limit prescribed by the law, the case management office shall refer the case, after completion of the process service, by a decision issued thereby to the competent court held at the Council Chamber to adjudicate what has been presented thereto. The court may set a session to hear the case if necessary. In all cases, the trial court may not remand the case to the supervising judge or the case management office, after it has been decided that it has the jurisdiction to hear the case.

7. If the lawsuit brought before the case management office includes a summary claim, the case management office shall urgently present it to the supervising judge for adjudication of the summary claim within a time-limit not exceeding (3) three working days and grievance may be filed against the decision in accordance with the provisions of this Law.

8. The right to raise defences not relating to public order set out in Article (86) of the Law shall be forfeited if the litigant present fails to bring said defences before the case management office.

9. If a claim fulfilling the conditions for the issuance of the payment order provided for in Articles (143) and (144) of this Law, is submitted to the case management office, the latter shall immediately present it to the supervising judge for referral thereof to the competent judge who issued the payment order for adjudication within the period specified in Clause (4) of Article (144) hereof.

## Article 46

1. The time-limit for appearing before the case management office or the competent court is (10) ten working days. In case of necessity, this time-limit may be reduced to (3) three working days.

2. The time-limit for appearing in summary cases is (24) twenty-four hours. In case of necessity, this time-limit may be reduced provided that it is not less than an hour, and provided that the notice is served on the litigant himself, unless the case is a maritime lawsuit.

3. The reduction of the time-limits referred to in Clauses (1) and (2) of this Article shall take place by leave of the competent judge or the supervising judge - as the case may be - and a copy thereof shall be notified to the litigant with the statement of claim.



4. Non-compliance with the attendance time-limits does not entail nullity, without prejudice to the right of the person served to postponement for completion of the time-limit.

## Article 47

1. After collecting the fees, the case management office shall enter the lawsuit in the relevant register - electronically or on paper - provided that the registration date and the plaintiff's knowledge of the session are written down in said register. In that case, the lawsuit is considered registered and effective from the date of submission of the statement of claim, provided that the fee be paid within a period not exceeding (3) three working days from the date of the day following the payment notice, otherwise the registration shall be considered as void ab initio.

2. The Chairman of the Federal Judicial Council or the president of the local judicial authority - as the case may be - may issue the guideline for the regulation of registering lawsuits, claims, grievances and appeals in accordance with the financial, administrative and technical rules in force in each authority and in a manner that facilitates the registration procedures and processes.

## Article 48

1. In cases other than the use of remote communication technology or electronic registration, the plaintiff, when registering his statement of claim, shall deposit copies thereof equal to the number of defendants, and a copy to the case management office that shall be kept electronically or in a special file, and he shall deposit with the statement of claim, copies of all documents supporting his claim, as well as any expertise reports prepared by registered experts, if any.

2. The defendant shall submit, electronically or on paper, a memorandum of his defence and copies of his documents signed by him within (10) ten working days from the date of his notification of the lawsuit.

3. In the event of a dispute over the validity of copies of documents, the court, the case management office, or the supervising judge, as the case may be, shall set the nearest session to present their originals, and the denial of the documents submitted by the litigant merely because they are copies shall not be regarded, unless the one who denies them upholds their nullity or that they are not issued by whomever they are attributed to. If the validity of the contested documents or their issuance by the person to whom they are attributed is proven, and the denial of their validity is unjustified, and the same results in delaying the lawsuit procedures or incurring additional expenses by the litigant who submitted the documents without justification, each of the supervising judge or the competent judge, as the case may be, may decide to impose upon whoever denies those documents or claims that they are not valid, a fine of no less than (1,000) one thousand dirhams and not exceeding (10,000) ten thousand dirhams. This does not preclude addressing the authority charged with regulating the legal profession in this regard, if the court finds justification therefor.

4. Subject to the text of Article (5) of this Law, the translated documents shall be certified in accordance with the law if they are drawn up in a foreign language.

## Article 49

1. In cases other than the use of means of technology and remote communication, the case management office, on the day following the registration of the statement of claim, shall deliver a copy thereof along with the accompanying copies, papers and documents to the authority entrusted with their notification, in order to serve the notice on the form prepared for this purpose and keep the same. If the file is electronic, the judicial authority shall enable the litigants to have access thereto in the system or send it to him electronically or by any other means of technology.

2. The notice of the statement of claim shall be served within (10) ten days at most from the date of its delivery to the process server. If a session, falling within such date, is set for heating the case, the notice shall be served before the session.

3. Non-compliance with the time-limit prescribed in Clauses (1) and (2) of this Article does not entail nullity.

## Chapter 2 - Amount in Controversy

## Article 50

1. The value of the lawsuit shall be assessed on the day of its filing. In all cases, the assessment shall be based on the litigants' latest demands. The value of the lawsuit shall include any interests, indemnities, revenues, expenses and other appurtenances of which value is estimated, due on the day of its filing. However, in all cases, the building and plants' value shall be taking into account, in case their removal is required.

2. In all cases, the assessment of the value of the lawsuit does not include the request for assignment of expertise and all other requests for proof if they are submitted with other claims pertaining to the subject-matter.



## Article 51

1. If the value is not mentioned in cash, and assessment thereof is possible, the court shall estimate it.

2. If the amount claimed is an amount of money in a currency other than that of the State, the lawsuit's value shall be assessed at the equivalent of such amount in the State's currency.

3. Value of lawsuits relating to the ownership of real estates shall be assessed on the basis of the real estate's value. If the value of the real estate or the vacant land is not assessed, the value thereof at the time of filing the lawsuit shall be deemed in excess of the jurisdictional amount prescribed for an appeal in cassation.

4. If the lawsuit relates to a request for a contract's validity, nullification, or rescission, its value shall be assessed on the basis of the value of the subject-matter of the contract. As for the contracts of exchange, the action shall be estimated on the basis of the higher value of exchanged parts.

5. If the lawsuit relates to a request for a continuous contract's validity, nullification or rescission, its value shall be estimated on the basis of the total of the monetary consideration for the contract's entire period. If the said contract has been implemented in part, the lawsuit for its rescission shall be estimated on the basis of the remaining period.

6. Lawsuits relating to dissolving the company and appointing a liquidator therefor shall be assessed oon the basis of the value of the company's capital fixed in its Memorandum of Association.

7. The value of actions brought for evacuating the rented property shall be assessed at the value of the annual rent.

8. If the lawsuit is filed between a creditor and debtor concerning the seizure - or an auxiliary real right, the value thereof shall be assessed on the basis the debt's value or the value of the property seized or the real right, whichever is less. As for the action brought by third parties for the recovery of such fund, it shall be assessed on the basis of the value of said fund.

9. If the lawsuit includes claims based on a single legal ground, assessment thereof shall be made on the basis of the aggregate value of such claims. If the claims arise from several legal grounds, assessment thereof shall be made on the basis of their respective value separately,

10. Subject to Clause (1) of this Article, and with the exception of the commercial documents that the court instructs any of the litigants to submit or extract, the value of the request for issuing, retrieving or returning documents or certificates shall be estimated at (5,000) five thousand dirhams.

11. If the lawsuit is for a claim for compensation whose value has not been determined, the value of the claim shall be deemed in excess of the jurisdictional amount prescribed for an appeal in cassation.

12. If the lawsuit relates to a claim that is not amenable to assessment pursuant to the foregoing rules, its value shall be deemed as equal to the jurisdictional amount prescribed for an appeal in cassation.

## Title 3 - Appearance and Absence of Parties and Representation thereof

## Chapter 1 - Appearance and Absence of Parties

### Article 52

1. Without prejudice to the Legal Profession Law, on the day scheduled to hear the case before the case management office or the court, as the case may be, the parties to the lawsuit shall appear by themselves or by an attorney on their behalf, whether a lawyer, a relative, in-laws to the fourth degree, or an attorney from their employees in the event that the party is a private juristic person, provided that the proxy - in the latter case - is issued by his legal representative, indicating his job capacity, and endorsed by the notary public in each dispute.

2. For the issuance of a special power of attorney in the case referred to in the last case of Clause (1) of this Article, the attorney shall meet the following conditions:

   a- He shall be a national with full legal capacity and have a university degree in law.

   b- Any other conditions specified by the law regulating the legal profession.

3. The presence of the authorised representative in the attorney's office by proxy is accepted only before the case management office in the cases in which the attorney is appointed.

### Article 53

1. If neither the plaintiff nor the defendant appears, the court shall decide on the lawsuit if suitable for adjudication, or otherwise it would issue a judgment of nonsuit. If (30) thirty days elapse and none of the litigants' requests to proceed with the lawsuit or none of them attends thereafter, it shall be considered as void ab initio. The case management office shall refer the lawsuit after the lapse of the period referred to in this paragraph to the competent judge to issue a decision to this effect.



2. The court shall issue a judgment of nonsuit if the plaintiff fails to attend any session and the defendant appears unless the latter requests the court to issue its judgment in the case.

3. If the lawsuit is filed before the case management office, it shall be deemed nonsuited and void ab initio, by a decision issued by the supervising judge immediately after the passage of the period referred to in Clause (1) of this Article.

### Article 54

1. The litigation shall be considered in presence against the defendant if he appears in person or by an attorney on his behalf or submits a power of attorney on his behalf before the case management office or in any of the trial sessions or appears before the expert or the two arbitrators or deposits a memorandum of his defence, even if he fails to appear thereafter.

2. Subject to the provisions of Article (76) hereof, the plaintiff may not raise during a session at which the defendant fails to appear, new demands nor may he modify his initial claims, unless the modification thereof is in favour of the defendant and does not prejudice any of his rights.

3. Likewise the defendant may not demand a ruling on any claim in the absence of the plaintiff

### Article 55

Subject to the provision of Clause (1) of Article (56) hereof, if the summoned defendant fails to appear, the court shall adjudicate the case and its ruling shall be deemed in absence default towards those who failed to attend.

### Article 56

1. If the court or the case management office finds, in the absence of the defendant, that he was not duly notified of the statement of claim, it shall adjourn the hearing of the case to a following session so as to duly notify him thereof.

2. If the court finds, in the absence of the plaintiff, that the latter was not duly notified of the session, it shall adjourn the hearing of the case to a following session of which he shall be duly notified.

### Article 57

1. The party notified of the lawsuit shall follow up any postponements, session dates and procedures related thereto, and the court decisions issued by the supervising judge and the case management office, as the case may be, after the commencement of the litigation shall be deemed effective without the need for any notice, except for tendering the decisive oath or claim of forgery.

2. If the date set for the session or the issuance of the judgment falls on a holiday for any reason whatsoever, the session shall be considered adjourned to the same day of the following week, without the need for any notice.

## Chapter 2 - Representation of the Parties

### Article 58

1. The court shall accept from the parties whoever they appoint as attorney according to the law.

2. The attorney shall establish his appointment as proxy for his principal by an official document.

3. The power of attorney may be done through a declaration recorded in the minutes of the session.

### Article 59

1. Where a power of attorney is issued by one of the parties to the dispute, the domicile of the attorney shall be considered for notification purposes of all papers required for proceeding with the case at the degree of litigation to which he is appointed as attorney. The party who has no attorney in the country where the court's venue is located, has to elect a domicile therein.

2. The attorney's resignation or dismissal shall not prevent the progress of the procedures in his presence unless the other party is notified of the replacement or of the decision of the principal to proceed with the case by himself.

3. The attorney may not withdraw from the power of attorney at an inappropriate time and without permission from the court.

### Article 60

The power of attorney for litigation shall authorise the proxy to take the actions and measures required to file, manage and follow up the lawsuit, plead therein, and take provisional measures until a judgement on the merits of the lawsuit is rendered,



in the degree of prosecution to which he was entrusted, and notified, and until fees and expenses are paid, without prejudice to any special authorisation required by law.

### Article 61

1. All decisions taken by the attorney at the session, in the presence of his principal, shall be considered as made by the principal himself, unless such decisions were denied by the principal upon hearing of the lawsuit at the same session.

2. Without a special authorisation, the attorney may not acknowledge or waive the claimed right, make conciliation or arbitration therein, accept, tender or tender back oaths, or abandon litigation, totally or partially waive the judgement, lift liens, relinquish securities while debts remain outstanding, claim forgery, dismiss or accept a judge, expert or *de facto* submissions, nor may he undertake any other conduct which requires a special authorisation by law.

### Article 62

No judge, public prosecutor, member of the prosecution or any of the courts' employees may act as a representative of litigants, in attendance or prosecution, whether verbally or in writing, even if the lawsuit is file before a court other than that to which he affiliates, subject to nullity. However, they are allowed to act as such regarding the persons whom they legally represent, their spouses, ascendants and their descendants up to the second degree.

## Title 4 - Intervention of the Public Prosecution

### Article 63

The public prosecution may institute the action in the circumstances provided for in the law, and it shall have in such cases the same rights vested in the parties to the litigation.

### Article 64

With the exception of summary cases, the public prosecution shall intervene in the following cases, otherwise the judgment shall be deemed null:

1. Lawsuits which it may file by itself.

2. Appeals and claims filed before the Supreme Federal Court, with the exception of the appeals in cassation in civil, commercial, and administrative matters.

3. Lawsuits relating to the incapacitated, those lacking capacity, the absentees and the missing persons.

4. Lawsuits relating to the charitable endowments, donations, wills devoted to benefaction.

5. Lawsuits for the recusals of judge and members of the prosecution.

6. Any other case in which the law stipulates the necessity of the public prosecution's intervention.

### Article 65

Except for summary cases, the public prosecution may intervene in the following cases:

1. Absence of jurisdiction for lack of the judicial body's competence.

2. Preventive composition

3. Lawsuits in which it deems to intervene because they are related to the public order and morals.

4. Any other case in which the law stipulates admissibility of intervention.

### Article 66

The court may, at any of stage of the proceedings, order to forward the case file to the public prosecution if a matter relating to the public order or morals has been presented therein, and the intervention of the public prosecution in such case shall be mandatory.

### Article 67

1. The public prosecution shall be considered represented in the lawsuit when it submits a pleading with its opinion therein and it shall not be bound to attend unless the law stipulates that.

2. In all cases, the public prosecution shall not be bound to attend the sentencing hearing.



### Article 68

In all cases in which the law provides for the intervention of the public prosecution, the case management office at the court shall notify the public prosecution within a maximum of (3) three working days from the date of registering the case. If, during the hearing of the lawsuit, an issue arises in which the public prosecution intervenes, its notification shall be based on an order from the court.

### Article 69

The public prosecution shall accord, on the basis of a request submitted thereto, a period of (7) seven days, at least, for submitting a memorandum of its opinion, and such period shall commence from the day on which the case file has been sent thereto.

### Article 70

The intervention of the public prosecution is made at any stage of the proceedings before closing the pleading therein.

### Article 71

In all the lawsuits in which the public prosecution is a joined party, the litigants, after the prosecution has given its opinion, may not request to speak nor file further pleadings, however, they shall be allowed to submit to the court a written statement in order to amend the facts stated by the prosecution, nevertheless, the court, in the exceptional circumstances in which it shall decide to accept further documents and complimentary briefs, may permit their submission and rehearing the pleading, and the prosecution shall be the last to speak.

### Article 72

The public prosecution may file an appeal against the judgment in the cases in which the law binds or allows it to intervene, should the judgment contradict one of the rules of the public order or if the law stipulates so.

## Title 5 - Procedures and Order of the Session

### Chapter 1 - Procedures of the Session

### Article 73

The pleading shall be proceeded at the first session, and if the plaintiff or the defendant submits at such session a document which he could have submitted in the date specified in clause (2) of Article (48) hereof, the court shall accept it if this does not result in adjourning the hearing of the lawsuit. If accepting the documents results in the adjourning hearing of the lawsuit, the court may, sua sponte or at the request of the litigants, rule to impose upon the person who caused the postponement a fine of not less than (2000) two thousand dirhams and not more than (5000) five thousand dirhams. However, each of the plaintiff or the defendant may submit documents to reply to the opponent's defence and incidental pleas.

### Article 74

1. The court or the supervising judge shall impose upon the court's employees or the litigants who fail to submit the relevant documents or to carry out any of the lawsuit's procedures on the date set by said court or by the case management office, a fine of no less than (1,000) one thousand dirhams and no more than exceeding (10,000) ten thousand dirhams, by virtue of a decision to be registered in the session's minutes. Said decision shall have the same executory force of the judgments and may not be challenged by any means whatsoever.

2. The court or the supervising judge, as the case may be, may exempt the losing party from all or part of the fine if he produces an acceptable excuse.

3. If any litigant refuses, after being fined, to deposit the document or take the procedure required in the case, the supervising judge may refer the lawsuit to the competent court to adjudicate it as is, or to consider it a nonsuit, as the case may be.

4. If any of the litigants, after being fined, refuses to produce the document or to take the required procedure, the court may adjudicate the case as is.

### Article 75

The fine decision issued in accordance with the provisions of Articles (73) and (74) hereof may be enforced by the court or the supervising judge, as the case may be, after notification of the losing party thereof, if he is not present at the session. If this is not possible, enforcement shall be carried out in accordance with the compulsory enforcement procedures provided for in this Law.



## Article 76

1. The court may garnt leave to the litigants, during the hearing of the case, to submit further documents, defences or methods of proof, or to modify their demands or submit incidental pleas which they were not able previously to file before the case management office, under penalty of inadmissibility to be pronounced should the court finds that said documents could have been produced to the case management office. The memoranda of litigants shall be notified by depositing them with the case management office or by exchanging them, provided that the concerned litigant annotates the original copy to this effect, or by electronic means.

2. The court may inquire the litigants about any shortage in the lawsuit or documents thereof.

3. The court may, upon suspending the proceedings for adjudication, grant leave to the litigants to exchange closing arguments on the dates specified thereby in accordance with the controls provided for in Article (128) hereof.

## Article 77

The court may propose conciliation to the litigants and may order for this purpose their presence in person. The conciliation shall be recorded and enforced in accordance with the procedures, rules and effects provided for in Article (81) hereof.

## Article 78

1. The court may not adjourn the hearing of the lawsuit more than once for a single reason attributed to one of the parties, except for an emergency reason after the referral, such as the death of one of the parties, loss of his capacity, intervention in the lawsuit by others, claim of forgery, submission of evidence of the existence of a criminal lawsuit related to the same subject-matter, or a request by one of the parties to produce proof of conciliation, provided that the postponement period does not exceed two weeks.

2. The court may not adjourn the hearing of the lawsuit for more than (10) ten sessions, regardless of the number of reasons.

3. In all cases, the court shall issue the judgment terminating the dispute within a period not exceeding (80) eighty days from the date of the first hearing session of the lawsuit before it.

## Chapter 2 - Order of the Session

## Article 79

With the exception of personal status and estate cases, pleadings shall be held in public, unless the laws in force in the State provide otherwise, or the court, sua sponte or at the request of one of the litigants, decides to hold it in camera in order to preserve public order or in deference to decency or the dignity of the family.

## Article 80

1. The litigants shall be called upon at the time set to hear the case.

2. The plaintiff shall have the right of pleading first, unless the defendant admits the matters given in the statement of claim and claims there are legal grounds or additional facts that refute the plaintiff's case, in which case the right of pleading first shall go to the defendant.

3. The party with the right of pleading first may present its case and submit corroborating evidence. The other party may afterwards present its defence and submit corroborating evidence.

4. The party who pleaded first may produce its evidence in refutation of the adversary's evidence.

5. The court shall hear the pleading of the litigants and the defendant shall be the last to speak.

6. The court may interrogate the litigants and hear the testimony of whoever it deems necessary to hear his testimony.

## Article 81

The parties may request the court, at any stage of the proceedings,, to record their agreement in the minutes of the sessions and sign the same in person or by their authorised agents, and if they have written whatever they agreed on, the written agreement shall be attached to the minutes of the session and its content shall be recorded therein. The minutes of the session shall have, in both cases, the power of the writ of execution and a copy thereof shall be delivered in accordance with the rules prescribed for the delivery of the copies of judgments.

