**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIAT ATZILI, | |
| *Plaintiff*, | |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | Civil Action No. <u>1:24-cv-03365-CJN</u> |
| HARAKAT AL-MUQAWAMA AL-ISLAMIYA A/K/A/ HAMAS, | |
| BINANCE HOLDINGS LIMITED, D/B/A BINANCE.COM, | |
| BAM MANAGEMENT US HOLDINGS, INC., | |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US, | |
| AND | |
| CHANGPENG ZHAO, | |
| *Defendants*. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Response in Opposition to the Binance Defendants'[1] Notice of Supplemental Authority notifying the Court of the Southern District of New York's decision in *Troell v. Binance Holdings Limited*, 24-cv-7136-JAV (S.D.N.Y. Mar. 6, 2026) (hereinafter the "*Troell* Order").

---

[1] Binance Holdings Limited ("BHL"), BAM Management U.S. Holdings, Inc., and BAM Trading Services Inc.

As to Plaintiffs' ATA and JASTA claims, the *Troell* order changes nothing. Importantly, it does not touch on Plaintiffs' other causes of action sounding in state tort law. As an initial matter, a nonbinding, out-of-jurisdiction order does not displace the D.C. Circuit's recent decision in *Atchley v. AstraZeneca UK Limited*, 165 F.4th 592 (D.C. Cir. 2025). Instead, the *Atchley* court's holding that a defendant acts "culpably" within the meaning of the ATA/JASTA when they are "engaged in conduct that d[oes] not conform to generally accepted business practices" or that the defendants know a customer "would use their assistance to commit further acts of terrorism against the victims," is controlling. *Id.* at 165 F.4th 611–612.

In addition, *Troell* is distinguishable. There, the plaintiffs brought claims involving 64 different terrorist attacks, committed by at least 6 different terrorist groups, in countries throughout the Middle East over an 8-year period. *Troell* Or. at 1, 45–47. While the *Troell* plaintiffs alleged that individuals with "ties" to terrorists used the defendants' platforms, they did not allege that any transaction or wallet on the defendants' platforms funded any of the attacks in which they were injured. *Id.* By contrast, Plaintiffs here allege that transactions made on the Binance Platform were used by Hamas to fund the October 7, 2023 attack in which Plaintiffs were taken hostage and their family members injured or killed. AC ¶¶ 219–20, 418, 542. Plaintiffs even went as far as to identify (1) specific wallets on the Binance platform that were identified and subsequently seized by the Israeli National bureau for Couter Terror Financing (NBCTF), (2) the actors using them and the fact that they were either *directly* involved with or known affiliates of the groups responsible for the October 7th attacks (AC ¶¶ 208–10, 213, 215, 217, 219) and (3) further identified that these were seized on dates immediately before or after October 7th, (AC ¶¶ 217 (before the October 7 attacks) ¶¶ 214, 219 (shortly after the attacks),  demonstrating the strong and direct temporal relationship between the Binance activity to the October 7 attacks. *See* AC ¶¶ 209–21.

The *Troell* court dismissed the Plaintiffs' ATA/JASTA claims because the complaint did "not establish a definable nexus between Defendants' conduct and support for specific terrorist attacks." *Troell* Or. at 39. Specifically, the court rejected vague allegations that cryptocurrency wallet holders had unspecified ties to terrorist organizations or that the defendants contributed to the growth of industries controlled by Iran's IRCG because none of the transactions with these entities were traceable to terrorist organizations themselves. *Troell* Or. at 45–47. With respect to Hamas, the court recognized that "these allegations present a stronger case of both scienter and substantial assistance." *Id.* at 51. Ultimately, the court found allegations concerning various attacks by Hamas lacked a definable nexus because there was no "detail regarding the nature of the transactions or the individuals who allegedly conducted the transactions." *Id.* However, while the plaintiffs in *Troell* failed to connect specific transactions on the Binance platform to specific attacks, Plaintiffs have done so here.

This is not merely a case of defendants "indiscriminately" permitting unlawful transactions. This is a case in which the defendants knowingly permitted Hamas to use the Binance platform, expressly acknowledged that the purpose of such transactions was violence, and predicted that attacks would occur in the exact location Hamas attacked Plaintiffs on October 7. AC ¶¶ 191, 279, 410–21. Unsurprisingly, given the extent of Defendants' misfeasance, transactions made on the Binance Platform were used to fund the October 7 attacks. AC ¶¶ 219–20, 418, 542.

Defendants also suggest Plaintiffs' ATA/JASTA claims fail because Plaintiffs did not have an "agreement" with any terrorist organization. ECF 95 at 3. This is a misapplication of *Troell*. While the Plaintiffs in *Troell* alleged conspiracy claims—which require allegations of an agreement—Plaintiffs have not alleged a conspiracy here.

However, even if Plaintiffs' allegations *did* fall short of the culpability standard articulated by the district court in *Troell*, they satisfy the binding standard set out by the D.C. Circuit Court in *Atchley*. Specifically, Plaintiffs established that Defendants engaged in an "unusual" and corrupt course of conduct, *see Atchley*, 165 F.46h at 604, that included knowingly circumventing U.S. sanctions laws expressly to benefit Hamas, permitting Hamas transactions despite knowledge these kinds of transactions were associated with acts of violence in the exact location of the October 7 attacks, and facilitating the very transactions that resulted in the October 7 attacks. AC ¶¶ 191, 198–200, 208–10, 260–61, 279–80, 418, 542. Taking the allegations in Plaintiffs' Amended Complaint as true, as required at this stage of proceedings, Plaintiffs certainly demonstrated that Defendants were culpable within the meaning of the ATA/JASTA as the D.C. Circuit has applied it because these allegations demonstrate Defendants knew Hamas "would use their assistance to commit further acts of terrorism against" Plaintiffs. *Id.* at 165 F.4th 611–612; *see also* AC ¶¶ 208–20, 418–21, 542.

Dated: <u>March 16, 2026</u>                                    Respectfully Submitted,

/s/ *Marlene J. Goldenberg*                          /s/ *Amanda Fox Perry*
Marlene J. Goldenberg (DC Bar No. 166040)   Amanda Fox Perry (DC Bar No. 230024)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**   **FOX MCKENNA PLLC**
14 Ridge Square                                      14 Ridge Square
Third Floor                                          Third Floor
Washington, D.C. 20016                           Washington, D.C. 20016
Phone: (202) 978-2228                             Phone: (202) 852-2000
Fax: (202) 792-7927                               Fax: (202) 915-0244
mgoldenberg@nighgoldenberg.com               amanda@foxmckenna.com


Samantha V. Hoefs *(pro hac vice)*                Elyse McKenna *(pro hac vice forthcoming)*
**NIGH GOLDENBERG RASO & VAUGHN PLLC**   **FOX MCKENNA PLLC**
60 South 6th Street                                  14 Ridge Square
Suite 2800                                           Third Floor
Minneapolis, MN 55402                            Washington, D.C. 20016
Phone: (612) 445-0202                             Phone: (202) 852-2000
Fax: (202) 792-7927                               Fax: (202) 915-0244
shoefs@nighgoldenberg.com                        elyse@foxmckenna.com


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following:

<u>Served electronically via ECF:</u>
Binance Holdings Limited, D/B/A Binance.com,
Bam Management Us Holdings, Inc.
Bam Trading Services Inc. D/B/A Binance.US
Changpeng Zhao

<u>Served via Mail:</u>
Islamic Republic of Iran
Harakat Al-Muqawama Al-Islamiya A/K/A/ Hamas

Dated: March 16, 2026                         /s/ *Marlene J. Goldenberg*
                                              Marlene J. Goldenberg