## Article 82

1. The president of the session shall maintain the order of the session and undertake its management. For this purpose, he may expel from the session hall whoever violates its order. If he resists, the court shall immediately order to hold him in



custody for (24) twenty-four hours or to impose upon him a fine of no less than (1000) thousand dirhams and no more than (3000) three thousand dirhams. Its decision shall be final.

2. The court may, before the end of the session, lift the order it issues based on Clause (1) of this Article.

### Article 83

The court may, sua sponte, order deletion of expressions offending or contrary to the provisions of public order or morals from any pleadings or memoranda.

### Article 84

The president of the session shall order that a report be drafted on each offence that takes place during the course of the session and investigation procedures be undertaken as he deems appropriate, and refer the documents to the public prosecution so as to carry out the necessary actions, and if necessary, he may rule the arrest of the person who committed the offence, without prejudice to the provisions of the Legal Profession Law.

### Article 85

If, during the trial sessions, a misdemeanour involving an aggression against its panel or any of its members or workers, or a false testimony, or any crime punishable by law is committed, the court shall order the arrest of the perpetrator and his referral to the public prosecution to take the necessary action against him.

## Title 6 - Defences, Intervention, Joinder and Incidental Pleas

### Chapter 1 - Defences

### Article 86

1. Pleas of lack of local jurisdiction, of lis pendens by moving for the referral of the case to another court either because the same dispute is pending before such other court or by reason of connexity, of nullity not related to public order, and all other procedural pleas, shall be raised simultaneously and before raising any claim or defence in the case or moving for its dismissal. Otherwise, the right shall be forfeited as to defences that have not been raised; likewise, the appellant's right to these defences shall be forfeited if he fails to bring them in the memorandum of appeal.

2. All aspects on which the defence related to procedures which are not connected to the public order are based shall be raised together, otherwise the right to defences that have not been invoked shall be forfeited.

### Article 87

A plea of lack of competence for absence of jurisdiction or by reason of the type of the suit shall be pronounced by the court sua sponte, and may be invoked at any stage of the proceedings.

### Article 88

Taking into account Clause (5) of Article (33) of this Law, if the parties agree to resort to a court other than the one before which the case is pending, the court before which the case is pending may order the case to be referred to the court agreed upon by the parties.

### Article 89

If the same dispute is filed before two courts, the plea of lis pendens shall be raised to the court before which the dispute was finally referred for judgment therein.

### Article 90

A plea of lis pendens may be brought before any of the two courts. The court to which the case has been referred is held to adjudicate it.

### Article 91

1. The court ordering referral shall specify to the parties the session at which they are required to appear before the court to which the case has been referred and the case management office shall notify the absentees among them of the same.

2. If the court does not specify a session to the parties, the court to which the case is referred shall specify it and notify the parties thereof.



3. The court to which the case is referred is held to hear it, unless it lacks territorial or subject-matter jurisdiction to hear it.

4. If the court rules that it does not lack territorial jurisdiction, it shall impose on the plaintiff to pay 10% of the fee and return the remainder to him.

## Article 92

Nullity of the notification of the statement of claim and summons resulting from a defect in the notification, in the court statement, or in the date of the session, shall cease by the appearance of the addressee or his representative in the session specified in this notice, or by the deposit of a memorandum of his defence, without prejudice to his right to postponement for completion of the time-limit for attendance.

## Article 93

1. The plea of inadmissibility of the case may be raised at any stage of the proceedings.

2. If the court deems that the plea of inadmissibility of the case due to lack of capacity of the defendant is based on a sound basis, it shall adjourn the case to notify the person with the capacity based on the request of the plaintiff.

3. If the lawsuit is filed against a governmental agency or a public juristic person, the effect of the correction extends to the day the lawsuit was filed, even if the correction was made after the time-limit prescribed for filing it.

## Article 94

The plea of inadmissibility to hear the case for being previously adjudicated may be raised at any stage of the proceedings and the court shall declare it sua sponte.

## Article 95

The court shall rule on these defences separately, unless it orders them joined to the subject-matter, and shall be held to indicate its decision on each respectively.

## Chapter 2 - Joinder and Intervention

## Article 96

A party to the litigation may implead any person eligible to be joined in the case at the time it is filed. If the defendant claims having a right of recourse against a person who is not party to the lawsuit, he may submit a written request to the case management office or to the court wherein he states the type and causes of his claim and requests the joinder of the said person as a party to the lawsuit, according to the usual procedures for filing the lawsuit. He may also be joined if he appears in the session and agrees to this procedure before the court.

## Article 97

Any interested party may intervene in the case by joining one of the parties or by requesting to be awarded a demand associated with the lawsuit. Intervention shall be done through the usual procedures for filing a lawsuit or by an oral petition made during the session and in the presence of the parties. Said petition shall be recorded in the minutes of the session. No intervention is admissible after the closing of pleadings.

## Article 98

1. The court may, sua sponte, order the joinder of any person whose joinder it deems will help reveal the truth or serve the interests of justice, and the court shall specify the session of which he shall be notified, as well as of his position in the litigation, and order that he be notified to attend that session, with the usual procedures for filing a lawsuit.

2. The court may assign the case management office to notify an adequate summary of the requests of the parties to the case to any person it deems will help reveal the truth or serve the interests of justice.

## Chapter 3 - Incidental Pleas

## Article 99

1. The plaintiff or the defendant may file incidental pleas that are connected to the original claim in a way that requires their hearing together as dictated by the requirements of the proper administration of justice.

2. These pleas shall be filed to the court by the usual procedures for filing a lawsuit, or by an oral petition made during the session and in the presence of the parties. Said petition shall be recorded in the minutes of the session.



### Article 100

The plaintiff may raise the following incidental pleas:

1. The correction of the original claim or the modification of its subject-matter to address circumstances which arose or became apparent subsequent to the filing of the case.
2. The addition to the original claim or demands supplemental thereto, resulting therefrom or indivisibly linked thereto.
3. Anything that includes an addition or change to the cause of the case, while the subject matter of the claim remains the same.
4. Motion for a precautionary measure.
5. Whatever the court authorises the plaintiff to raise by way of demands linked to the demands set forth in the original claim.

### Article 101

The defendant may raise the following incidental pleas:

1. Motion for a set-off and a judgment awarding him damages for the injuries he suffered by reason of the litigation procedures.
2. Any request whose response thereto would result in the plaintiff not being adjudged all or some of his demands, or being adjudged his demands subject to a restriction in favour of the defendant.
3. Any demand which is indivisibly connected to the original claim.
4. Whatever the court authorises the defendant to raise by way of demands linked to the demands set forth in the original claim.

### Article 102

1. No Incidental plea is admissible after the closing of pleadings.
2. The court shall, if possible, rule on on incidental pleas along with the original case; otherwise, it shall retain the incidental plea for adjudication upon ascertaining its validity.

## Title 7 - Stay, Discontinuance, Extinction, Lapse, and Abandonment of Proceedings

### Chapter 1 - Stay and Discontinuance of Proceedings

### Article 103

1. The proceedings may be stayed if the parties agree not to proceed therewith for a period not exceeding (6) six months from the date the court approved their agreement, and this stay shall have no effect on any inevitable date that the law has prescribed for a procedure. Neither party may renew the suit during that period except with the consent of his opponent.
2. If one of the parties does not revive the proceeding within (8) eight days following the end of the time-limit, the plaintiff is deemed to have abandoned his case and the appellant to have abandoned his appeal. The case management office shall present it after the lapse of the period referred to in this paragraph to the competent judge to issue a decision to that effect.

### Article 104

The court shall order the stay of the proceedings if it deems that a judgment on the merits thereof is contingent on deciding another matter. Once the ground for such stay no longer exists, either party may petition resumption of the case.

### Article 105

1. The litigation shall be discontinued ipso jure by the death of one of the parties to the dispute or by the loss of their standing to sue or by the loss of legal status of the attorney who was pursuing the proceedings on behalf of the party, unless any of the foregoing occurs after closing of the pleadings in the case. If there are several parties, the court shall rule on the proceedings as being discontinued with respect to the one who caused the discontinuance and adjourn its hearing with regard to the remaining litigants.
2. The litigation shall not be discontinued by the attorney's death and by termination of his power of attorney either by dismissal or recusal. The court may grant the party whose attorney died or whose power of attorney has terminated ample time to appoint another agent if he so desires.



   3. Discontinuance of litigation shall result in interrupting all time-limits that were effective against the parties and the nullity of all proceedings occurring during the discontinuance.

### Article 106

The proceedings shall resume with respect to the party against whom ground for discontinuance applies, by a summons duly served to the representative of a person who died, lost his standing to sue or lost his legal status, at the request of the other party, or by a summons duly served to this party at the request of those. The proceedings shall also resume if the session that was set for the hearing of the case is attended by the heirs of the deceased, or the representative of a person who lost his standing to sue, or who lost his legal status and pursued the case.

### Article 107

Upon occurrence of any of the reasons for discontinuance of litigation after closing the pleadings in the case. and if the case is valid for adjudication on its merits, the court may adjudicate the lawsuit pursuant to the final statements and demands, or may open the pleadings at the request of the representative of the deceased party or the party who lost his standing to sue or who lost his legal status, or at the request of the other party to the lawsuit.

## Chapter 2 - Extinction, Lapse and Abandonment

### Article 108

1. If the proceedings are discontinued due to the plaintiff's act or omission of an act, every interested party to the lawsuit may file a motion to dismiss the lawsuit under statute of limitations, after the passage of (6) six months from the last proper procedure taken therein.

2. The statute of limitations in discontinued cases, shall start to run only as of the day on which the party requesting their dismissal under statute of limitations, notifies the heirs of the deceased or the successors of the party who lost capacity, of the case filed between himself and the original party.

3. The statute of limitations shall be effective against all persons, even if they lack capacity or are incapacitated, and this does not prejudice their right of recourse against their representatives to claim compensation for their negligence in following up the case, which led to its bar by prescription.

### Article 109

1. The motion to dismiss under statute of limitations shall be raised to the court before which the case requested to be dismissed is filed.

2. It is permissible to uphold the bar of the proceeding in the form of a plea if the plaintiff revives the proceeding after the expiry of (6) six months.

3. The submission of the motion or plea shall be presented against all the plaintiffs in an action or against all the appellants in an appeal, on pain of inadmissibility.

### Article 110

A judgment abating the proceeding entails the lapse of the evidentiary procedure decisions issued thereon and the annulment of all litigation procedures, including the statement of claim, but shall not extinguish the right to file it, nor to the final judgments issued thereon, or procedures preceding such judgments, admissions issued by the parties or oaths they took. A judgment of abatement shall not prevent a party from upholding the procedures of investigation and the missions of experts that have been completed, unless they are in themselves null and void.

### Article 111

Once a judgment abating the proceeding is rendered in an appeal, the appealed judgment shall be deemed final in all cases. When a judgment abating the proceeding is rendered in a petition for review prior to the issuance of a judgment accepting the petition, the petition shall extinguish. However, after the judgment accepting the petition is rendered, the aforementioned rules of appeal or first instance, depending on the case, shall apply.

### Article 112

1. In all cases, the litigation shall terminate upon the expiry of one year from the date of the last valid procedure taken therein, and its termination shall have the same effects that result from its dismissal under statute of limitations.

2. The provision of the preceding paragraph does not apply to appeals in cassation.



## Article 113

1. The plaintiff may abandon litigation by notifying his adversary by a statement made before the competent court clerk; an explicit statement in a memorandum signed by him or his agent and made available to the adversary; or an oral petition during the session and its entry into the minutes.

2. After the defendant submits his demands, abandonment is admissible only with the defendant's consent. however, his objection to the abandonment shall be denied if he raises a plea of the court's lacks jurisdiction, or moves for referring the case to another court, or upholds the invalidity of the statement of claim, or its inadmissibility for being previously adjudicated, or invokes a defence or plea the object of which is to prevent the court from hearing the case.

## Article 114

Abandonment entails all the effects of abatement of the proceeding, and costs shall be borne by the abandoning party.

## Article 115

1. If the party, with the advent of the litigation, waives a procedure or paper from the proceedings documents, explicitly or implicitly, the procedure or paper shall be considered as void ab initio.

2. A waiver of judgment entails a waiver of the right established therein.

## Title 8 - Disqualification, Dismissal and Recusal of Judges

## Article 116

1. A judge shall be deemed disqualied and barred from hearing a case in the following cases, even if neither party moves for his recusal:

   a- If he or his spouse is related by blood or affinity to one of the parties or his spouse up to the fourth degree.

   b- If he or his spouse is involved in a pending dispute with one of the parties or his spouse.

   c- If he is the legal representative of one of the parties in his private business, guardian, trustee, or a potential heir thereof, or is the spouse of the guardian or trustee of a litigant or if he is a relative or an in-law up to the fourth degree of such guardian or trustee, or of a member of the board of directors or one of the managers of the company and this member or director had a personal interest in the lawsuit.

   d- If he, his spouse, one of his relatives by blood or affinity up to the fourth degree or for whom he is his agent, guardian, or custodian has an existing interest in the case.

   e- If he is related by blood or affinity up to the fourth degree to another judge in the circuit in which case the most junior judge who shall recuse himself.

   f- If he is related by blood or affinity up to the second degree to the representative of the public prosecution or the advocate of one of the parties.

   g- If, even before assuming the office of judge, he advised or served as counsel for one of the parties in the case or if he has previously heard the case as a judge, expert, arbitrator or presented testimony therein.

   h- If he had filed a claim for compensation against the recusal applicant or submitted a report against him to the competent authority.

2. Any decision or judgment handed down by the judge in one of the above cases shall be null and void even if it was done with the agreement of the parties.

3. If this nullity occurs in a judgment issued in an appeal in cassation, the party may request the court to cancel this judgment and review the appeal in cassation before a circuit that does not include the judge who was the reason for the nullity.

## Article 117

A judge may be recused for one of the following reasons:

1. If the judge or his spouse is involved in a case similar to the one before him or if there is a dispute between the judge or his spouse and one of the parties, after hearing the case under review before the judge, unless the said case was filed with the object of recusing him from adjudicating the case before him.

2. If the divorced spouse of the judge from whom he has fathered a child or one of his relatives by blood or affinity is involved in a pending lawsuit before the courts with one of the parties to the case or his spouse, unless the lawsuit was filed after the case moving for the recusal of the judge was heard.

3. If one of the parties worked for him or used to eat or reside with one of the parties, or if he had received a gift from him before or after filing the lawsuit.



4. If there is an enmity or friendship between him and one of the parties that is likely to affect the impartiality of his judgment.

5. If one of the parties had chosen him as an arbitrator in a previous case.

## Article 118

1. A judge who is disqualified from hearing the case, or if ground for disqualification exists provided for in Articles (116) and (117) of this Law arises, shall inform the president of the court thereof. In the event that a reason for recusal arises, the president of the court may garnt leave to the judge to recuse himself. The same shall be entered into a special record kept at the court.

2. If the judge is embarrassed to hear the case for any reason whatsoever, even if he is qualified to hear it, he may present his recusal to the president of the court to consider the recusal.

3. If one of the previous cases apply to the president of the court, he shall present the matter to the substitute.

## Article 119

1. If one of the grounds for recusal mentioned in Article (117) of this Law arises and the judge does not recuse himself, any party to the lawsuit may file a motion for recusal, and the recusal takes place by virtue of an application submitted to the president of the court to which the judge is affiliated and signed by the applicant himself or his authorised representative with the power of attorney attached thereto. The motion for recusal shall include the reasons therefor with any supporting documents.

2. The applicant for recusal shall furnish, when submitting the motion, an amount of (5,000) five thousand dirhams as a deposit. The security deposit is multiplied by the number of judges whose recusal is sought, and the president of the court shall not accept the motion for recusal if it is not accompanied by evidence of the deposit of the security. It is sufficient to deposit one security for each motion for recusal in the case of multiple recussal applicants if they submitted their request in one motion, even if the reasons for recusal are different, and the court shall impose on the recusal applicant a fine not less than (5,000) five thousand dirhams and not exceeding (10,000) ten thousand dirhams, with the confiscation of the security if his motion is dismissed.

## Article 120

1. The motion for recusal shall be filed before raising any plea or defence is presented in the case, otherwise the right thereto shall be forfeited. Nevertheless, such motion may be filed if the grounds therefor occurred afterwards or if the applicant proves that he had no knowledge thereof.

2. In all cases, the party's right to file a motion for recusal shall be forfeited if the motion was not filed before the closing of the pleadings, when he has been notified of the session set for hearing the case and the reasons for the recusal existed and were known to him until the closing of the pleadings.

## Article 121

1. The president of the court shall immediately notify the judge whose recusal is sought, of the motion for recusal and its attachments.

2. The judge shall within (7) seven days following his notification, respond in writing to the facts and grounds of the recusal. If he fails to respond within the prescribed period, or if he responds in support of the grounds for disqualification and such grounds are valid, the president of the court shall issue an order of his recusal.

3. If the judge responds to the grounds of the recusal and refutes a valid ground thereof, the entity to the whom the motion is filed shall appoint the circuit to hear the recusal and a date shall be set for its hearing before it. The case management office shall notify the applicant and the judge of this date. It shall also notify the remaining litigants in the original lawsuit, in order to submit any recusal requests they may have in accordance with the previous article. The aforementioned circuit shall investigate the recusal motion at the Council Chamber and then rule after hearing the recusal applicant's statements and the judge's observations when necessary or if he so requests. In investigating the recusal motion, it is not permissible to interrogate the judge nor to tender the oath to him.

4. The president of the court, or whoever acts in his capacity, as the case may be, in the event of submission of motion for recusal before closing the pleadings in the first recusal motion, shall refer these motions to the same circuit before which the motion is being heard, for a decision on all of them in one judgment.

5. The procedures of the motion for recusal shall be heard and adjudicated, even if the party who filed it decides to waive it.

6. The ruling on the motion for recusal shall be pronounced in a public session and shall not be subject to appeal.

https://www.lexismiddleeast.com



### Article 122

Filing of the motion for recusal with the president of the competent court entails the stay of proceedings in the original case until he issues a final decision thereon. However, in urgent cases and at the request of one of the parties, another judge may be assigned to the case.

### Article 123

The Court of Appeal shall decide on the application for recusal if the person requested to be recused is a judge sitting thereon or a judge sitting on the Court of First Instance to which it is affiliated.

### Article 124

1. If all the judges of the Court of First Instance ae sought to be recused and the Court of Appeal decides to accept the motion for recusal, it shall refer the case to another Court of First Instance for ruling on its merits.
2. If all or some of the judges sitting on the Court of Appeal are sought to be recused where there is not enough of their number left to rule, the motion for recusal shall be submitted to the higher court. If it decides to accept the motion for recusal, it shall refer the case for a ruling on its merits to another Court of Appeal.

### Article 125

The rules and procedures mentioned in Title 8 shall be applied upon recusing a member of the Public Prosecution, if it is a joined party, for any of the reasons stipulated in Articles (116) and (117) of this Law.

## Title 9 - Judgment

### Chapter 1 - Issuance of Judgment

### Article 126

The court may not, after suspending the proceedings for adjudication or during deliberation, hear a litigant or his representative, except in the presence of his opponent, nor may it accept documents or memoranda from a litigant without the other party being notified thereof, otherwise, the procedure shall be deemed null, unless an agreement on conciliation is signed by both parties and authenticated by a notary public.

### Article 127

Upon completion of the pleading, the court shall adjudicate the case or set a sentencing hearing, it may not postpone the same or return the case to pleadings, except under a grounded decision to be announced at the session and recorded in its minutes. The pronouncement of said decision shall be considered as a notification to the litigants of the new date, and in both cases the postponement of the sentencing hearing may not exceed two weeks.

### Article 128

1. Deliberation in judgments shall be conducted behind closed doors among the judges, and only the judges who heard the pleading may participate therein.
2. The president of the court shall collect all opinions starting with the most junior to the most senior judge, then he shall express his own opinion. Judgments shall be issued unanimously or by a majority of opinions. If the majority is not achieved and there is more than one opinion, the less numerous party or the party comprising the most junior judges shall join one of the two opinions expressed by the most numerous party, and that after retaking the opinions.
3. The judgment shall be issued by the judge or the chief judge of the circuit, as the case may be.
4. A report shall be drawn up on the issuance of the judgment on the date specified for its issuance, indicating the names of the judges who attended its issuance, and it shall be signed by the chief judge of the circuit or the judge, as the case may be.

### Article 129

1. In all cases, the judgments shall include the reasons on which they are based and shall be deposited, after being signed by the president and the members of the circuit whether electronically or in writing, in the case file.
2. In summary actions, if the judgment is rendered at the pleading session, it may be filed including its reasons within (3) three working days at the latest from the date of its issuance.
3. Violation of the provisions mentioned in clauses (1) and (2) of this Article shall result in the nullity of the judgment



## Article 130

1. The judgment shall indicate the court that issued it, the date and venue of its issuance, the type of case and the names of the judges who heard the pleading and issued in the judgment, the names of the litigants, their surname and capacities, their domicile and workplace, their appearance or absence.

2. The judgment shall present an overview of the facts of the case, the litigants' demands, a brief summary of their meritorious defence and the opinion of the public prosecution, and then the grounds of the judgment and its enacting terms.

3. Deficiencies in the factual reasons of the judgment and serious error in the names of the litigants and their capacities and in the name the judges who delivered the ruling shall result in the nullity thereof.

## Article 131

1. The copy of the judgment under which the execution is to be carried out, shall be stamped by the seal of the court and signed by the competent officer after stamping it with the executory formula and shall be delivered only to the litigant who has an interest in the execution of the judgment, provided that the judgment is enforceable. The judgment may be stamped with the executory formula by electronic signature if obtained remotely.

2. A second executory copy may not be delivered to the same litigant, unless the first copy is lost or it was impossible to use it, by virtue of an order by the judge or the chief judge of the circuit, as the case may be.

3. A certified copy of the original copy of the judgment may be granted electronically or in writing to the concerned person who requests it to the exclusion of others, except under the permission of the judge or the chief judge of the circuit, as the case may be.

## Article 132

1. Notwithstanding the provisions of Articles (127) and (129) of this Law, the circuits provided for in Clause (2) of Article (29) hereof shall adjudicate the lawsuits filed before them by a decision terminating the dispute and stating the grounds therefor, to be issued at the same session.

2. The decisions referred to in Clause (1) of this Article may be appealed before the competent Court of Appeal held in the Council Chamber, in accordance with the rules, procedures, and time-limits prescribed for filing an appeal against judgments.

## Chapter 2 - Expenses of the Lawsuit

## Article 133

1. Upon issuance of the judgment or decision terminating the litigation, the court court shall rule on the expenses of the lawsuit sua sponte.

2. The expenses of the lawsuit shall be imposed upon the losing party, and the costs of the translation of the notice and the attorney fees estimated by the court in accordance with the controls and standards specified in the Legal Profession Law shall be included in the expenses. In case of multiple losing parties, the expenses may be divided equally among them or in proportion to the interest of each one of them in the lawsuit, at the court's discretion. Expenses shall not be imposed upon them jointly unless they are jointly liable for the original obligation. The attorney fees shall not increase depending on the number of the prevailing parties or losing parties or attorneys.

3. Expenses of intervention shall be imposed on the intervening party if he has separate claims and his intervention was not accepted, or his claims were dismissed.

## Article 134

The court may rule to impose upon the prevailing party to pay all or part of the expenses, if such party has caused the disbursement of unnecessary expenses or did not bring to the knowledge of his opponent the decisive documents in his possession, or the content thereof.

## Article 135

If both parties fail in some requests, it is permissible for the court to rule that each party bears the expenses he paid or that the expenses be divided between them as it determines in its judgment, and the court may also rule to impose all the expenditures on either of them.

## Article 136

1. The court may award compensation for expenses arising out of a vexatious lawsuit or defence.



2. Without prejudice to the provisions of Article (133) of this Law, the Court may, upon issuance the judgment, rule to impose a fine of not less than (1000) thousand dirhams, and not more than (10,000) ten thousand dirhams on the litigant who files a vexatious lawsuit, request, plea or defence.

## Chapter 3 - Correction and Interpretation of Judgments

### Article 137

1. The court shall rectify the mere material mistakes, either written or mathematical, that appear in its judgement, by a decision that it issues sua sponte or at the request of a party to the lawsuit without pleadings. The rectification shall be made on the original copy of the decision or judgment and signed by the president of the session.

2. The issuance and inclusion of the decision or judgment incorrectly in the electronic system is considered a material error.

3. The decision rejecting the rectification may not be challenged separately without the decision or the judgment itself. As for the decision issued on the rectification, it may be challenged on an independent basis through the permissible methods of appeal against the decision or judgment that is the subject-matter of the rectification.

### Article 138

1. The parties may request from the court that issued the judgment an interpretation of any ambiguities or inconsistencies in its enacting terms by means of a motion filed in the usual manner for filing a lawsuit. The interpretative decision shall be deemed complemental in all respects to the judgment it interprets, and shall be subject to the same rules relating to the forms of appeal.

2. The parties may request the interpretation of judicial decisions and orders. In this case, the motion shall be submitted in the same way as the decision or order was submitted, and the same effects stipulated in Clause (1) of this Article shall apply to it.

### Article 139

Where the court renders a judgment which, in its reasons and ruling, fails to rule on certain substantive claims, the interested party may present a motion to such court demanding that it hears the claims in question and issue a decision or judgment, as the case may be, after notifying the other party thereof. The decision or judgment rendered on the motion shall be deemed appealable by any of the means of challenge to which the the original decision or judgment is amenable.

## Title 10 - Orders on Petitions

### Article 140

1. In cases where the litigant wishes to obtain an order from the court, he shall submit a petition to the competent judge or the chief judge of the circuit that hears the case wherein he requests the issuance thereof. Such petition shall be of two copies, unless it is electronically registered, and shall contain the facts and supporting documents of the request and the petitioner's domicile and workplace and the domicile elected for him in the State if he has no domicile or workplace therein. The supporting documents shall be attached to the petition.

2. The judge or the chief judge of the circuit, as the case may be, shall issue his order in writing on one of the copies of the petition or electronically, the day following its submission at the most. The reasons on which the order was based shall not be stated unless said order is contrary to an order previously issued, in which case the grounds for the new order shall be mentioned, otherwise, it shall be deemed null and void and. Such order shall be entered in special records or in the minutes of the session.

3. The order shall be executed under a letter to be issued by the judge or the chief judge of the circuit, as the case may be, to the concerned authority. The petition shall be kept in the file without the need for a notice or an executory formula. If it is not possible to execute the order for a reason attributed to a private physical or juristic person, the judge or the chief judge of the circuit, as the case may be, may impose upon such person a file of not less than (1000) thousand dirhams and not more than (10,000) ten thousand dirhams for each day of delay in execution, under a grounded decision that may not be challenged by any of means of appeal. The judge or the chief judge of the circuit, as the case may be, may exempt the losing party from paying the fine in whole or in part, if said party provides an acceptable excuse after completion of execution.

4. The judgment imposing the fine may be executed in accordance with Clause (3) of this article by the source thereof after notification of the losing party.

5. The order on petition shall lapse if it is not submitted for execution within (15) fifteen days from the date of its issuance. Such lapse shall not prevent the issuance of a new order.



### Article 141

1. The petitioner whose request has been rejected, the person against whom the order has been issued, and the concerned persons, shall have the right to file a grievance against said order before the competent court or the judge who has issued it, as the case may be, unless the Law stipulates otherwise. Hearing the grievance shall not preclude the filing of the original case before the court.

2. The grievance shall be grounded.

3. The grievance shall be filed independently or on the basis of the original lawsuit, pursuant to the procedures prescribed for filing incidental pleas.

4. The judgment issued on the grievance shall confirm, amend or cancel the order and may be subject to appeal only, unless it is rendered by the Court of Appeal. If the order is issued by the Court of Appeal, the grievance against it shall be made before a different body at the same court, and its judgment shall not be subject to any methods of appeal.

### Article 142

Grievance filed against the order shall not entail the stay of execution thereof. However, the court or the judge may order a temporary stay of execution in accordance with the provisions of Article (221) hereof.

## Title 11 - Payment Orders

### Article 143

1. With the exception of the general rules of filing the lawsuit before the courts of first instance, the provisions stipulated in the following articles shall be applied if the creditor's right is confirmed - electronically or in writing - and is urgent, and the whole claim is a debt of a specified amount or a movable of a specified type and amount.

2. The provisions contained in Clause (1) of this Article shall be followed if the subject of the financial claim is the enforcement of a commercial contract or if the holder of the right is a creditor with a commercial paper, with the exception of the cheque which is considered a writ of execution under Paragraph (d) of Clause (2) of Article (212) of this Law.

3. In all cases, the payment order does not preclude the request for interest or compensation or taking any precautionary measures.

### Article 144

1. The creditor shall serve on the debtor a notice to pay the amount due within a time-limit of five days at least, then he shall obtain a payment order from the judge of the Court in whose jurisdiction the debtor's domicile is located. The amount of the right stated in the notice may not be less than that stated in the petition filed for the issuance of the payment order. The notice to pay shall be served by any means of notification specified in this Law.

2. The payment order shall be issued based on a petition, either electronically or in writing, as the case may be, to be filed by the creditor. The debt instrument and evidence of notice to pay shall be attached to the petition. The petition shall be kept at the case management office until the time-limit prescribed for appeal expires.

3. The petition shall contain the information to be included in the statement of claim provided for in Article (44) hereof.

4. The order shall be issued within (3) three working days at most from the submission of the petition, indicating the amount or the movable ordered to be paid, as the case may be, and whether it was issued in a commercial matter.

5. The petition referred to in this Article shall be deemed as having the same effects of filing the case as of the date of its submission, even if the court is not competent.

### Article 145

The judge shall decide to accept or dismiss the petition in whole or in part. If he decides to dismiss it, his decision shall be grounded. If the decision is related to the execution of a commercial contract, it shall be grounded in all cases.

### Article 146

1. The debtor shall be notified in person of the order issued against him in accordance with the provisions and methods set forth in this Law.

2. The payment order issued against the debtor shall be considered void ab initio if it has not been notified to the debtor within three months from the date of issuing the order.



## Article 147

1. The parties may file a grievance against the payment order if its value is within the limits of the jurisdictional amount of the Courts of First Instance, within (15) fifteen days from the date of notifying the debtor of the order, and from the date of issuance of the decision with respect to the creditor. The grievance shall be heard before the competent payment order judge, and it shall be according to the usual procedures for filing a lawsuit. When hearing the grievance, the rules and procedures followed before the court shall be observed. The judge shall decide on the grievance by a final judgment that terminates the dispute and is not subject to appeal, and the reasons therefor shall be deposited in the same session.

2. Subject to Clause (1) of this Article, a payment order whose value exceeds the jurisdictional amount of the Courts of First Instance may be appealed in accordance with the procedures and time-limits prescribed for appealing judgments. The reasons for the appeal shall be presented upon its registration, on paain of inadmissibility.

3. Subject to Articles (45, Clause 8) and (150) of this Law, the court shall adjudicate the appeal at the Council Chamber without preparation by the case management office, within one week from completing the notification of the appeal statement, and it may set a session to hear the merits if necessary. It may not remand the claim to the Court of First Instance.

4. As an exception to the provisions of Clause (3) of this Article, if the claim was filed before the Court of First Instance in the usual manner for filing a lawsuit and the supervising judge issued a payment order in it, and the Court of Appeal found that the conditions for issuing the order were not met, then it remands it to the Court of First Instance to hear it in accordance with the usual manner of hearing lawsuits.

5. The rules and procedures for grievance or appeal against the payment order shall apply to the precautionary measures issued with the order.

## Article 148

The rules for expeditious execution shall apply to the payment order in accordance with the provisions of this Law.

## Article 149

If the creditor, with a debt that fulfills the conditions for issuing a performance order, wishes to impose an attachment on the assets that the debtor has with a third party, the normal procedures shall be followed as regards the attachment to be imposed.

## Article 150

As an exception to the provisions contained in this Chapter, if the case brought before the court fulfills the conditions for issuing a payment order, then the court shall be held to adjudicate it in accordance with the rules and procedures prescribed for adjudicating lawsuits.

# Title 12 - Methods of Challenging Judgments

## Chapter 1 - General Provisions

### Article 151

1. Judgments may only be challenged by the losing party. Challenge shall not be admitted by those who accepted the ruling explicitly or implicitly, or by whose claims are adjudged thereto, unless the law stipulates otherwise.

2. 2-The appellant shall not be harmed with his challenge

### Article 152

Judgments that are rendered during the hearing of the case without terminating the litigation may not be challenged except after the issuance of the ruling terminating the entire litigation, with the exception of temporary and summary judgments issued to stay the proceedings, judgments subject to compulsory execution, and judgments of lack of jurisdiction, as well as judgments of jurisdiction if the court is not competent to adjudicate the case.

### Article 153

1. The time-limit for challenging a judgment commences on the day following the date it is rendered, save as otherwise prescribed by law. Such time-limit commences from the date the judgment is notified to the losing party who did not attend any of the sessions held to hear the case and failed to present a memorandum of his defence or who failed to appear at any of the sessions subsequent to the resumption of proceedings following their stay for any reason whatsoever but submitted a memorandum.



2. The time-limit commences from the date of notifying the judgment if one of the reasons for the discontinuance of the litigation occurred and the judgment was rendered without litigating the one who replaces the person who died, lost his standing to sue, or whose capacity ceased to exist.

3. The notification of the judgment shall be in accordance with the conditions prescribed in Articles (9) and (10) of this Law.

4. Failure to observe the time-limits prescribed for challenging judgments entails the forfeiture of the right to appeal and the court shall rule said forfeiture sua sponte.

## Article 154

1. The time-limit for challenging judgment shall be interrupted by the death of the losing party, the loss of his standing to sue, the loss of legal status of the person who was pursuing the proceedings on his behalf.

2. Interruption shall not cease except after notifying the judgment to the heirs as a whole without mentioning their names and capacities, at the last domicile of their inheritor if the heirs were not known, or notifying it to the person who acts on behalf the one who lost his standing to sue or his legal status.

3. In the event that the heirs are known, the notice shall be served in accordance with the conditions prescribed in Articles (9) and (10) of this Law.

## Article 155

1. If the prevailing party dies during the time-limit prescribed for the challenge, his opponent may lodge the challenge and notify same to his heirs in general without mentioning their names and capacities, at the last domicile of the inheritor. After that, it shall be re-notified to all the heirs in their respective names and capacities either in person or at the domicile of each, before the date of the session scheduled to hear the challenge or within the time-limit determined by the court for such notifying the heirs who were not notified of the first session and did not attend it. In the event of a summary case, it is sufficient to re-notify the apparent heirs.

2. If, during the time-limit of the challenge, the prevailing party loses his standing to sue or the person pursuing the litigation on his behalf loses his legal status, the challenge may be raised and notified to the party who lost his standing to sue or whose agent pursuing the litigation on his behalf lost his legal status, provided the challenge is re-notified to the party acting on behalf the prevailing party, before the session scheduled to hear the challenge or within the time-limit determined by the court.

3. The notice set forth in Clauses (1) and (2) of this Article shall be served in accordance with the conditions prescribed in Articles (9) and (10) of this Law.

## Article 156

1. The notice of challenge shall be served in accordance with the conditions prescribed in Articles (9) and (10) of this Law.

2. If the respondent is the plaintiff or the appellant and he did not indicate in the opening statement of claim or the statement of appeal the address where to serve the notice, and this statement was not clear from other documents in the case, the challenge shall be notified in accordance with the conditions prescribed in Articles (9) and (10) of this Law.

## Article 157

1. The challenge shall benefit only the party who lodged it and shall only operate as towards the party against whom it was raised. However, if the judgment is issued in an indivisible matter, in a joint obligation, or in a case in which the law requires the litigation of certain persons, it is permissible for the losing parties who failed to comply with the time-limit prescribed for challenging a judgment or who accepted the judgment, to challenge the same during the hearing of the challenge filed on time, by one of his colleagues who joined him in his claims. If he fails to do so, the court orders the appellant to litigate him in the challenge, and if the challenge is filed against one of the prevailing parties on time, the remaining parties shall be litigated even after its lapse in their respect.

2. If the challenge is filed in a timely manner by the surety or the guarantee claimant in the judgment issued in the original case, and their defence therein was one, it is permissible for the one who failed to comply with the time-limit or who accepted the judgment to challenge the same by joining his colleague, and if the challenge is filed against either of them on time, the other may be litigated even after after its lapse in his respect.

3. The surety and the claimant shall benefit from the challenge filed by either of them in the judgment issued in the original case if their defence is united therein.

## Article 158

1. The documents may not be returned to the parties who submitted them except after the expiration of the challenge time-limits or adjudication on the challenge filed.



2. Copies of the documents referred to in Clause (1) of this Article may be given to those concerned who request them.

3. If it is necessary to hand over the original documents, this shall be by order of the judge or the president of the circuit, as the case may be, and a copy thereof shall be kept and attested by either of them and stamped with the court's seal.

## Chapter 2 - Appeal

### Article 159

1. The parties, in cases other than those excluded by the law, may file an appeal against the judgments and decisions of the courts of first instance before the competent Court of Appeal.

2. Judgments issued by the Courts of Appeal are final and not subject to appeal in cassation, if the value of the case does not exceed (500,000) five hundred thousand dirhams.

### Article 160

1. Judgments and decisions rendered within the limits of the jurisdictional amount of the Courts of First Instance may be appealed for a violation of the rules of jurisdiction related to public order, a nullity of the judgment or decision, or a nullity of the procedures that affected the judgment or decision.

2. Any judgments or decisions rendered within the limits of the jurisdictional amount may be appealed if it is contrary to an earlier judgment that did not acquire the force of res judicata. In such case, the earlier judgment shall be deemed appealed by force of law unless it had become final when the appeal was filed.

3. In these cases, the appellant shall deposit with the treasury of the Court of Appeal when submitting the appeal a security of (2,000) two thousand dirhams, and in the event of multiple appellants, it is sufficient to deposit one security if they file their appeal with one document, even if the reasons for the appeal are different.

4. The case management office does not accept the appeal statement if it is not accompanied by evidence of this deposit, and the security deposit shall be confiscated by force of law if it is ruled that the appeal is inadmissible.

### Article 161

The time-limit prescribed for filing an appeal is (30) thirty days, save as otherwise prescribed by law. The time-limit for appeals in summary matters is (10) ten days.

### Article 162

Where a judgment is rendered on the basis of fraud committed by one of the parties, of a forged document or of a false testimony or by reason of a party's failure to disclose a document material to the case, the time-limit for appeal shall not commence to run except from the day on which the fraud was discovered, on which the forgery was acknowledged by its perpetrator or judicially established, on which the false witness was convicted of perjury or on which the document withheld by one of the parties came to light.

### Article 163

1. The appeal of a judgment rendered on a provisional claim inevitably entails the appeal of the judgment rendered on the original claim, and in this case the prevailing party in the original claim shall be sued even after the expiry of the time-limit.

2. If the Court of Appeal cancels the judgment issued in the original claim, it shall remand the case back to the Court of First Instance for adjudication of the provisional claim.

### Article 164

*Article 164 was replaced by virtue of Article 1 of Federal Decree-Law No. 22/2025 dated 01/10/2025, to read as follows:*

1. An appeal shall be filed by a memorandum of appeal deposited with the Case Management Office of the competent Court of Appeal, and shall be registered immediately in the designated register or through electronic registration. The memorandum of appeal shall include the particulars of the appealed judgment, its date, the grounds of appeal, and the relief sought; failing which, the appeal shall be ruled inadmissible.

2. In cases other than electronic registration, the appellant shall submit a sufficient number of copies of the memorandum of appeal equal to the number of respondents, in addition to one copy for the Case Management Office, and shall attach to each copy the documents supporting the appeal.



## Article 165

1. The case management office of the court with which the appeal is lodged shall request that the file of the case filed before the Court of First Instance be joined electronically or on paper on the day following the day on which the appeal is lodged.

2. The case management office of the Court of First Instance that issued the judgment shall forward the case file electronically or on paper within (10) ten days at most from the date of its request, and this time-limit shall be reduced to (3) three days in summary cases.

## Article 166

1. The appellant may, until the date of the first session set before the case management office or the court - as the case may be - lodge an appeal either by the usual procedures or by a memorandum containing the reasons for its appeal.

2. The appeal referred to in the preceding paragraph shall considered a cross-appeal if it is lodged within the time-limit prescribed for the appeal, and a collateral appeal if it is lodged after the time-limit, or if the appellant has accepted the judgment prior to the filing the original appeal.

3. The collateral appeal follows the original appeal and shall lapse if the original appellant waives his appeal or the original appeal is not accepted in form. As for the cross-appeal, it does not lapse with the cessation of the original appeal, regardless of the manner in which it was lodged.

## Article 167

1. The appeal restores the case to its state prior to the issuance of the judgment or decision under appeal only in respect of that part of the judgment appealed against.

2. The court shall hear the appeal held at the Council Chamber after the referral of the appeal by the case management office.

3. The court shall adjudicate the appeal at the Council Chamber within (20) twenty working days, by virtue of a reasoned judgment or decision of inadmissibility, non-acceptance, cancellation, or confirmation of the appealed judgment or decision, and it may set a session to hear the merits if necessary.

4. The court shall hear the appeal on the basis of the new evidence, pleas and defences submitted to it as well as on the basis of those as were presented to the Court of First Instance.

5. No new claims shall be admitted on appeal and the court shall rule sua sponte their inadmissibility. Nevertheless, wages, salaries and all ancillaries that fell due after the assertion of final claims before the court of first instance, as well as additional damages which accrued after such date, may be added to the original claim. It is also admissible that while the subject-matter of the original claim remaining the same, to change its cause and add thereto.

6. A person who was not a party to the case on which the judgment or decision under appeal was rendered may not be joined as a party to the appeal. Intervention in an appeal is available only to those who request to join one of the parties or those for whom the appealed judgment or decision is considered enforceable against them.

7. Appealing the judgment or decision terminating the litigation inevitably entails appealing all judgments or decisions that were previously issued in the case, unless they were expressly accepted, taking into account the provisions of Clause (1) of this Article.

## Article 168

If the Court of First Instance adjudicates the merits and the Court of Appeal found that there is a nullity in the judgment or a nullity in the procedures that affected the judgment, then it shall cancel it and rule on the case. However, if the Court of First Instance rules that it lacks jurisdiction or admits an incidental plea that results in dismissing the case, and the Court of Appeal rules the cancellation of the judgment and the jurisdiction of the court, or the dismissal of the incidental plea and the hearing of the case, it shall remand the case to the Court of First Instance to adjudicate its merits.

## Article 169

In all cases, the court shall rule to accept abandonment of litigation in the appeal if the appellant waives his right to appeal.

## Article 170

The rules and procedures applicable to lawsuits before the Court of First Instance shall apply to appeal, save where the law provides otherwise.



## Chapter 3 - Petition for Review

### Article 171

Litigants may seek review of judgments and judicial decisions issued on a final basis in the following cases:

1. If the party committed fraud that would influence the judgment or decision.
2. If the judgment or decision was based on papers which have been admitted as forged or ruled as forged, after issuing such judgment or decision, or the judgment or decision was based on a testimony of a witness and it was ruled, after its issue, as perjury.
3. If the petitioner, after issuing the judgment or decision, obtains decisive documents in the case, which his opposing party have hindered the submission thereof.
4. If the judgment or decision awards a relief not prayed for by the parties or in excess thereof.
5. If the enacting terms of the judgment or decision is self-contradictory.
6. For that against whom the judgment or decision issued in the case is considered enforceable and has not been introduced or has not intervened in the case, on condition that the fraud of that who was representing him, his collusion or his gross negligence has been proven.
7. If the judgment or decision was issued against a physical or juristic person who was not properly represented with a valid representation in the case.

### Article 172

The time-limit prescribed for filing a petition for review is (30) thirty days, and in the cases stipulated in clauses (1, 2, and 3) of Article (171) of this Law, it shall not commence except from the day on which the fraud was revealed, or on which the perpetrator acknowledged the forgery, or a judgment of its establishment has been rendered, or the day on which a judgment of conviction of the false witness has been issued, or on which the retained paper appeared. The time-limit in the case stipulated in Clause (6) of Article (171) of this Law shall commence from the day on which fraud, collusion or gross negligence appeared, and the time-limit shall commence in the case stipulated in Clause (7) of Article (171) of this Law from the day on which the judgment is notified to the convicted person or whoever duly represents him.

### Article 173

1. The petition shall be filed w the court that rendered the judgment by means of a statement to be deposited with the case management office in accordance with the usual procedures for filing a lawsuit.
2. The statement shall contain a memorandum setting forth the judgment for which the review is sought, its date and reasons for the petition, otherwise it shall be deemed null.
3. The court hearing the petition for review may be composed of the same judges who issued the judgment.
4. The petition shall not be admitted if its petition is not accompanied by evidence of a security deposit of (500) five hundred dirhams.

### Article 174

1. The court shall, after hearing the parties first, rule on the admissibility of the petition. If it accepts it, it shall set a session for pleading on the merits without the need for a new notification. However, it may rule on the acceptance of the petition and the merits by one single judgment if the parties have presented before it their demands on the merits. The court will only review the demands that have been addressed in the petition.
2. The filing or acceptance of the petition does not entail the stay of execution of the judgment. However, the court that is hearing the petition may order the stay of execution whenever it is requested to do so and there is fear that the execution would cause serious harm that cannot be remedied. The court may, when ordering a stay of execution, require the provision of security or order the deposit of whatever it deems sufficient to safeguard the right of the respondent.
3. It is not permissible to seek revision of the judgment rejecting the petition nor to adjudicate on the merits of the case after it has been accepted.

## Chapter 4 - Appeal in Cassation

### Article 175

*Article 175 was replaced by virtue of Article (1) of Federal Decree-Law No. 22/2025 dated 01/10/2025[1 p.64], to read as follows:*



1. The disputing parties may file an appeal in cassation against judgments and decisions issued by the Courts of Appeal if the value of the claim exceeds AED 500,000 (five hundred thousand) or if the claim is of an indeterminate value, in the following cases:

    a- Where the appealed judgment or decision is based on a violation of the law, or an error in its application or interpretation.

    b- Where invalidity has occurred in the judgment or decision, or in the procedures, and such invalidity has affected the judgment or decision.

    c- Where the appealed judgment or decision was issued in contravention of the rules of jurisdiction.

    d- Where the dispute was adjudicated contrary to another judgment or decision previously issued on the same subject matter between the same litigants and which has acquired the force of res judicata.

    e- Where the judgment or decision is devoid of reasons, or where such reasons are insufficient or ambiguous.

    f. Where the judgment awarded relief not sought by the disputing parties, or in excess of what was sought.

2. The disputing parties may file a petition before the Court of Cassation against any final judgment or decision, regardless of the court that issued it, where such judgment or decision adjudicated a dispute contrary to another judgment or decision previously rendered between the same disputing parties and which has acquired the force of res judicata.

3. Judgments or decisions issued by the Courts of Appeal in execution proceedings shall not be subject to cassation.

## Article 176

*Article 176 was replaced by virtue of Article 1 of Federal Decree-Law No. 22/2025 dated 01/10/2025, to read as follows:*

1. The Public Prosecutor may file a petition for cassation or review, ex officio or upon a request from the Minister of Justice or the President of the local judicial authority, as the case may be, accompanied by the grounds of appeal, against final judgments, regardless of the court that issued them, and against decisions issued by the Courts of Appeal in chambers, where such judgment or decision is based on a violation of the law or an error in its application or interpretation, in the following cases:

    a- Judgments and decisions in respect of which the law does not permit the disputing parties to file an appeal.

    b- Judgments and decisions in respect of which the disputing parties have allowed the time limit for appeal to lapse, have waived the right to appeal, or have filed an appeal that was ruled inadmissible.

2. The Public Prosecutor shall file the appeal by a memorandum signed by him within **o**ne (1) year from the date of issuance of the judgment or decision. The Court shall examine the appeal in chambers, without summoning the disputing parties, and the disputing parties shall benefit from such appeal.

## Article 177

1. An appeal in cassation shall result in the stay of execution of the judgment of divorce or dissolution of the marriage or the judgment related to the ownership of real estate.

2. In cases other than those referred to in Clause (1) of this Article, the court may order a temporary stay of execution of the judgment if the appellant requested so in the appeal memorandum and feared that the execution would lead to serious damage that could not be remedied, and the president of the competent circuit shall set a session to hear this request. The appellant shall notify his opponent thereof in the appeal memorandum. If the court decides to stay the execution of the judgment or if the cassation was filed on grounds other than those mentioned in Article (175) of this Law, a session shall be set to hear the cassation within (60) sixty days in a Council Chamber.

3. The court shall adjudicate the petition for stay of execution within a period not exceeding (15) fifteen working days from the date of its submission.

4. The court may, when ordering a stay of execution, require the submission of a security or order whoever it deems to be a surety to safeguard the right of the respondent.

5. The order issued to stay the execution of the judgment shall apply to the execution procedures taken by the prevailing party based on the contested judgment from the date of requesting the stay of execution.

6. If the request is dismissed, the appellant shall pay its expenses.

## Article 178

The time-limit for an appeal in cassation is (30) thirty days.

## Article 179

1. The appeal in cassation shall be filed with a memorandum deposited with the case management office in the court that rendered the judgment, the Federal Supreme Court or the Court of Cassation - as the case may be - signed by a lawyer acceptable to plead before it, provided that he submits proof of payment of the fee in full with security within (3) three



working days following the date of the notification of the assessment of the fee, and the appeal in cassation shall be recorded in the register prepared for this purpose after completing that procedure.

2. The appellant shall deposit, at the time of submission of the memorandum, copies thereof equal to the number of the respondents and a copy to the case management office.

3. The appellant shall, before suspending the appeal for adjudication, deposit the power of attorney for the attorney appointed in the appeal in cassation.

4. In addition to the data related to the names of the parties, their capacities, and the address of each of them, the memorandum shall include a statement of the contested judgment, the date of its issuance, the date of its notification if it was notified, and a statement of the reasons on which the appeal was based and the appellant's claims.

5. If the appeal in cassation was not undertaken in the aforementioned manner, it shall be inadmissible, and the court shall rule its inadmissibility sua sponte.

## Article 180

It shall not be permissible to uphold before the court a reason that is not included in the memorandum of cassation unless the reason is related to public order, in which case it can be invoked at any time and the court adopts it sua sponte.

## Article 181

1. A fixed fee of (2,000) two thousand dirhams shall be imposed for each appeal in cassation, and ministries, agencies and government departments and the like in the country are exempted from paying this fee. The president of the court or his representative is responsible for adjudicating requests for postponement of fees or exemption therefrom. Filing the request entails the interruption of the time-limit for the appeal in cassation.

2. The appellant shall deposit at the court's treasury upon payment of the fee prescribed for the appeal in cassation, an amount of (3,000) three thousand dirhams as security, which will be returned to him if the appeal in cassation is accepted. If the appellants lodged their appeal in cassation under one memorandum, it is sufficient to deposit one security deposit, and those who are exempted from judicial fees are exempted from security deposit.

3. A fixed fee of (1,000) one thousand dirhams shall be imposed for each request submitted by the appellant to stay the execution of the contested judgment, and the entities mentioned in Clause (1) of this Article shall be exempted from paying this fee.

## Article 182

1. The case management office at the Court of Appeal shall notify the memorandum of cassation to the respondent within (10) ten working days from the time the appeal in cassation was filed. The case management office shall request the annexation of the case file whose judgment is contested within (3) three working days from the date the memorandum was submitted.

2. The case management office of the court that rendered the judgment shall send the case file within (10) ten working days from the date of receiving the file request.

3. The case management office of the court that rendered the judgment shall send the appeal in cassation along with the case file within (10) ten working days from the date it was submitted to it.

4. The court may decide to suffice with the official copy of the judgment submitted by the appellant instead of requesting the case file.

5. The respondent may file a memorandum of his defence within (15) fifteen days from the date of his notification.

6. The court may authorise the parties to submit further data to support their defences, and it may take every action that helps it to adjudicate the appeal in cassation.

## Article 183

1. The respondent may introduce in the appeal in cassation any party in the case in which the contested judgment was issued, and to whom the appeal in cassation was not directed, and his joinder shall be by notifying him of the appeal in cassation, provided that such notification takes place within the time-limit stipulated in Clause (3) of Article (182) of this Law.

2. Whoever is joined in the appeal in cassation shall deposit a memorandum of his defence with the court's case management office within (15) fifteen days from the date of his notification. The appellant shall have the right to reply to this memorandum in accordance with the time-limits stipulated in Article (182) of this Law.

## Article 184

Each party to the case in which the contested judgment was rendered and who was not notified by the appellant of his appeal in cassation may intervene in the appeal in cassation to seek a judgment of dismissal thereof. His intervention shall be by



depositing a memorandum of his defence with the case management office within (15) fifteen days from the date of his knowledge of the appeal in cassation.

### Article 185

1. The preparation judge prepares a summary report on the aspects of the appeal in cassation and replies thereto, and the case management office shall present the case file as soon as the report is deposited with the president, to set a session to hear the appeal in cassation in a Council Chamber. If the court finds that the appeal in cassation is unacceptable due to its extinction or the nullity of its procedures or its establishment on reasons other than those indicated in Article (175) of this Law, or because the court has previously issued a judicial principle in legal issue raised in the appeal in cassation and does not see any justification for reversing it, it shall order its inadmissibility by a decision to be recorded in the minutes of the session with a brief indication of the reason for the decision.

2. If the court finds that the appeal in cassation is valid for hearing, a session shall be set for its hearing in which the summary report shall be read out. The court shall rule on the appeal in cassation after deliberation and without pleadings.

3. If the court deems it necessary for oral pleading, it may hear the statements of attorneys on behalf of the parties or the statements of the parties themselves.

### Article 186

If the court accepts the appeal in cassation and the matter is valid for adjudication, or if the appeal in cassation is filed for the second time, then it shall adjudicate it and has the right to complete the necessary procedures. In other cases, the court shall rule to reverse the judgment in whole or in part and refers the case to the court that rendered the contested judgment, unless the court decides to hear it before a circuit composed of other judges, or to refer it to the competent court for re-adjudication. The court to which the case is referred is bound by the judgment of cassation as to the points adjudicated.

### Article 187

1. Reversal of a judgment entails the cancellation of all judgments founded upon the contested judgment, regardless of the court which rendered them.

2. If the judgment was reversed only in part thereof, it remains enforceable with respect to the other parts, unless they are consequential to the reversed part.

### Article 188

If the court rules that the appeal in cassation is inadmissible or that it is not accepted or dismisses it in whole or in part, it shall rule the imposition on the party who filed it to pay the appropriate expenses, in addition to the confiscation of all or part of the security, as the case may be.

### Article 189

The judgments of cassation may not be impugned in any means of challenge, with the exception of those issued at the origin of the dispute, in which case they may be challenge by a petition for review in the cases provided for in clauses (1, 2, and 3) of Article (171) of this Law.

### Article 190

1. Without prejudice to Clause (1) of Article (185) and as an exception to the provision of Article (189) of this Law, the court may retract the decision issued by it at the Council Chamber or from its final judgment sua sponte or at the request of the person against whom the decision or judgment was issued, in any of the following cases:

   a- If the decision or judgment contains a procedural error committed by the court or its auxiliary bodies and that affected the outcome of its decision or judgment.

   b- If the decision or judgment is based on an abrogated law, and the application of the correct law would have changed the formation of opinion in the case.

   c- If the decision or judgment is issued in violation of any of the judicial principles prescribed by the Authority or the circuits in the court, as the case may be, without referring thereto, or if it is issued in violation of the principles established by the court or issued by the Federal and Local Judicial Principles Unification Authority

2. The application for retraction shall be filed by the person against whom the decision or judgment was issued to the Case Management Office of the Federal Supreme Court or the Court of Cassation, as the case may be, signed by a lawyer acceptable to plead before it and accompanied by a security of (20,000) twenty thousand dirhams, and if the recourse is by the same court Its president shall refer it, accompanied by a report from the technical office, to the authority stipulated in Clause (3) of this Article.

3. The application for retraction or report of referral stipulated in Clause (2) of this Article shall be heard before a panel composed of (5) five judges in the court other than those who participated in the issuance of the decision or judgment.



The panel held in session at the Council Chamber shall issue a reasoned decision by a majority of (4) four judges in the retraction application, and the security amount shall be confiscated on dismissal of the application. If the application is accepted, it shall be referred to another circuit to re-hear and adjudicate the appeal in cassation, with the security amount returned to the applicant.

4. In all cases, the referral or submission of an application for recourse is for one time only, and it may not be referred or submitted after the expiry of one year from the date of issuance of the decision by the Council Chamber or the final judgment.

## Article 191

1. The rules and procedures that apply to an appeal before the Court of Appeal shall apply to an appeal by way of cassation insofar as they do not contradict the provisions of this Chapter.

2. Appeals in cassation against judgments rendered by the Federal Courts shall be filed before the Federal Supreme Court in the cases and in accordance with the procedures and rules prescribed in this Chapter, unless a special provision is stipulated in the Law of the Federal Supreme Court.

## Section 2 - Various Procedures and Litigations

## Title 1 - Offer and Acceptance

## Article 192

The debtor may, if he wishes to pay the amount due, offer the creditor the money, documents or movables he undertakes to provide to him at the debtor's domicile The offer shall be provided based on an application submitted to the case management office or to the president of the Court of First Instance, as the case may be, and it shall be served on the creditor by the process server, then a report shall be prepared thereon including the subject-matter of the offer, the conditions of the offer its acceptance or its rejection. The offer may be provided at the session before the court without the need to take any procedures should the offeree be present.

## Article 193

The debtor may, along with the offer, request the consent of the creditor to release his funds from the in-kind guarantee or from any other restriction that limits the disposal.

## Article 194

For an offer to be valid, the following is required:

1. It shall be directed to someone who has the capacity to receive it or his representative.

2. It shall be communicated by a person who has the capacity to fulfil it.

3. The offer shall include the amounts, assets due, accessories, and expenses.

4. The condition related to the obligation shall be met.

5. The debtor shall present the offer to the creditor himself or at his domicile.

## Article 195

1. If the offer is money or other things that can be moved and deposited in the court's treasury and the offeree rejects it, the president of the Court of First Instance or the president of the session, as the case may be, orders them to be deposited in that treasury immediately.

2. If the offer is rejected and the offered thing cannot be deposited in the court's treasury, the president of the session or the president of the Court of First Instance orders, based on the request of the process server – as the case may be – to deposit it in the place he specifies, if the thing is something that can be moved without hardship. If it is intended to remain where it is found or is not easy to move except with hardship, he orders it to be placed under receivership.

3. If the offered thing is rapidly perishable or costs exorbitant expenses for depositing or safeguarding it, the debtor or the process server may request the President of the Court of First Instance to order it to be sold by public auction and the price deposited in the court's treasury. If it is of a known price in the markets or if it is dealt therein currently, then it is not permissible to sell it in public auction unless it is not possible to sell it in practice at the known price.

4. The offeror may request the issuance of a decision validating the offer.



### Article 196

A decision validating the offer shall not be issued unless the offered thing and the accessories due up to the date of deposit have been deposited. With the validity of the offer, the court shall acquit the debtor from the day of the offer.

### Article 197

The debtor may retract an offer not accepted by his creditor and recover whatever he deposited after the lapse of (10) ten working days from the date of notifying his creditor of the offer and deposit.

### Article 198

It is not permissible to retract the offer nor to recover the thing deposited after the creditor accepts this offer or after rendering the decision validating the offer and becoming final.

### Article 199

The creditor may accept an offer that he had previously rejected and receive the thing deposited on his behalf if the debtor has not retracted his offer.

## Title 2 - Challenge of Judges and Members of the Public Prosecution

### Article 200

It is admissible to challenge judges of the Courts of First Instance and the Courts of Appeal and members of the public prosecution in the following circumstances:

1. If a fraud, a deceit or a flagrant professional mistake has been committed by the judge or the member of the public prosecution.
2. In the other circumstances in which the law decides the responsibility of the judge and inflicts on him indemnities.

### Article 201

1. The challenge shall be filed by means of a report with the case management office of the Court of Appeal to which the judge or member of the public prosecution is affiliated. It shall be signed by the applicant or whoever he authorises. The report shall include a statement of the aspects of the dispute and their evidence, and the supporting papers shall be deposited with it, along with a security deposit of (1,000) thousand dirhams.
2. The challenge shall be raised to one of the circuits of the Court of Appeal to consider its acceptance, by order of its president, after a copy of the report has been notified to the judge or member of the public prosecution.
3. It shall be heard in the deliberation chamber in the first session to be held after the (8) eight days following the notification, and the case management office shall notify the applicant and the litigant of the session, and if the challenged judge is a judge of the Court of Appeal or the challenged member of the prosecution is at least a Public Prosecutor or an Attorney General, the decision on accepting the challenge shall be issued by one of the circuits of cassation in the deliberation chamber, and if its rules to accept it, it refers the hearing of the merits to a special circuit consisting of (5) five of its judges according to the order of their seniority.

### Article 202

The court shall promptly decide whether the aspects of the challenge relate to the case and accept it, after hearing the applicant or his representative and the challenged judge or member of the prosecution - as the case may be - in person or through an attorney from the judiciary, and the statements of the public prosecution if it intervened in the case.

### Article 203

1. If the challenge is accepted, the judgment shall specify a session to hear the merits of the challenge in a public session, and it shall be adjudicated after hearing the requester, the litigant, and the statements of the prosecution if it intervened in the case.
2. The judge is not qualified to hear the case from the date of the judgment of accepting the challenge.

### Article 204

1. If the challenge is not accepted in form or is dismissed in the merits, the court rule to confiscate the security of the claimant with imposition of compensations thereon, if applicable.
2. If the court rules that the litigation is valid, the judge or the member of the prosecution shall be sentenced to the indemnities and expenses and the nullity of his acts, and the state shall be responsible for the indemnities that are



imposed on the judge or the member of the prosecution, and it shall have the right of recourse against him, and execution against it may be effected directly with the ruling issued in the challenge.

3. However, the nullity of the judgment issued in favour of another litigant other than the plaintiff in the challenge shall not be ruled except after he has been notified to make his statements. In this case, the court may issue a new judgment in the original claim if it deems it suitable for adjudication, after hearing the parties' statements.

## Article 205

The judgment rendered in the challenge may not be appealed except by way of cassation.

## Section 3 - Execution

## Title 1 - General Provisions

## Chapter 1 - Execution Judge

## Article 206

1. Execution shall be made under the supervision of the execution judge assigned at the seat of each court of first instance, circuit, or execution court - as the case may be - in every judicial authority, with the assistance of a sufficient number of executors and bailiffs, or private companies and offices for which a decision is issued by the Minister of Justice or the president of the court, or president of the local judicial authority and they may, after observing the relevant financial legislation, determine the fees due for the execution work entrusted to private companies and offices.

2. The procedures prescribed to be followed before the Court of first instance shall be observed before the execution judge unless the provisions of the law otherwise provide.

## Article 207

1. With the exception of real estate property lawsuits, the execution judge shall have the sole competence to enforce the writ of execution and to summarily adjudicate all disputes of execution, and to issue judgments, decisions and orders related thereto.

2. The execution competence lies with the execution judge in the circuit of the court that issued the judgment, decision or order, or in which circuit the writ of execution was documented or authenticated, or in the circuit of the court within which the domicile of the convicted person or the property of the convicted person is located.

3. If the execution relates to a procedure within the jurisdiction of another court's circuit, the competent execution judge may assign the execution judge in whose circuit the action is required to be taken.

4. The delegation may be electronic or on paper.

5. If the execution files between the same parties and heard before execution judges at various circuits are multiple, they may be joined together to be heard before the execution judge with whom first execution file was registered. Should the seizures be multiple through execution judges in different court circuits, the execution judge who imposed the first seizure shall be competent to distribute the proceeds of sales among creditors.

6. If the action to be taken is to issue a detention order in accordance with the provisions of the debtor's imprisonment set out in the Law, and the debtor's domicile is located in the jurisdiction of a court other than the court before which the writ of execution was enforced, the competent execution judge shall initiate the detention procedures and shall refer the matter to the execution judge in whose jurisdiction the action is required to be taken so as to carry out the investigation and issue and execute the appropriate order.

## Article 208

1. The assignment shall be sent by the competent execution judge to the execution judge in whose circuit the action is required to be taken, accompanied by all the legal documents required for its implementation.

2. The assigned execution judge shall take the necessary decisions to carry out the assignment or the referral and shall decide on the execution complications brought before him. Grievance or appeal against his decisions shall be filed before the competent court as the case may be in accordance with the procedures and deadlines stipulated in Article (209) hereof.

3. The execution judge, who carried out the execution of the assignment or referral, shall inform the execution judge of procedures carried out and shall transfer to him any objects or funds he has received as a result of the sale of the seizures.

4. If the delegated execution judge finds that there are legal impediments to the execution or if he is unable to execute for any other reason, he shall inform the competent execution judge thereof.



## Article 209

1. Decisions of the execution judge may be subject to grievance in any of the following cases:

    a- Order of priority among the prevailing parties or whether or not they are included in the distribution list;

    b- Deferring execution of the judgment for any reason.

    c- Granting the debtor a time-limit to pay the amount for which settlement the execution has been ordered, or allowing him to pay it in instalments;

    d- Acceptance or rejection of the insurance;

    e- Travel ban or refusal to order it.

    f- Arrest warrant or refusal to order it.

    The grievance shall be filed with the president of the court or his authorised representative within (7) seven days from the day following the date of its issuance, as regards the person in whose presence the procedure is issued, and from the date of his notification as regards the person in whose absence the procedure is issued, by virtue of an application to be deposited in the same file of execution. The judge before whom the grievance against execution was filed, shall issue a decision to cancel or modify the grieved-against decision as he deems fit, without having to summon the litigants, unless he deems it necessary. The decision issued in the grievance shall be final and may not be subject to appeal.

2. Decisions of the execution judge may be appealed directly before the competent Court of Appeal within (10) ten working days from the date of issuance of the decision if it was in presence, and from the day of its notification or knowledge thereof if it was issued in the absence of the opponent, in any of the following cases:

    a- The competence or lack of competence of the execution judge to implement the writ of execution;

    b- Where the funds seized are such funds that may or may not be seized or sold.

    c- The participation of persons other than litigants in the seizure.

    d- The decision to imprison the debtor, provided that the appellant presents a surety responsible for bringing the judgment debtor or paying the amount adjudged, and in case he is unable or fails to bring him before court, the court shall impose upon him to pay the amount of the security and collect same in the manner under which judgments are executed.

    e- The decision issued regarding determining the amount for executioned, and whether or not to continue its execution.

3. In the cases referred to in Clause (2) of this Article, the Court of Appeal held at the Council Chamber may hear the appeal and order that the procedure, subject-matter of the appeal, be stayed temporarily pending the adjudication of the dispute, unless by its nature affects its full execution, in which case, it shall order the entire stay of execution.

## Article 210

The Chairman of the Federal Judicial Council and the presidents of the local judicial authorities, each within his competencies, shall issue the organisational decisions regarding the registration of the applications for execution and the preparation of their files.

## Article 211

In the event that a resistance or aggression takes place against the executor, resulting in the interruption of the execution, he shall immediately notify the execution judge to take the precautionary measure as he deems appropriate, seek the assistance of the police officers and send the referral report to the public prosecution in order to take such action as it sees fit.

## Chapter 2 - Writ of Execution

## Article 212

1. Compulsory enforcement may be carried out only under a writ of execution, in satisfaction of a right verified, urgent and of a specified amount.

2. Writs of execution are:

    a- Judgments and orders, including penal judgments along with any refunds, compensation, fines and other civil rights contained therein.

    b- Documents authenticated in accordance with the law governing authentication and documentation.

    c- Minutes of the conciliation ratified by the courts.

    d- Other documents granted such capacity by the law.

3. The execution may not take place, in cases other than those exempted by law, except under a copy of the writ of execution stamped with the following executory formula: "The competent authorities and entities shall proceed with the execution of this writ and assist in its execution even coercively whenever requested to do so."



4. In the event that the execution applicant did not submit a request to take action in the file for a period exceeding one year after the last procedure, the execution judge may order the temporary closure of the file.

5. Writs of execution shall not be executed if abandoned for (15) fifteen years from the date of the last executory transaction or left for the same period since its issuance without enforcement.

## Article 213

The court, in summary actions or in cases where the delay is harmful, may order, upon the request of the concerned person, the enforcement of the judgment without notice and without stamping it with an executory formula

## Chapter 3 - Provisional Enforceability

## Article 214

1. Judgments may not be enforced compulsorily insofar as the appeal against them is admissible unless provisional enforceability is provided for in the law or awarded.

2. Precautionary measures may be taken as regards judgments of the Court of First Instance that may be challenged or are not subject to provisional enforceability.

## Article 215

1. 1-Provisional enforceability is a duty by the force of law in any of the following cases:

   a- Judgments rendered in summary matters, regardless of the court which issued them;

   b- Judgments rendered in personal status cases regarding alimony, wages and related expenses, and the increase or reduction thereof.

   c- Judgments rendered on the delivery, meeting, visitation and off-site visits of a minor.

   d- Orders on petitions.

2. Judgments shall be provisionally enforceable without guarantee, unless the judgment or the order provides for the provision thereof.

## Article 216

The court may issue, at the request of the concerned parties, a provisionally enforceable judgment with or without guarantee in any of the following cases:

1. Judgments issued in commercial matters.

2. If the losing party admits the establishment of the obligation, even if he litigated in its scope or claimed its extinction.

3. If the judgment is rendered in implementation of a previous judgment acquiring the force of res judicata or declared as provisionally enforceable without guarantee or based on an official document not challenged for forgery or an unofficial document that was not denied where the convicted person was a litigant in the previous judgment or a party to the deed.

4. If the judgment is delivered in favour of the execution applicant in a dispute concerning him.

5. If the judgment imposes the payment of wages or salaries or compensation arising from an employment relationship.

6. If the judgment is rendered in a possessory action or imposes the eviction of the lessee whose lease contract has terminated or rescinded, or eviction of the occupant of a real estate without justification, where the plaintiff's right is not denied or is supported by an official document.

7. In any other case, if the delay in execution entails serious harm to the interests of the prevailing party, provided that such matter shall be sufficiently reflected in the judgment.

## Article 217

1. Provisional enforceability - by force of law or court order - extends also to the attachments of the original application and to the expenses of the proceedings.

2. It shall not be permissible to agree on the provisional enforceability of the judgment before its issuance in any case other than its case.

## Article 218

In cases where the judgment or order may be executed only with a guarantee, the person bound thereby shall have the choice either to present a solvent surety or deposit at the court's treasury sufficient currencies or securities, or accept to deposit at the



court's treasury proceeds collected from the execution, or deliver the thing ordered to be delivered in the decision or the order to an honest judicial receiver.

## Article 219

1. The person bound by the guarantee shall declare his choice either through the executor in a separate paper or in the notice of the writ of execution.

2. In all cases, the choice shall include appointing an elected domicile in the State for the execution applicant if he has no domicile or workplace wherein to notify him of the documents relating to the dispute on the guarantee.

3. Within (3) three days after the announcement of the choice, the person concerned may file before the execution judge a grievance against the solvency of the surety or the honesty of judicial receiver or the adequacy of the things deposited. The decision rendered in the grievance shall be final.

4. If the grievance is not filed within the time-limit prescribed therefor or is filed then rejected, the execution judge shall impose on the surety to undertake to pay the guarantee or the judicial receiver to accept receivership. The minutes containing the surety's undertaking or the judicial receiver's consent shall be deemed a writ of execution towards him in respect of the obligations resulting from the surety's undertaking or the judicial receiver's acceptance.

## Article 220

1. The grievance against the description of the judgment issuance may be filed before the Court of Appeal by means of the usual procedures. The Court of Appeal held at the Council Chamber shall hear the grievance.

2. The grievance referred to in Clause (1) of this Article may be heard in the session - even after the time-limit for filing the appeal - during the hearing of the appeal lodged against the judgment.

3. The grievance shall be determined independently from the merits.

## Article 221

1. In all cases, the court before which the appeal or grievance is filed may, upon the request of the person concerned, order a stay of execution where there is a fear that serious harm would result from the execution.

2. The court, when ordering a stay of execution, shall impose the provision of a guarantee or order what it deems fit to secure the right of the prevailing party.

## Chapter 4 - Execution of Foreign Judgments, Orders and Bonds

## Article 222

1. Judgments and orders delivered by a foreign country may be ordered to be executed in the State under the same conditions as prescribed in the law of that country for the execution of judgments and orders issued in the State.

2. The execution, including the particulars specified in Article (44) of this Law shall be made on a petition and submitted by the person concerned to the execution judge. The judge shall issue his order within (5) five days from the date of its submission. His order may be appealed in accordance with the rules and procedures prescribed for filing an appeal. It shall not be admissible to order the execution before the verification of the following:

   a- The courts of the State are not exclusively competent in the dispute in which the judgment or order was rendered and the foreign courts that issued it are competent in accordance with the rules of international jurisdiction established by their law.

   b- The judgment or order is delivered by a court in accordance with the law of the country in which it was issued and duly ratified.

   c- The litigants in the case in which the foreign judgment was delivered were summoned and were duly represented.

   d- The judgment or order has the force of res judicata in accordance with the law of the court which issued it, provided that the judgment has acquired the force of res judicata or provided for in the same judgment.

   e- The judgment does not conflict with a judgment or order rendered by a court of the State and does not contain anything contrary to public order or morals.

3. The execution judge shall have the right to obtain the documents supporting the application before issuing his decision.

## Article 223

The provisions of Article (222) of this Law shall apply to arbitrators' awards issued in a foreign country. The arbitrators' award shall be issued in a matter in respect of which arbitration is admissible pursuant to the law of the State and enforceable in the country in which it was issued.



## Article 224

1. Authenticated documents and the minutes of conciliation ratified by the courts in a foreign country may be ordered to be executed in the State under the same conditions prescribed in the law of that country for the enforcement of the judgments rendered in the State.

2. The execution order referred to in clause (1) of this article shall be made on a petition to be submitted to the execution judge under the same procedures and conditions stipulated in clause (2) of Article (222) of this Law. The execution order may only be carried out after verifying that the conditions required for the enforceability of the document or the minutes are fulfilled in accordance with the law of the country in which it has been authenticated or ratified and that it does not breach the public order or morals in the State.

## Article 225

The rules provided for in this Chapter shall not prejudice the provisions of treaties and agreements between the State and other States concerning the enforcement of foreign judgments, orders, and bonds.

## Chapter 5 - Enforcement of Writs of Execution and Decisions on Personal Status Matters

## Article 226

Notwithstanding the provisions of Article (207) of this Law, the judgments and decisions on personal status shall be enforced under the supervision of a competent judge assigned at the seat of each court and assisted by a sufficient number of executors and social workers.

The provisions and procedures of execution contained herein shall apply regarding what is not provided for in this Chapter.

## Article 227

The personal status execution judge shall be the sole competent to enforce writs of execution and decisions on personal status provisions, adjudicate all disputes of execution and objections thereto, and issue travel ban orders, provided that the customs and traditions prevailing in the State are observed.

## Article 228

The personal status execution judge may, when necessary, seek the assistance of a person of expertise and specialisation in matters of personal status.

## Article 229

The personal status judge may propose conciliation to the parties to the execution. He may ratify the conciliation minutes concluded between the parties as to the method of enforcement of the writ of execution and may amend the dates, places of meeting, visitation, and off-site visits provided in the writ of execution whenever necessary and in the interest of the children, even if such conciliation contravenes the writ of execution or the decision executed thereunder, provided that the interests of the children are not prejudiced.

## Article 230

Execution sessions in matters of personal status shall not be held in public, and decisions of execution shall be issued without the need to hold a session therefor, unless the personal status execution judge decides otherwise.

## Article 231

The writs of execution and decisions relating to personal status matters shall be enforced (7) seven days after the date of the notification of the writ.

## Article 232

1. Judgments rendered by the personal status execution judge in substantive execution disputes shall be subject to appeal within (15) fifteen days from the date of their issuance.

2. If the execution applicant or the judgment debtor possesses files relating to personal status matters between them in the circuits of other courts, said files may be joined together to be heard by the execution judge with whom the first execution file is registered, unless the parties agree otherwise.



## Chapter 6 - Execution Procedures

### Article 233

1. The execution applicant shall indicate the procedures required to be taken in the list of execution requests upon registration electronically or on paper.

2. The execution shall be preceded by the service of the writ of execution in accordance with the procedures prescribed in this Law.

3. The noice paper shall state the matter required and the notice to pay the debt served on the debtor within (7) seven days from the date of his notification, and the election of domicile for the execution applicant in the circuit of the court wherein the execution takes place if his original domicile or workplace or his elected domicile is not located therein.

4. If the writ of execution is issued based on a contract to open a letter of credit, it shall be notified together with an extract of the debtor's account as per the creditor's current ledgers.

5. In the event of execution by the evacuation of a property or by the delivery of a movable or real estate, the notice of the writ of execution shall adequately specify such funds.

6. If the writ of execution includes a date for evacuation or delivery, the notice shall mention such date.

### Article 234

1. Notwithstanding the provisions of Article (233) of this Law, without prejudice to the rules of provisional seizure of movable property, seizure of the funds the debtor has with third parties and the provisions of any other legislation, the execution judge may order the provisional seizure of the debtor's funds in accordance with the rules and procedures prescribed in this Law prior to his notification of the writ of execution, if he finds evidence indicating that the debtor seeks to smuggle his money from the credit information report or from the case presumption or that the creditor hast lost the general guarantee.

2. The execution judge may order to inquire about the debtor's funds prior to his notification of the writ of execution.

3. The execution judge may ban the person against whom execution is effected from traveling before his notification of the writ of execution if he finds evidence that the debtor is seeking to leave the country.

### Article 235

1. If the debtor proposes to the executor at the time of notification of the writ of execution or in any of the procedures' cases, the payment or delivery of the sum, subject-matter of the execution, in whole or in part, the executor shall record the same in the minutes and request the debtor to deposit the sum proposed at the court's treasury in favour of the execution applicant. Said deposit or delivery shall be carried out on the same day or on the following day at most.

2. If the thing proposed is part of the debt, the executor shall continue to execute against the remainder.

### Article 236

The executor shall not break open doors or open locks by force to carry out the execution except with the approval of the execution judge, and in the presence of a police officer whose presence shall be recorded in the execution minutes, otherwise it shall be deemed null.

### Article 237

1. If the debtor dies or loses his capacity or if the person who is pursuing the proceedings on his behalf prior to the commencement of the execution or prior to its completion loses his legal status, it shall not be permissible to execute or continue to execute against his heirs, whose names and capacities are mentioned in the legacy notification or whoever represents them, unless after the lapse of (7) seven days from their notification of the writ of execution.

2. If the creditor dies or loses his capacity or if the person who is pursuing the proceedings on his behalf after to the commencement of the execution loses his legal status, the execution procedures and all the time-limits effective against him shall be stayed until they are revived by one of the parties to the execution.

3. Before the expiry of (3) three months from the date of death, the notice referred to in clauses (1) and (2) of this article may be served upon all the heirs in the last domicile where their legator resided without stating their names and capacities. After this period, the notice shall mention their names and capacities.

### Article 238

The third party may not pay the amount required under the writ of execution nor may he be forced to settle it until after the debtor has been notified of the intention to carry out such execution at least seven days before the date scheduled therefor.



## Chapter 7 - Objections to Execution

### Article 239

1. If at the time of execution, an objection requiring a provisional procedure is filed, the executor or the execution debtor shall present said objection to the execution judge so as to decide to stay the execution or proceed therewith.

2. In all cases, the executor may not proceed with the execution before the judge issues his decision. Grievance against this decision shall be filed in accordance with clause (1) of Article (209) of this Law.

3. If it becomes clear to the execution judge that the objection is considered as a substantive execution dispute, he shall instruct the objector to register it within (7) seven days from making such observation, while proceeding with the execution, unless the court hearing the dispute rules its stay.

4. If it becomes clear to the execution judge that the objection is filed under a lawsuit relating to the ownership of a real estate in the usual procedure for filing a lawsuit before the competent court, this shall result in the stay of execution save as otherwise ordered by the court.

5. The filing of any other objection does not entail the stay of execution, unless the execution judge or the law decides its stay. The provisions of this Clause shall be also applied on objections filed after any substantive execution dispute.

### Article 240

The real offer shall not result in the stay of the execution if the offer is subject to a dispute, and the execution judge may order the execution to be stayed temporarily and the thing offered, or a larger amount thereof be deposited.

### Article 241

A security deposit of (5,000) five thousand dirhams shall be obtained from the objector upon registration of a temporary execution dispute. It shall be refunded if the objection is accepted and confiscated by force of law if the objector loses the objection, with the exception of personal status cases.

In all cases, the dispute shall not be accepted if it is not accompanied by proof of the security's deposit.

## Title 2 - Attachments

## Chapter 1 - General Provisions

### Article 242

Without prejudice to any provision of any other legislation, the following may not be placed under attachment:

1. Public funds of the State or of one of its Emirates, in addition the funds of the Waqf.

2. 2 - The property considered as a residence of the debtor or the convicted person and, in case of his death, of those of his relatives residing therewith him and for whom he legally provides, unless the property or joint property therein is mortgaged and the debt has arisen from its price, in which case it may be seized to repay the debt.

3. Clothes, furniture and kitchenware needed by the debtor and his family, and food and fuel needed thereby for a period of (6) six months.

4. The land or agriculture equipment owed by the farmer or the fisherman in proportion to what suffices his livelihood and his dependents.

5. Funds gifted or inherited to be, themselves or their revenue, an alimony, or a temporary or a life-time salary, and the amounts adjudged and prescribed or allocated temporarily for the alimony or disbursement therefrom in a certain purpose, to the extent of one quarter to settle the debt of a prescribed alimony.

6. Funds gifted or bequeathed, provided that they may not be seized and that if the judgment creditor is one of the creditors of the grantee or the legatee whose debt has arisen before the gift or the will, except for a debt of a prescribed alimony and to the extent of one quarter.

7. Books, tools and means needed by the debtor to practice his profession or craft by himself, unless the attachment is imposed to collect their price or their maintenance expenses or a prescribed alimony.

8. The movable that is considered as a fixture, if its attachment is independent from the real estate allocated for its service, unless its attachment is to collect its price or its maintenance expenses.

9. Wages and salaries with the employer even if transferred to a bank account to the extent of on quarter of the wage or gross fixed salary, and upon competition, the debt of alimony shall have the priority.

10. Funds of foreign embassies and diplomatic bodies enjoying diplomatic immunity under the condition of reciprocity.



### Article 243

If the attachment is not completed in one day, it may be completed within one consecutive day or days. The executor shall take the necessary measures to preserve the things required to be attached until completion of the minutes. The minutes shall be signed whenever the attachment procedures are suspended.

However, if necessary, the executor shall continue to carry out the attachment procedures after the time-limits specified in Article (7) of this Law or on public holidays, and he may complete them without the need to obtain a leave from the execution judge.

### Article 244

It shall be admissible, at any stage of the procedures before the auction knock-down, to deposit an amount of money equal to the debts, subject-matter of the execution, and to the expenditures, at the court's treasury.

Such deposit shall result in the dissolution of the attachment of the properties seized and its imposition upon the deposited amount.

### Article 245

The distrainee may request from the execution judge, in any of the procedure's cases, the estimation of a sum of money or its equivalent to deposit it at the court's treasury as a payment guarantee to the judgment creditor. Such deposit shall result in the dissolution of the attachment of the properties seized and its imposition upon the deposited amount.

### Article 246

The attachment shall be imposed to the extent of the debt claimed. If the value of the right in satisfaction of which the attachment is imposed is not proportional to the value of the attached properties, the debtor may request the competent judge - as the case may be - to limit the attachment to some of those properties.

## Chapter 2 - Provisional Seizure

### Article 247

Without prejudice to the provisions of any other legislation, the creditor may request the court hearing the case or the magistrate of summary justice, as the case may be, to impose the provisional seizure on the property and the assets of his opponent in any of the following cases:

1. Each case wherein he fears from losing the guarantee of his right, in any of the following cases:

    a- If the debtor does not have a stable residence in the State.

    b- If the creditor fears on the basis of serious evidence that the debtor flees or smuggles or conceals his funds.

    c- If the debt securities are at risk of being lost.

2. In favour of the lessor against each of the tenant or the sub-tenant, on the movables, fruits and proceeds existing in the leased premises as a guarantee for the preferential right legally prescribed for the lessor. Such seizure may be imposed in favour of the lessor where the movables, fruits and proceeds were moved without his knowledge, unless (30) thirty days have lapsed from the date of their movement, or unless amounts of money sufficient to guarantee the preferential right prescribed for him remained in the leased premises.

3. If the creditor holds an official document or an ordinary document for a debt payable and not subject to a condition or where he possesses a non-enforceable judgment if the debt established therein is of a specified amount.

4. In favour of the employee where it is impossible to settle his dues as determined by the law governing the relationship between them, in order to secure payment of his dues after being temporarily evaluated by the competent administrative authority.

5. In all cases, the court may, before accepting the application for seizure, request any statements, evidence or affidavits, conduct a brief investigation or the necessary investigations with the assistance of the competent administrative authorities when it deems it necessary.

### Article 248

The owner of a movable property and whoever has a real right therein or a right to withhold the same, may request the imposition of provisional seizure thereon with the party in whose hands it is available, and that under a petition containing sufficient details on the movable required to be seized.

### Article 249

1. If the debtor does not hold any writ of execution or if his debt is not of a specified amount, the magistrate of summary justice may order the imposition of provisional seizure and temporarily estimate the debt of the judgment creditor



based on a grounded petition submitted by the seizure applicant. Prior to issuing the order, the judge may carry out a brief investigation should he deem that the documents supporting the application are insufficient.

2. In the case of seizure of a property, an official copy of the title deed of the property required to be seized shall be submitted together with the petition.

3. If the lawsuit was previously filed the competent court, the seizure order referred to in Clause (1) of this Article may be sought by the court hearing the case.

## Article 250

1. The rules and procedures provided for in Articles (264) and (285) of this Law, except for the provisions relating to the appointment of the sale date, shall be followed in the provisional seizure of movables, unless the movables are subject to damage, in which case the provisions of Clause (2) of Article (273) hereof shall be observed. The rules and procedures stipulated in Articles (285) to (305) hereof, except for the provisions relating to the submission of the writ of execution and the procedures for auction sale shall be followed in the provisional seizure of real estate.

2. The judgment creditor shall, within (8) eight days at most from the date of issuance of the seizure order, file before the competent court the action for the establishment of the right, in cases where the seizure is ordered by the magistrate of summary justice, otherwise, the seizure shall be deemed void ab initio. The seizure shall also be deemed void ab initio if he does not initiate enforcement of the final judgment issued in its favour within (30) thirty days from the date of becoming final.

3. The person against whom the judgment is issued, the distraineem and the interested parties may file a grievance against the seizure order before the magistrate of summary justice, or the competent court, as the case may be, whether the grievance relates to the subject or dates of the seizure. In all cases, the seizure shall cease if a final judgment dismisses the action for the establishment of the right.

4. If a judgment dismisses the grievance and it was enforceable or has become enforceable, the procedures prescribed for sale in Articles (264) to (282) and (285) to (305) of this Law, as the case may be, shall be followed or the execution shall be carried out through the delivery of the movable in the case mentioned in Article (248) hereof.

5. 5-The seizure procedures taken under an enforceable judgment or decision shall remain valid unless the judgment or decision issued to cancel them has become final.

## Article 251

1. If the lessor of the real estate imposes the seizure on the movables of the subtenant in accordance with clause (2) of Article (247) hereof, the procedures shall be directed to both the principal lessee and the subtenant.

2. The subtenant's notification of the seizure shall also be considered also as a seizure of the rent in his hands.

3. If the principal tenant is not prohibited from subletting, the sub-tenant may request to discharge the seizure imposed on his movables while the rent in his hands remains seized.

## Chapter 3 - Seizure of the Debtor's Property in the Hands of a Third Party

## Article 252

1. Each creditor may request from the competent court or from the magistrate of summary justice to impose the seizure on movables or debts which his debtor has in the hands of a third party, even if they are deferred or subject to a condition or disputed.

2. If the seizure is not levied on a movable or on a debt per se, it shall include all the distrainee's movables in the hands of the garnishee and the debts accrued until the date of filing the statement on the properties held thereby.

3. The seizure of the properties that the debtor has in the hands of third parties shall be imposed on the debtor's movables in the possession of his legal representative.

## Article 253

The seizure shall take place - with no need for a prior notification to the debtor - by virtue of an order issued by the judge. The order shall be notified to the garnishee with the knowledge of the executor, and it shall include the following data:

1. A statement of the principal sum for satisfaction which the seizure has been levied in addition to the expenditures.

2. A determination of the seized thing not open to ambiguity and ignorance, if the seizure involves a specific property and the garnishee fails to pay or deliver the property owed to the distrainee.

3. The number of the lawsuit or the seizure application, the name of the judgment creditor, his domicile and workplace in the State. Should he have no domicile or workplace in the State, he shall elect a domicile within the jurisdiction of the court wherein execution is taking place.



4. The request made to the garnishee to file a statement on the properties held thereby and a statement from the court that levied the seizure, within (7) seven from the date on which the seizure notice is served.

## Article 254

If the order does not include the data mentioned in clauses (1) and (2) of Article (253) hereof, the seizure shall be deemed null and void. Any interested party may uphold this nullity.

## Article 255

1. The payment by the garnishee shall be made by depositing the debt at the court's treasury, and if the subject of seizure is a movable impossible to be deposited thereat, it shall be possible to deliver the same to a judicial receiver to be appointed by the authority that ordered the seizure under a request submitted thereto by the garnishee or the distrainee.

2. The deposit shall be accompanied by a statement signed by the garnishee as regards seizures levied on funds in his hands, their notification dates, the names of the judgment creditors and the distrainees, their capacity and addresses, the documents under which the seizures have been imposed and the sum of money for satisfaction which the seizure has been imposed.

3. The authority ordering the seizure shall immediately inform the judgment creditor and the distrainee of the deposit or the placement of the movables in a judicial receiver's hand.

4. The deposit or the placement of the movables under the receivership shall dispense of filing the statement on the properties held if the money or the movable is sufficient for the payment of the judgment creditor's debt.

5. If a new seizure is levied on the amount deposited or the movables placed under the receivership and any of them has become insufficient, any of the judgment creditors may request the garnishee to file the statement on the properties held thereby within (7) seven days from the day of instructing him to do so.

## Article 256

1. If the deposit does not take place according to Articles (244) and (245) of this Law, the garnishee shall file the statement on the properties held thereby before the authority ordering the seizure within (7) seven days from his notification of the seizure, and he shall mention therein the debt's amount, reason therefor and the reasons of its extinction, if any, and if the garnishee has movables in his hands, he shall attach a detailed list thereof to the statement on the properties held thereby.

2. If the seizure is levied on funds in the hands of the government, or a public association or institution or a bank, the statement on the properties held thereby shall be filed through a letter including the details thereof, sent by the garnishee to the authority that ordered the seizure in the date mentioned above.

3. The garnishee shall not be exempt from filing the statement on the properties held thereby if he was not indebted to the distrainee, then it shall be permissible to file such statement by virtue of a statement to be submitted by the authority that ordered the seizure. Moreover, the professional confidentiality shall not exempt him from filing the statement on the properties held thereby.

## Article 257

If the garnishee dies or loses his capacity or if his representative loses his capacity, the judgment creditor may notify the heirs of the garnishee, or his representative, with a copy of the seizure notice and he shall instruct them to file the statement on the properties held thereby within (7) seven days from such request.

## Article 258

The dispute on the statement on the properties held and filed by the garnishee shall be brought before the Court hearing the seizure lawsuit at any stage of the case.

## Article 259

1. If the garnishee fails to duly file the statement on the properties held thereby or files an adequate or false statement, or conceals documents to be deposited in order to confirm the statement, it shall be possible to impose upon him, in favour of the creditor who has obtained a writ of execution to collect his debt, the sum for which satisfaction the seizure has been levied, through a lawsuit filed with the usual procedures. His lawsuit shall not be admissible after the lapse of (3) three years from the date of issuance of the decision of determination of the debt owed.

2. The execution of the decision delivered against the garnishee shall be considered a payment to the judgment creditor's right towards the garnishee, without prejudice to the garnishee's right of recourse against the distrainee as to the amount he paid to the judgment creditor.



3. The decision shall not be rendered if the garnishee has redressed the reason for which the lawsuit has been filed until the closure of the pleading even before the Court of Appeal.

4. The garnishee shall, in all cases, bear the lawsuit expenses and the compensations for his failure or default.

## Article 260

Should the right of the judgment creditor be proven by virtue of a writ of execution, he shall be entitled, immediately upon filing the statement on the properties held thereby, to request from the execution judge the issuance of an order against the garnishee to pay to the judgment creditor the sum acknowledged thereby or the sum paid therefrom to the judgment creditor, provided that procedures set in Article (238) hereof are observed.

## Article 261

If the payment is not made according to the Article (260) of this Law nor deposited according to Articles (244) and (245) hereof, the judgment creditor may execute against the funds of the garnishee on the basis of a writ of execution attached to an official copy of the garnishee's statement on the properties held thereby, without prejudice to the provisions of Article (233) hereof.

## Article 262

If the seizure is imposed on movables, they shall be sold through the procedures prescribed for selling the movable held by the debtor.

## Article 263

The creditor may impose seizure of his debts to the debtor under an order issued by the competent judge to be notified to the debtor including the information to be mentioned in the seizure notice.

If the judgment creditor does not hold a writ of execution or a judgment, the procedures and deadlines stipulated in clauses (2, 3, 4 and 5) of Article (250) of this Law shall be followed.

## Chapter 4 - Seizure of Movables with the Debtor

## Article 264

1. Subject to the provisions of Article (236) hereof, the seizure shall be proceeded on the basis of written or electronic minutes as the case may be, drafted at the place of its signature, and including, in addition to the data required to be mentioned in the notice, the following:

   a- The writ of execution.

   b- The judgment creditor's domicile or workplace in the State; if he does not have a domicile or a workplace in the State, he shall elect a domicile within the circuit of the court in which the execution shall be proceeded.

   c- The seizure place, the procedures which the executor has undertaken, the obstacles and objections he has faced during the seizure and the measures he has taken to this effect.

   d- The things seized in detail, their type, description, amount, weight or dimensions and a statement of their approximate value.

2. The executor and the debtor, if present, shall sign the seizure minutes, and in case of his abstention to sign, the executor shall record that in the seizure minutes. The mere signature of the debtor shall not be considered an approval on the decision.

3. The seizure shall not require moving the seized things from their places except by virtue of the order of the execution judge.

4. The things shall become seizure by merely mentioning them in the seizure minutes, even if a judicial receiver has not been appointed therefor.

5. If the seizure takes place in the presence of the debtor or in his residence or workplace, a copy of the minutes shall be delivered to him or to whoever receives it on his behalf; however, if the seizure takes place in his absence or in a place other than his residence or workplace, he shall be notified with the minutes in the manner prescribed in Article (10) hereof, within, at most seven days following the seizure.

## Article 265

1. If the seizure is levied on jewelleries or bars of gold or silver or other precious metal or precious stones, they shall be weighed and described accurately in the seizure minutes, and such items shall be evaluated by an expert assigned by the execution judge at the request of the execution applicant.

2. It shall be permissible, in the same way, to evaluate the other artistic and precious items at the request of the judgment creditor or distrainee, and in all cases, the expert's report shall be attached to the seizure minutes.



    3. If there is need to move these items in order to weigh or evaluate them, they shall be placed in a sealed shelter and this shall be mentioned in the minutes with the description of the seals and they shall be deposited at the court's treasury.

    4. If the seizure is imposed on money or currencies, the executor shall mention their description and amount in the minutes and deposit them at the court's treasury.

## Article 266

    1. The executor shall appoint a judicial receiver for the seized items, and he shall elect a solvent person as a receiver if the judgment creditor or the distrainee does not appear, and the distrainee shall be appointed, if he request so, except in fear of squandering based on valid reasons to be stated in the minutes, in such case, the opinion of the garnishee shall be taken on said reasons and they shall be presented immediately to the execution judge to take his decision thereon.

    2. If the executor does not find at the seizure place someone to accept the receivership and the debtor was present, he shall appoint him for the receivership and his refusal thereof shall not irrelevant, however, if the debtor is not present, the receiver shall take all the possible precautions to preserve the seized items and refer that matter immediately before the execution judge to order either to move or deposit them with a trustee who accepts the receivership and elected by the judgment creditor or the executor or to assign temporarily the police for the receivership.

## Article 267

    1. If the receiver is present at the time of the seizure, the seized items shall be delivered to him at the place where the seizure is effected, after signing the seizure minutes and being handed a copy thereof, and if he is absent or has been assigned thereafter, the seized items shall be counted and delivered to him after signing the inventory minutes and being handed a copy thereof.

    2. If the receiver abstains from signing the seizure or the inventory minutes or refuses to receive a copy thereof, the executor shall appoint another receiver, otherwise he shall forthwith refer the matter to the execution judge to decide such action as he deems appropriate.

## Article 268

The receiver, other than the debtor or the possessor, shall be entitled to a remuneration for his receivership and such remuneration shall de regarded judicial expenses on the movables seized. The receiver's remuneration shall be estimated by an order issued by the execution judge based upon a petition submitted thereto.

## Article 269

    1. The receiver may not use the seized items, nor exploit, lend, nor expose them to damage, otherwise he shall be denied the receivership and liable for compensation; however, if he was the owner or a usufructuary thereof, he may use them for the purpose allocated thereto.

    2. If the seizure is levied on livestock, bids, tools, or equipment needed for the management or exploitation of a land, factory, workshop, association or the like, the execution judge may, based on a petition submitted to him by one of the concerned parties, order the receiver with the management or exploitation if he is competent therefor or replace him with another receiver.

## Article 270

    1. The receiver may not request his exemption from receivership before the day appointed for the sale except for reasons necessitating that, and his exemption shall be under an order on a petition issued by the execution judge.

    2. When the new receiver assumes his task, the executor shall count the seized items. He shall draft a report thereof to be signed by the receiver and a copy thereof shall be delivered to him.

## Article 271

    1. If the executor moves to seize movables which were previously seized with the debtor, the receiver shall show him the copy of the seizure minutes and submit the seized items. The executor shall count them in a report and seize items not previously seized. Also, he shall appoint the first receiver a receiver thereon, if there are at the same place.

    2. Subject to the provisions of Article (276) of this Law, in the event that it is not possible to obtain the approval or rejection of the judgment creditor, the date of sale, its time and place shall be determined by the execution judge. The executor shall then immediately list the same on the court's website, post the same on the door of the place where the seized items are stored, as well as the bulletin board prepared for that purpose in the court.

    3. Such notification shall result in the continuation of the seizure for the benefit of the second judgment creditor even if the first judgment creditor has waived it, and it shall be considered as a seizure of the proceeds of the sale in the hands of the executor.



4. If the first seizure imposed on the movables is void, such invalidity shall not affect the subsequent seizures if they were valid.

## Article 272

1. Upon completion of the seizure, the debtor may submit to the execution judge an application to sell the funds seized for a buyer and attach the price of the sale to the application and the buyer's consent. This shall be presented to the judgment creditor within (7) seven days from the date of the application, if he does not object thereto within (7) seven days from the date of his notification or upon his consent, the sale shall be made, and the price shall be deposited at the court's treasury in favour of the creditor.

2. Subject to the provisions of Article (276) of this Law, in the event that it is not possible to obtain the approval or rejection of the judgment creditor, the date of sale, its time and place shall be determined by the execution judge. The executor shall then immediately post the same on the door of the place where the seized items are stored, as well as the bulletin board prepared for that purpose in the court.

3. The execution judge may order announcement thereof in one of the daily newspapers issued in the State in Arabic or in foreign languages when necessary or by other technical means and media, or by any other means he deems appropriate.

## Article 273

1. The sale shall be carried out in the place where the seized items are stored or in the place designated by the execution judge for the sale of the seizures unless otherwise required by the interest. The sale shall take place after at least (3) three days from the date of completion of the procedures for listing on the court's website or posting or publication. Whoever wishes to inspect the seizure in the mentioned period shall be permitted to do so.

2. However, if the seized items are subject to damage or price fluctuation, the execution judge may order the sale at the place he deems fit and from one hour to another, as the case may be, at the request of the receiver or a person concerned or the executor.

3. If the creditor does not sell the seized items within (30) thirty days from the date of the seizure, unless there are legal impediments, the execution judge may initiate the sale or lift the seizure, as the case may be, and deduct the expenses from the sale proceeds.

## Article 274

If the sale does not take place on the day specified in the seizure minutes, another day shall be set and notified to the receiver and the concerned party, and the posting and the publication shall be redone in the manner indicated in the articles of this Chapter, with the possibility to reduce the valuation 5% for (5) five times and then sell them at a price estimated by the execution judge.

## Article 275

1. The sale shall be carried out by public auction under the supervision of the execution judge by calling upon the executor, provided that the price is paid immediately. The judge may grant him a period of not more than (5) five days. The executor shall not start the sale until after the inventory of the seized items has been made and recorded in the sale minutes. He shall prove therein the procedures of the sale, the objections made thereto, the obstacles he has faced, and the actions he took in this respect. Also, the presence or absence of the judgment creditor and the garnishee shall be proved as well as his signature if he is present or refusal to sign.

2. The executor shall record in the minutes the names of the bidders and their respective domiciles, workplace or e-mail, as the case may be, in addition to the prices offered and their signatures. The minutes shall include in particular the price paid at the auction knock-down, the name, domicile, workplace and signature of the successful bidder.

3. For the purpose of announcing the continuation or deferral of the sale, it shall be sufficient that the executor mentions same in public and record it in the sale minutes.

4. The remote communication technology provided for in the Law may be used in any of the auction procedures mentioned in this article and Articles (276) to (278) of this Law.

## Article 276

If no one appears to purchase the jewelleries, or bars of gold or silver, jewels, gems or the precious stones and the items estimated at their values according to the experts' valuation, and the creditor does not accept the settlement of his debt in rem at that value, their sale date shall be extended to the following day, if it is not a holiday, or to the first working day after the holiday, and if no purchaser has offered the value estimated, the sale shall be postponed to another day and the posting and publication shall be remade as mentioned in the preceding articles, then the executor shall present the matter to the competent judge to order that the auction be knocked down at the price which he finds appropriate even if on another date.



## Article 277

If the successful bidder does not pay the price immediately, the judge may grant him (5) five days to pay. After the expiry of the said period without paying, he shall resell on his responsibility in the manner mentioned, at any price, and pay the price difference, and the expenses and fees of the resale. The sale minutes shall be regarded as a writ of execution towards him as regards the price difference.

He shall not be entitled to any increase in the price, but such increase shall be the right of the debtor and its creditors. The executor shall be liable for the price if he does not receive it immediately from the purchaser and proceed with the resale on his responsibility, and the sale minutes shall be regarded as a writ of execution towards him.

## Article 278

The executor shall stop the sale if its proceeds are sufficient to pay off the debts for which satisfaction the seizure has been imposed, in addition to the expenses thereof. As for seizures levied thereafter on the price in the hands of the executor or any other person, only the part required for the settlement of the forgoing shall be considered.

## Article 279

The action for recovery of the seized items shall be filed before the competent court and shall result in the stay of the sale unless the court rules the execution continuation on the conditions it deems appropriate. The court may impose a fine of not less than (1000) thousand dirhams and not more than (5000) five thousand dirhams in case of dismissal of the recovery action.

## Article 280

The recovery action shall be filed against the judgment creditor, the distrainee and the judgment creditors intervening, and the statement of claim shall include a full statement of ownership evidence, on pain of inadmissibility, and the court shall rule its inadmissibility sua sponte.

## Article 281

1. The judgment creditor shall have the right to proceed with execution if the court rules the nonsuit of the recovery action or if it is deemed void ab initio, or it has been decided to consider it as such. He has also the right to proceed with the execution if the court rules the dismissal of the action, its lack of jurisdiction, the inadmissibility of the case, the nullity of its statement of claim, the abatement of the dispute therein, or the approval to abandon it.

2. The judgment creditor shall proceed with the execution even if the judgments referred to in Clause (1) of this Article are amenable to appeal.

## Article 282

1. If another recovery action is filed by the same restorer, and his first action has been considered as void ab initio or the court rules to consider it as such, or its rejection or inadmissibility, its lack or jurisdiction, the nullity of its statement of claim, the extinguishment of the litigation therein, or the approval to abandon it, the sale shall not be stayed unless the competent court rules so. This provision shall be applied if the recovery action has been renewed after its nonsuit or stay.

2. The judgment referred to in Clause (1) of this Article shall apply if a second recovery claim is filed against another restorer and the case shall be deemed to be second when it is subsequent on the date of its filing, even before the extinguishment of the effect staying the sale caused by the filing of the first action.

## Chapter 5 - Seizure of Stocks, Bonds, Revenues and Shares

## Article 283

1. If the shares or bearer bonds or endorsable, their seizure shall be made through the proceedings set for the seizure of the movable with the debtor or with third parties.

2. The seizure of the arranged revenues, the nominal shares, the shares of profits due by juristic persons and the rights of the testators in the companies shall be made through the procedures set for the seizure of the funds that the debtor has in the hands of third parties. Their seizure shall result in the seizure of their profits until the sale day.

## Article 284

The shares and bonds and the like mentioned in the Article (283) hereof shall be sold by public auction, according to the procedures stipulated in Article (288) et seq. of this Law, under the supervision of the execution judge.



## Chapter 6 - Seizure and Sale of Real Estate

### Article 285

1. The judgment creditor shall submit to the execution judge an application for seizure of the real estate, including the following data:

    a- The applicant's name, surname, profession, residence, workplace, and his elected domicile in the jurisdiction of the court in which the execution shall be made if he has not a domicile or a workplace therein.

    b- The name of the garnishee, his surname, profession, domicile and workplace.

    c- The description of the real estate required to be seized including its location, area, boundaries, or its number and zone and any other information to help designate it according to what is established in the official registers prepared for this purpose.

2. The creditor may seek an order on petition from the execution judge authorising the executor to enter the real estate, to access the information needed for its description and designation of its contents. Such order may not be subject to grievance.

### Article 286

1. If the execution judge finds that the real estate seizure application fulfils its legal conditions, he shall issue his decision to impose the seizure to be undertaken by the executor electronically or this decision shall be communicated to the competent department for the registration of real estate for annotation to this effect in the registers of such property and determination of the time and date.

2. The registration of the seizure decision shall result in considering the real estate seized.

3. The competent circuit with which the property is seized shall notify the execution judge of the real estate register, the creditors - holders of registered rights - their respective domicile and workplace, and whether there are any impediments to the disposition of the property.

### Article 287

1. The executor shall notify the debtor, the possessor and the in-kind surety of a copy of the application for seizure, after its annotation to the effect of its registration, within (7) seven days of the seizure.

2. At the same date referred to in Clause (1) of this Article, the same seizure shall be notified to the creditors with the registered rights. Such creditors shall be deemed, upon their notification, parties to the procedures as judgment creditors, and the notification shall be served, in case of death of any of them, on his heirs at the domicile designated in the register if a period of (3) three months at most has not lapsed since the death.

### Article 288

1. Upon completion of the seizure, the debtor may submit to the execution judge an application to sell the property seized to a purchaser. He shall attach to the application the sale price and the buyer's consent. This shall be presented to the judgment creditor(s) within (7) seven days from the date of the submission of the application. If they do not object thereto within (7) seven days from the date of their notification or approval, the sale shall be made, and the price shall be deposited at the court's treasury in favour of the creditors.

2. The execution judge, before undertaking the real estate sale through the auction, shall notify the debtor to pay the debt within (15) fifteen days from the notification date otherwise the real estate would be sold by auction, and the debtor may request within such date the postponement of the sale and the execution judge may respond to the request in the two following cases:

    a- If the real estate's revenues within a period of (5) five years are sufficient for settling the debt, profits, fees and expenses, the execution judge may assign the creditor to collect, under his supervision, the real estate's revenues until completion of payment. If an impediment prevents the creditor from obtaining his rights on a regular basis the execution judge shall, at the creditor's request, continue the procedures of the real estate's sale.

    b- If the real estate's revenues within a period of (5) five years are not sufficient to settle the debt, profits, fees and expenses and the debtor had other revenues in addition to the real estate's revenue sufficient to pay off the debt by instalments within such period and under the guarantees as the execution judge deems fit, and if the debtor defaults in paying any of these instalments, the execution judge - at the creditor's request - shall continue the procedures of the real estate's sale.

3. If the notice time-limit stipulated in Clause (1) of this Article has elapsed without the debtor's payment or submission of a request to postpone the sale or upon rejection of such request, the execution judge shall determine the sale venue, day, and period during which the auction shall be made.

4. The execution judge shall assign, before announcing the sale, an expert or more to estimate the real estate's price within a period not exceeding (15) fifteen days from the date on which the judge assigned him for the task.



5. The case management office shall notify each of the debtor, the possessor and the in-kind surety of the sale venue, date, the period during which the auction shall be made and the sale notice before the day set therefor within a period not exceeding (30) thirty days, through listing on the court's website, or publication in two daily newspapers issued in the State. A copy of the notice shall be posted in a prominent place of the real estate and another copy on the bulletin board of the court, or by any other means that the execution judge deems appropriate.

## Article 289

1. The sale announcement shall include the following data:

   a- The name, surname, profession, domicile and workplace of the judgment creditor, debtor, possessor or in-kind surety.

   b- The real estate according to the seizure decision.

   c- The sale conditions and the principal price designated by the expert, the expenses and the surety that the person wishing to purchase shall pay in advance, provided it is not less than 20% of the principal price.

   d- The court before which the sale shall be made, the auction's day and the period within which the auction shall be made.

2. The judgment creditor, debtor, possessor, in-kind surety and any concerned party may obtain a permission from the execution judge for the publication of other sale announcements in the newspapers and other media because of the importance of the real estate or its nature or any other reasons. In no case shall the multiple publication result in the delay of the sale, and it shall not be permissible to file a grievance against the judge's decision in this regard.

## Article 290

If the real estate offered for sale is divisible and the part of such real estate – according to the expert's report – is sufficient to pay off the debt, its profits, the fees and expenses, the execution judge shall partition that part by offering it up for auction and exclude the other parts, and if he finds, as a result of the auction, that the amount offered for this part of the real estate is not sufficient for the settlement, the execution judge shall offer up for auction the rest of the real estate or any other additional part thereof sufficient for the settlement. If the rei vindication action is filed as regards a part of the real estate offered up for auction and the court decides to postpone the auction, such decision shall not postpone auction for the remaining parts unless the shares, according to the experts' estimation, are indivisible, in which case, the auction shall be deferred be for the remaining shares.

If there are many real estates needed to be sold by auction, each real estate shall be separately offered for sale unless the execution judge – after taking the experts' opinion – finds that it shall be beneficiary to sell more than one real estate or all the real estates in one auction.

## Article 291

The real estate may not be sold except to a national, excluding the special conditions for the foreign ownership of real estate provided for in the laws in force in the State, without prejudice to the rules governing the transfer of the real estate ownership.

## Article 292

1. The disposition of the debtor, possessor or in-kind surety of the real estate shall not be executed nor consequent mortgages or preferential right shall be executed against the judgment creditors even if they are ordinary creditors, or against the successful bidder if the disposition, mortgage, or preferential right has been registered after the registration of the seizure decision.

2. The profits and revenues of the real estate for the period following the registration of the seizure decision shall be attached to the real estate. The revenue, and the price of fruits and crops shall be deposited at the court's treasury, and if the real estate is not rented, the distrainee shall be considered an in-kind surety till the sale is effected; if the real estate is rented, the rent accrued for the period following the registration of the seizure application shall be considered seized in the hands of the tenant as soon as he has been requested by the judgment creditor, or any creditor bearing a writ of execution, not to pay it to the debtor. If the tenant has paid the rent before such request, payment shall be deemed valid, and the distrainee, in his capacity as a receiver, shall be liable therefor.

3. If the lease has been registered prior to requesting the tenant to pay, the contract shall remain enforceable towards the judgment creditor and the creditors with registered rights, prior to registration.

## Article 293

1. If the real estate is encumbered with an in-kind security and devolves to an owner with a registered contract before the seizure, the possessor shall be warned before the seizure application to pay the debt or to evacuate the real estate, otherwise the execution shall be proceeded against him.

2. The warning notice shall include, in addition to the general information in the announcement, and the request to pay or evacuate, the following data:



a- The writ of execution.

b- The debtor's notification and notice to pay according to Article (233) hereof.

c- The real estate subject of the execution according to the official registers prepared for this purpose.

3. The warning mentioned in Clause (1) of this Article shall also be addressed to the mortgagor in the circumstances in which the execution is to be made against a mortgaged real estate by a party other than the debtor.

4. The warning against the addressee shall result in all the provisions and effects stipulated in Article (292) hereof.

## Article 294

1. The concerned parties shall state the nullity grounds in the notice mentioned in Articles (287) and (288) hereof under a request to be submitted to the execution judge three days at least before the session set for the sale, otherwise their right to state them shall be forfeited.

2. The execution judge shall decide upon the nullity grounds mentioned in clause (1) of this article on the day set for the sale. The decision issued by said judge may not be challenged in any means. If the court rules the nullity of procedures for the service of process, the sale shall be postponed to a day set by the judge, and the procedures shall be repeated.

3. If the nullity request is dismissed, auction shall be ordered to be carried out immediately.

4. The creditor, the possessor, the in-kind surety and the debtors referred to in Article (286) hereof shall present the other nullity grounds related to the procedures preceding the sale session, as well as the grounds for objection to the sale conditions, ten days at least before the date of said session, otherwise, their right to submit same shall be forfeited. Said grounds shall be presented by virtue of a request to be submitted to the competent execution judge. The latter shall rule, based on the aforementioned request, either the stay or continuation of sale, depending on the extent of seriousness of such grounds. If the judge rules the continuation of sale, auction shall take place immediately.

## Article 295

The creditor shall, before the beginning of the auction procedures, deposit a sum of money at the discretion of the execution to cover the charges and the expenses of the real estate sale including the attorney fees. Said amount shall be deduced from the real estate price and returned to the creditor.

## Article 296

1. The execution judge shall supervise, on the day set for the sale, the auction procedure. The auction shall not be initiated except after verifying that the decision enforced thereunder is final.

2. If one purchaser, or more, appears at the first sale session, the execution judge shall approve, at the end of the period set for the auction, the highest offer, provided that it is not less than the principal price which the expert has designated with the expenses, and if the bid is less than that or no purchaser appears at that session, the execution judge shall rule the postponement of the sale to the following day in the same place and within the same period set for the auction. If no purchaser offering the principal price appears at the second session, the judge shall postpone the auction to the following day and reduce the principal price of 5 % each time. If the total of the price reduction reaches 25%, the sale shall be postponed for a period of (3) three months and the announcement procedures shall be repeated, in such case, the real estate shall be sold at the highest offer regardless of its value, provided that it be not less than 50% of the basic price set by the expert.

3. The sales session in the concept of this article shall include the electronic session.

## Article 297

1. The party whose bid is accepted by the execution judge shall deposit, within (10) ten days following the sale session, the full price accepted and the expenses. In case the price is paid by said party, the judge shall award the auction to him.

2. Should the successful bidder fail to pay the price in full, the execution judge shall offer the real estate to the following bidder at the price proposed thereby. Should he accept, the judge shall approve his bid and he shall deposit the price within the period specified in clause (1) of this article. However, should the following bidder reject the offer, the execution judge shall repeat the auction within (15) fifteen days and with the same procedures, then the judge shall award the auction to the highest bidder.

3. Every person who is not prohibited from auction may increase the price, within (10) ten days following the date of the auction knock-down, provided that such increase is not less than one tenth of the price. In such case, the bidder shall deposit the full price offered along with the expenses at the court's treasury. In such case, the auction shall be repeated within (7) seven days. If no one offers a higher bid, the judge shall award the auction to said person.

4. The bidder who fails to pay the amount owed shall pay the difference of the real estate price. The judgment of the auction knock-down shall include imposing upon the defaulting party to pay the price difference if any. He may not be entitled to any excess in the price, such excess shall be rather granted by the debtor, possessor or in-kind surety, as the case may be.



5. In all cases, the provision of a guarantee from an accredited bank in the State or the provision of a certified cheque shall have the same effect of deposit. In case the depositor is a debtor and the value and degree of his debt justify his exemption from such deposit, the judge shall exempt him from depositing the price and the expenses, imposed by the law, in whole or in part.

6. It may not be stipulated otherwise in the sale conditions in any case whatsoever.

7. If, for a reason not due to the purchaser, it was impossible to complete the procedure of sale and registration, at the auction value, within (30) thirty days from the date of the auction knock-down, the purchaser may request termination of the auction and recovery of the cash paid. When such request is accepted, the execution judge shall repeat the auction.

8. At any time prior to the completion of the procedure of transfer of ownership and registration of the real estate for the purchaser as a result of the auction, the debtor may pay off the debt, interests, fees and expenses or sell the real estate with the approval of the execution judge and under his supervision at a higher price and with an increase equal to no less than 10% of the price at which the auction was knocked down.

## Article 298

1. If the auction has been delayed for legal reasons or for the creditor's failure to pursue it, the auction shall be remade for a period of (15) fifteen days,

2. If it has been abandoned for a period of (6) six months or more, the auction shall be remade, and the preceding time-limits shall be cancelled.

## Article 299

1. The judgment of the auction knock-down shall be delivered in the preamble, and it shall include a copy of the application for seizure of the real estate, a statement of the procedures followed in this regard, and in the sale announcement, and a copy of the minutes of the sale session, and its enacting terms shall include the order to the debtor, possessor, in-kind surety to deliver the real estate to the person to whom the auction was awarded. The judgment's original copy shall be deposited in the case's file on the day following its issuance.

2. This decision referred to in Clause (1) of this Article shall not be notified, and shall be coercively executed by summoning the debtor, the possessor, the in-kind surety or the receiver, as the case may be, at the delivery location on the day and at the hour set therefor, provided that the announcement thereof is made two days, at least, before the day set for the delivery.

3. 3-If the real estate contains movables to which is attached a right for other than the distrainee, the execution applicant shall file a petition with the execution judge, to take the procedures needed for preserving the rights of the concerned parties. He may also hear the concerned parties, where need be, before issuing his order.

4. If it is not possible to transfer the ownership of the sold property or any part thereof for any reason not attributed to the parties, the execution judge shall cancel the judgment of the auction knock-down and restore the status quo ante.

## Article 300

1. The judgment of the auction knock-down shall not be subject to appeal, unless there is a defect in the auction procedures, in the judgment form, or for its issuance without staying the procedures when such stay is a duty by the law.

2. The appeal shall be lodged through the usual procedures within (7) seven days from the date of the sentencing hearing.

## Article 301

1. The execution judge, upon the request of the concerned parties, shall request the department responsible for the real estate's registration to register the judgment of the auction knock-down, after the successful bidder deposits the full price, unless he was exempted therefrom. The rules set in the real estate registration shall be applied on the judgment.

2. This registration mentioned in Clause (1) of this Article shall result in clearing the sold real estate from the preferential rights, the mortgage and possessory lien which their holders have been notified according to Article (286) hereof and only their right in the price shall be remaining.

## Article 302

1. The other parties may request the nullity of the execution procedures and request the maturity of all or part of the seized real estate by virtue of an action filed through the usual procedures before the competent court at which the judgment creditor and the creditors referred to in Article (286) hereof, the debtor, the possessor or the in-kind surety shall be parties to such action. The court shall rule at the first session the stay of the sale procedures if the action's statement of claim included an accurate statement of the ownership's evidence or the merits of the possession on which the action has been based and to which the documents supporting it has been attached.



2. If the day appointed for the sale arrives before the court rules its stay, the plaintiff may request the execution judge to stay on the condition that an official copy of the statement of claim notified is deposited in the execution file.

3. The judgments delivered according to Clauses (1) and (2) of this Article on the stay of the sale or the continuation therein may not be challenged.

4. A rei vindicatio action is not admissible unless a security deposit of (10,000) ten thousand dirhams is deposited upon its registration. It shall be returned upon acceptance and confiscated upon dismissal.

## Article 303

1. If the rei vindicatio action deals only with a part of the seized real estates, the sale of the remaining parts shall not be stayed.

2. Without prejudice to the provision of Clause (1) of this Article, the execution judge may, upon the request of the concerned party, order the stay of the sale in respect of all the properties on basis of serious grounds.

## Article 304

If the sale has been considered payable, the successful bidder may claim the price, compensations from the creditors and the debtors if grounded, and the sale terms may not provide for the exemption from refunding the price.

## Article 305

Neither the debtor nor the judges nor the public prosecution nor the executors nor the clerks of the court nor the attorneys at law who initiate the procedures on behalf of the debtor or their relatives up to the second degree may participate in the auction, in person or by employing others, otherwise the sale shall be deemed null.

## Chapter 7 - Certain Special Sales

## Article 306

1. A bankrupt property shall be sold in accordance with the Bankruptcy Law and by way of auction and shall be conducted according to the sale terms provided by the bankruptcy trustee.

2. The real estate of the incapacitated person, which sale is permitted and that of the absentee, shall be sold by auction and under the sale terms submitted provided by their respective attorneys to the execution judge, after his approval thereof.

3. The sale terms shall include the sale permission issued by the competent court.

4. The case management office of the court shall notify the public prosecution of the sale terms, before presenting them to the execution judge.

## Article 307

1. If the cCourt has decided the sale of the real estate jointly owned for the impossibility of the division without harm, the execution judge shall carry out its sale by auction, at any of the joint owners' request, without prejudice to the provisions of Article (291) of this Law.

2. The sale terms shall state all the joint owners and respective domicile, accompanied by a copy of the sale judgment.

## Article 308

The rules related to the procedures of the real estate sale, at the creditors' request, and stipulated in this Law shall be applied on the sales mentioned in Articles (306) and (307) hereof.

## Article 309

Subject to the provisions of this chapter, the execution judge may assign any private or public physical or juristic person to take the procedures for the seizure or sale of the seizures, whether in whole or in part. or to assist therein, in accordance with the rules and procedures issued by a decision of the Minister of Justice or the president of the competent judicial authority - each within his competencies - provided that these rules determine the mechanism of their work and the calculation of their fees.



## Title 3 - Allocation of the Execution Proceeds

### Article 310

1. Upon the seizure of the money with the debtor, or the completion of the sale of the seized fund, or the lapse of (10) ten days form the date of filing the statement on the properties held thereby - the seizure of property that the debtor has in the hands third parties, the execution proceeds shall be distributed on the judgment creditors and those who are considered parties to the procedures without any other procedure, even if the proceeds are not sufficient to settle their entire rights.

2. All creditors executed in their favour in the executive groups and joined execution files are considered parties to the procedures within the meaning of the preceding paragraph, even if they did not submit an application therefor, and they shall be included in the list of distribution of the proceeds of execution in accordance with the requirements of Articles (311-314) of this Law.

### Article 311

1. If the execution proceeds are sufficient to settle all the judgment creditors' rights, and all the rights of those who were considered parties to the procedures, the execution judge shall order that each of the creditors' debts be settled after submitting the writ of execution.

2. If none of the creditors referred to in clause (1) of this article holds a writ of execution, and the action for the establishment of the right is still under examination, an amount corresponding to the debt for which satisfaction the seizure has been imposed shall be allocated to that creditor and kept at the court's treasury for his account as a security for the final decision in the action.

### Article 312

1. If the execution proceeds are not sufficient to settle all the debts of the judgment creditors and those considered parties to the procedures, the party who has such proceeds shall immediately deposit the same at the court's treasury, accompanied by a list of the seizures in his hands.

2. The distribution shall be among the holders of the privileged debts and the holders of registered rights, as per the order of their degrees stipulated in the Law.

### Article 313

The distribution procedures shall begin with the execution judge's preparation of a distribution list to be notified to the debtor, the possessor and the judgment creditors, and a party to the proceedings, summoning them to appear before him at a session he sets therefor. The execution judge shall decide, within (3) three days following the date of the session, on any objection filed before the disbursement of the amounts.

### Article 314

1. The execution judge shall deposit at the case management office of the court, the final distribution list including the principal debt and expenses payable to each creditor.

2. In all cases, the execution judge shall order the deposit of the payment orders at the court's treasury and the deletion of entries, whether related to debts stated in the list or debts not distributed.

## Title 4 - Performance in Kind

### Article 315

1. The executor - in the case of the execution by delivering a movable or a real estate, shall move to the place where the item is located in order to deliver it to the applicant, and he shall list in his minutes the items to be delivered and the writ of execution, and the date of its announcement. If the delivery relates to a real estate occupied by an occasional possessor, the executor shall advise him to recognize the new possessor after the completion of the procedure of the real estate delivery.

2. If the items required to be delivered are seized, the Executor may not deliver them to the applicant, and the executor shall notify the judgment creditor thereof.

3. The execution judge shall issue the orders necessary for securing the rights of the concerned parties, at the request of the stakeholder or the executor.



### Article 316

1. The executor shall notify the person obligated to evacuate the real estate of the day and hour of the evacuation, three days, at least, before the scheduled day. On the date set, he shall enable the requester to take possession of the real estate, and if the real estate contains movables not to be delivered to the evacuation requester and their owners have not transported them immediately, the executor shall entrust their receivership, at the same place, to the requester, or move them to another place if the requester does not accept the receivership, and if such movables are subject to a seizure or receivership, the executor shall inform the creditor at whose request the seizure or receivership has taken place thereof. In both cases, the executor shall refer the matter to the execution judge in order to undertake the measures he deems necessary to protect the rights of the concerned parties.

2. The executor shall draft minutes including the writ of execution, its notification date, the description of the real estate, subject-matter of the evacuation, the movables not to be delivered to the requester and the procedure taken in this respect.

### Article 317

1. The person requesting the compulsory enforcement as regards a work obligation or omission thereof, shall submit a request to the execution judge to designate the manner through which the execution shall be carried out. Said request shall be attached to the writ of execution and its announcement.

2. After notifying the other party in order to hear his statements, the execution judge shall deliver his order on the manner through which the execution shall be carried out and appoint the executor and the persons assigned to complete the work and the removal.

### Article 318

1. If the performance in kind cannot be effected in the manner specified in Article (317) of this Law, or the execution requires that the debtor undertakes it himself and he fails to do so, the execution judge shall impose upon him to pay a daily fine of not less than (1000) dirhams and not more than (10,000) dirhams, to be paid as compensation to the judgment creditor for delay, provided that the total of the fines does not exceed the principal debt in question.

2. The execution judge shall have the right to cancel the fine, or a part thereof, if the judgment debtor initiates execution, before actually paying it.

3. The provisions of clause (1) of this article shall apply to the legal representative of the juristic person, and the employees thereof who personally impeded the execution.

## Title 5 - The Debtor's Detention and Travel Ban and Other Precautionary Measures

## Chapter 1 - The Debtor's Detention

### Article 319

1. The execution judge may issue an order, at the request of the prevailing party, to imprison the debtor if he has abstained from enforcing any writ of execution, unless he proves his insolvency. The debtor shall not be considered solvent if it is proved that he owns only funds that may not be seized or sold.

2. Insolvency of the debtor shall not be accepted, if he abstains from the payment in any of the following cases:

   a- If the debtor has smuggled or concealed his money with the intention of harming the creditor, and it has been impossible for the creditor because of this to execute against these properties.

   b- If the debt was one or more of the instalments due by the debtor, or the debtor was one of those who guaranteed the principal debtor for the payment before the court or the execution judge, except if the debtor has proved the occurrence of new facts that affected his solvency and made him incapable of paying the instalments or the value of the guarantee or any part thereof, after imposing these instalments upon him or after giving him the guarantee.

3. The execution judge shall order the detention of the debtor in the cases mentioned in the paragraphs (a) and (b) of clause (2) of this article within a period not exceeding one month and that may be renewed for other periods, so if the debtor had a residence and he is not likely to flee, the detention periods may not exceed (6) six consecutive months and may be renewed after the elapse-expiry of (90) ninety days from his release if he continues to abstain from the execution in spite of his provided that the total periods of imprisonment of the debtor does not exceed (36) thirty-six months, regardless of the number of debt or creditors, unless the debt is the result of deliberate financial crimes, in which case the detention terms may be up to (60) sixty months.



## Article 320

1. The execution judge may, before issuing the detention order, undertake a summary investigation if the documents supporting the request are not sufficient.

2. The judge may give the debtor a period of (6) six months at most to pay off the debt or to pay the amount for which the execution has been imposed, in appropriate instalments for a period not exceeding (3) three years with the guarantees or precautionary measures set by the judge should he fear the debtor escapes from the State.

3. A grievance or appeal against the order mentioned in Clauses (1) and (2) of the present Article shall be filed according to the procedures prescribed in Article (209) hereof.

## Article 321

1. An order of detention of the debtor may not be issued in the following cases:

   a- If he is under (18) eighteen years of age or older than (70) seventy years of age.

   b- If he has a child under (15) fifteen years of age and his spouse is deceased or imprisoned for any reason.

   c- If he was a spouse of the creditor or one of his ascendants, unless the debt is a prescribed alimony.

   d- If he provides a bank guarantee or a solvent surety accepted by the execution judge to pay the debt on time or disclosed his funds in the State against which execution is possible and sufficient to pay the debt.

   e- If it is proven, according to a certified medical report, that the debtor suffers from an incurable chronic disease with which the debtor cannot tolerate imprisonment.

   f- If the debt subject of execution is less than (10.000) dirhams, unless it is a fine, a prescribed alimony or a work remuneration, or a work obligation or omission thereof.

2. The execution judge may postpone the issuance of the order of detention of the debtor in either of the following cases:

   a- If the debtor is a pregnant woman. That period shall be reduced to (3) three months from the date of separation of her stillborn foetus.

   b- If it is proven, by a certified medical report, that the debtor suffers from a temporary disease with which he does not tolerate imprisonment until cured.

## Article 322

If the debtor is a private juristic person, the order shall be issued to detain his legal representative or others if the abstention from execution is attributed to them in person and may be prohibited from travelling according to the procedures and controls mentioned in Articles (324) to (326) of this Law, even if the creditor does not hold a writ of execution against them, after conducting an investigation in both cases.

## Article 323

The execution judge shall order the extinction of the order to detain the debtor in the following cases:

1. If the creditor has accepted, in writing, the extinction of the order.

2. If, for any reason whatsoever, the debtor's obligation in satisfaction of which this order has been issued has expired.

3. If one of the conditions required for the detention order is no longer available, or any of the impediments to its issuance has been materialised.

## Chapter 2 - The Debtor's Travel Ban

## Article 324

1. Even if the creditor accepts to file a substantive action, in fear based on serious reasons that the debtor would escape from the State, and the debt is not less than (10000) ten thousand dirhams, unless it was an established alimony or a work obligation or omission of an act, the creditor may request the competent judge or the chief judge of the circuit, as the case may be, to issue an order prohibiting the debtor from traveling in the two following cases:

   First: If the debt is known, payable and not subject to a condition.

   Second: If the debt is not of a specific amount, the judge shall evaluate it temporarily, provided that the following conditions are fulfilled:

   a- The claim for the right shall be based on written evidence.

   b- The creditor shall submit a guarantee which is accepted by the court and in which he guarantees each failure or damage that would affect the debtor because of prohibiting him from traveling if the creditor has been proved not to be rightful in his claims.



2. Before the order is issued, the judge may conduct a brief investigation if he deems that the documents supporting the application are not sufficient and he may order that the debtor's passport be deposited at the court's treasury and that the travel ban order be circulated throughout all the state's outlets.

3. The personal status execution judge may issue an order to prevent the child from traveling in cases that violate the terms and conditions of the provisions stipulated in the Federal Personal Status Law.

4. The person against whom the travel ban order was issued may file a grievance against it through the procedures prescribed for grievance against orders on petitions, unless the source of the order is the competent execution judge, against whose decisions a grievance shall be filed in accordance with the procedures stipulated in clause (1) of Article (209) of this Law.

5. A travel ban order does not prevent the implementation of the final judgments of deportation. The travel ban in the event of issuance of a final judgment or administrative order of deportation shall be presented to a judicial committee headed by a judge and formed by a Cabinet decision, to consider the implementation of either.

6. The president of the competent court or his authorised representative may approve the travel of the debtor because of his illness or of any of his ascendants or descendants up to the first degree or his spouse. The request shall be accompanied by a medical certificate from an official authority indicating the need for treatment abroad and the impossibility of treatment within the State, with the travel ban remaining in place.

## Article 325

The travel ban order shall remain in force until the debtor's obligation expires towards the creditor who obtained the order, for any reason whatsoever. However, the competent judge may rule that the order be extinguished in any of the following cases:

1. If any of the conditions required for the order prohibiting from traveling is no longer available.

2. If the creditor has agreed, in writing, on the order extinction.

3. If the debtor provides an adequate bank guarantee or a solvent surety accepted by the judge, the guarantee minutes including the surety's undertaking accompanied by the judgment or order imposing upon the debtor shall be considered as a writ of execution towards him as regards what is decided in that ruling.

4. If the debtor deposits a sum of money equal to the debt and the expenses at the Court's treasury and allocated to pay the right of the creditor at whose request the order was issued, this amount shall be considered seized by the force of law in favour of the creditor.

5. If the creditor fails to give the judge evidence of the filing of the debt action within (8) eight days of the issuance of the travel ban or did not begin to enforce the final judgment delivered in his favour within (30) thirty days from the date of becoming final.

6. If (3) three years have elapsed since the last correct procedure of enforcement of the final judgment of debt in satisfaction of which the travel ban has been delivered, without the prevailing creditor's submission to the execution judge a request to proceed with the execution of the judgment.

7. If a request was received from the competent authorities stating that the stay of the person banned from traveling in the country has become illegal and he shall be expelled from it, and it is not proven that he has funds in the country against which execution can be effected.

## Article 326

The provisions of Articles (324) and (325) of this Law do not apply to foreigners against whom decisions were issued to extradite them to a foreign country in accordance with the provisions of the Federal Law on International Judicial Cooperation in Criminal Matters.

## Chapter 3 - Other Precautionary Measures

## Article 327

If the debtor who is prohibited from traveling does not give up his passport without justification or the judge finds that he has disposed of his money or has smuggled it or is preparing to flee the country despite the measures taken to prevent him from traveling, the judge may decide to summon him and impose upon him to provide a payment guarantee or an attendance guarantee or to deposit the amount claimed at the court's treasury, if the defendant does not comply with the order, the judge may decide to temporarily detain him until the order is executed. This decision shall be subject to appeal within (7) seven days from the date of its issuance.



## Title 6 - Use of Remote Communication Technology in Civil Procedures

### Article 328

The use of remote communication technology in the civil procedures shall mean the use of audiovisual communication means between two parties or more for the purpose of achieving remote appearance and exchange of documents, including the lawsuit registry, procedures of declaration, trial and execution carried out through this technology.

### Article 329

For the definitions of: electronic file, electronic information, electronic information system and electronic signature, the meanings specified in the Federal Law on Electronic Transactions and Trust Services shall be referred to.

### Article 330

All the provisions concerning the collection of fees, registry, notification, submission of documents, appearance, publicity, pleading, hearing of witnesses, interrogation, deliberation, issuance of judgments, filing of appeals and execution through the procedures thereof set forth under the present Law shall be deemed valid if carried out totally or partially trough the remote communication technology

### Article 331

The president of the court, the chief judge of the circuit, the competent judge, or whoever is authorised by any of them, may take the procedures remotely whenever they deem it appropriate at any of the stages of the civil proceedings in order to facilitate the litigation procedures.

### Article 332

Procedures may be taken remotely outside the jurisdiction of the courts of any Emirate considering the civil procedures remotely, in coordination – when necessary – with the competent entity in the Emirate where the party concerning whom the procedure is taken or the documents to be submitted in the lawsuit are present.

### Article 333

In remote trials, any of the lawsuit parties may, at any of the trial stages, request the court to carry out the trial with personal appearance. The court shall determine this request after notification of all parties.

### Article 334

1. The electronic remote litigation records shall be registered and kept and shall be deemed confidential. Thus, they may not be circulated, reviewed, copied or deleted from the electronic information system, unless with the authorisation of the competent court, as the case may be.
2. The court may dispense with registration if the remote litigation procedures are recorded directly during the session in the electronic case file and approved by its president.

### Article 335

The remote communication technology set forth hereunder shall be subject to the information security regulations and policies adopted in the State.

### Article 336

1. The competent authority may register all the litigation procedures in minutes, hard or soft documents to be approved without the need for the signature of the concerned persons.
2. The court may suffice with the minutes of the remote litigation procedures if they were recorded directly during the session in the electronic case file and approved by its president.

### Article 337

The remote communication technology may be used to request or execute the judicial delegations and assistance with foreign countries according to the provisions of agreements and conventions ratified by the State.



**Article 338**

The electronic signature and electronic documents shall have the binding for the signature or the official and unofficial paper documents stipulated in the aforementioned Federal Law on Evidence in Civil and Commercial Transactions, when they meet the terms and conditions stipulated in the Federal Law on Electronic Transactions and Trust Services.



## Notes

1. ∧ [p.3] [p.33] This Federal Decree-Law No. 22/2025 shall enter into force as of 1/01/2026, pursuant to the provisions of Article (2) thereof.

https://www.lexismiddleeast.com

