**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LIAT ATZILI, KEITH SIEGEL, ADRIENNE SIEGEL, SHAI SIEGEL, SHIR SIEGEL, ELAN TIV, GAL SIEGEL, LUCY SIEGEL, DAVID SIEGEL, LEE SIEGEL,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ISLAMIC REPUBLIC OF IRAN, HARAKAT AL-MUQAWAMA AL-ISLAMIYA A/K/A HAMAS, BINANCE HOLDINGS LIMITED, D/B/A BINANCE.COM, BAM MANAGEMENT US HOLDINGS INC., BAM TRADING SERVICES INC. D/B/A BINANCE.US, AND CHANGPENG ZHAO,<br><br>    Defendants. | Case No. 1:24-cv-03365 (CJN) |

**BINANCE HOLDINGS LIMITED d/b/a BINANCE.COM, BAM MANAGEMENT US
HOLDINGS INC., AND BAM TRADING SERVICES INC. d/b/a BINANCE.US'S
MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF THEIR MOTION TO STRIKE AND FOR SANCTIONS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL BACKGROUND............................................................................................. 3

    A.   Defendants' Motions to Dismiss ................................................................................ 3

    B.   The Court's Opinion Dismisses Plaintiffs' JASTA Claim with Prejudice...................... 4

    C.   Plaintiffs Acknowledged that the JASTA Claim Could Not Be Repleaded Absent Relief from the Court's Dismissal Order.......................................................................... 5

    D.   Plaintiffs Reassert the Dismissed JASTA Claims Despite Knowing They Lack the Authority to Do So ..................................................................................................... 7

LEGAL STANDARD............................................................................................................... 8

ARGUMENT ........................................................................................................................... 9

    A.   The Motion to Amend and SAC Must Be Stricken............................................................ 9

         1.      The Motion to Amend and SAC Are Procedurally Improper, Unauthorized Supplements to Plaintiffs' Fully Briefed Motion for Reconsideration .............. 9

         2.      Plaintiffs and Counsel Knowingly Reassert a Claim That Remains Dismissed with Prejudice and Fail to Raise "New" Facts ............................... 11

         3.      Plaintiffs' Motion to Amend and SAC Are Barred by Res Judicata................ 13

    B.   Sanctions Are Warranted as an Exercise of This Court's Inherent Authority and Pursuant to 28 U.S.C. § 1927 ...................................................................................... 14

    C.   The Court Should Strike the Motion and Award Reasonable Attorneys' Fees and Costs to Defendants ................................................................................................... 15

CONCLUSION........................................................................................................................ 17

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Am. Fed. of Gov't Employees, AFL-CIO v. Hudson*,
2022 WL 3098770 (D.D.C. Aug. 4, 2022) .......................................................................... 9

*Atchley v. AstraZeneca UK Ltd.*,
165 F.4th 592 (D.C. Cir. 2026) ............................................................................... 3, 4, 5

*Barnes v. D.C.*,
42 F. Supp. 3d 111 (D.D.C. 2014).................................................................................... 13

*Belizan v. Hershon*,
434 F.3d 579 (D.C. Cir. 2006).......................................................................................... 10

*Brink v. Continental Ins. Co.*,
787 F.3d 1120 (D.C. Cir. 2015)........................................................................................ 10

*Bulovic v. Kijakazi*,
2023 WL 8185732 (D.D.C. Nov. 27, 2023) ..................................................................... 12

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ................................................................................................... 8, 9, 16

*Ciralsky v. C.I.A.*,
355 F.3d 661 (D.C. Cir. 2004)......................................................................................... 13

*Doe #1 v. Am. Federation of Government Employees*,
2023 WL 22059 (D.D.C. Jan. 3, 2023) ............................................................................. 8

*Elam v. RoofTopDC LLC*,
2020 WL 6709847 (D.D.C. Nov. 16, 2020)....................................................................... 8

*FTC v. Cantkier*,
767 F. Supp. 2d 147 (D.D.C. 2011).................................................................................... 8

*Firestone v. Firestone*,
76 F.3d 1205 (D.C. Cir. 1996)........................................................................................... 9

*Gharb v. Mitsubishi Electric Corporation*,
148 F. Supp. 3d 44, 52-53 (D.D.C. 2015) ....................................................................... 14

*Hall v. DHS*,
219 F. Supp. 3d 112 (D.D.C. 2016), *aff'd*, 2017 WL 2348158 (D.C. Cir. May 17,
2017).............................................................................................................................. 9, 15

*Johnson v. D.C.*,
244 F.R.D. 1 (D.D.C. 2007), *aff'd in part*, 552 F.3d 806 (D.C. Cir. 2008)................... 11, 13

*Jones Lang LaSalle Americas, Inc. v. Nat'l Labor Relations Board*,
128 F.4th 1288 (D.C. Cir. 2025) ................................................................................. 12

*U.S. ex rel. Landis v. Tailwind Sports Corp.*,
308 F.R.D. 1 (D.D.C. 2015) ..................................................................................... 8, 15

*McLaughlin v. Bradlee*,
602 F. Supp. 1412 (D.D.C. 1985) .................................................................................. 15

*Morrison v. Walker*,
939 F.3d 633 (5th Cir. 2019) ......................................................................................... 15

*Nwachukwu v. Karl*,
216 F.R.D. 176 (D.D.C. 2003) ........................................................................................ 8

*Payne v. Vilsack*,
2022 WL 19574086 (D.D.C. Sept. 30, 2022) .................................................................. 8

*Permanent Financial Corp. v. Taro*,
1987 WL 33417, at *1 (D.D.C. Dec. 18, 1987) .............................................................. 14

*Reynolds v. U.S. Capitol Police Bd.*,
357 F. Supp. 2d 19 (D.D.C. 2004) .................................................................................. 15

*Rollins v. Wackenhut Servs., Inc.*,
703 F.3d 122 (D.C. Cir. 2012) ....................................................................................... 10

*U.S. v. Wallace*,
964 F.2d 1214 (D.C. Cir. 1992) ..................................................................................... 15

*Uzlyan v. Solis*,
706 F. Supp. 2d 44 (D.D.C. 2010) ................................................................................... 8

**Federal Statutes**

28 U.S.C. § 1927 .................................................................................................... 9, 14, 15

**Rules**

Federal Rule of Civil Procedure 11 ................................................................................. 15

Federal Rule of Civil Procedure 12(f) ......................................................................... 8, 15

Federal Rule of Civil Procedure 15 ............................................................................. 3, 10

Local Rule 7.1(m) ........................................................................................................... 5, 7

Local Rule 15.1 ............................................................................................................. 3, 10

## PRELIMINARY STATEMENT

Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 119 ("Motion to Amend")) and the proposed Second Amended Complaint attached to it (ECF No. 119-1 ("SAC")) should be stricken and the Court should impose sanctions on Plaintiffs and their counsel for making those filings. The Court dismissed Plaintiffs' JASTA[1] claim against Defendants with prejudice, and that ruling remains in force. Plaintiffs understood the consequence of that ruling. Within two weeks of the Court's Opinion, they moved for reconsideration, asking the Court to modify that dismissal so they could again amend their complaint. (*See* ECF No. 115 ("Motion for Reconsideration").) But before the Court ruled on that request, and four weeks after their Motion for Reconsideration, Plaintiffs filed a separate Motion to Amend and placed on the public docket a proposed SAC reasserting the very claim that remains dismissed with prejudice. That filing was procedurally improper, prejudicial, and unnecessary, and it now forces Defendants to respond to a motion Plaintiffs had no authority to file unless and until the Court first granted relief from its dismissal opinion (ECF No. 112 ("Opinion")) and order (ECF No. 113 ("Order")).

The timing and substance of Plaintiffs' filings confirm their impropriety. In their Motion to Amend, Plaintiffs ask the Court to hold the motion "in abeyance" pending resolution of their Motion for Reconsideration. That request necessarily constitutes Plaintiffs' admission that they presently lack authority to replead their JASTA claim. Yet they filed the SAC on the public docket anyway. Plaintiffs further admit they filed the Motion to Amend and SAC to supplement their previously filed Motion for Reconsideration and provide the Court with additional "context." But

---

[1] Capitalized terms not defined herein have the same definitions as in Defendants' Opposition (ECF No. 117 ("Opposition")) to Plaintiffs' Motion for Reconsideration (ECF No. 115 ("Motion for Reconsideration")). Unless otherwise noted, emphasis and alterations are added, and internal citations and quotations are omitted.

they did so only after Defendants filed their Opposition to the Motion for Reconsideration pointing out, among other things, that Plaintiffs' proposed additional allegations would not cure the pleading deficiencies the Court identified. Plaintiffs could have submitted their proposed SAC with their Motion for Reconsideration, but did not. Instead, they filed the Motion to Amend and the SAC nearly four weeks after the Motion for Reconsideration was filed, and after briefing for the Motion for Reconsideration had concluded. Plaintiffs have given themselves two bites at the same apple, and forced Defendants to oppose yet another motion seeking to reassert a claim that has been dismissed with prejudice.

That sequence of events is dispositive. At a minimum, the Motion to Amend constitutes an unauthorized supplement to a fully briefed reconsideration motion and an attempted end-run around the Court's dismissal Order. By filing the Motion to Amend and its attached SAC, Plaintiffs are attempting to inject additional allegations into a closed reconsideration record. Plaintiffs' strategy is transparently calculated to accomplish two objectives: first, to influence the Court's resolution of the Motion for Reconsideration by placing an unauthorized pleading before it, and second, to create a public record of the proposed claim before the Court could deny reconsideration and foreclose its reassertion altogether. Plaintiffs admitted as much after Defendants asked them to withdraw the Motion and SAC. In other words, Plaintiffs knowingly bypassed the procedural mechanism that governs revival of a dismissed-with-prejudice claim, and attempted to achieve through an unauthorized filing what they otherwise could obtain only if the Court first granted reconsideration.

Such conduct requires that the Motion to Amend and SAC be stricken, and further warrants sanctions in the form of Defendants' attorneys' fees and costs for responding to the Motion to Amend and filing this motion to strike. A litigant may not evade the consequences of a dismissal-

with-prejudice order by unilaterally filing a new pleading before obtaining leave to do so. Nor may a party exploit the Court's docket as a vehicle for reasserting claims that remain barred, and forcing its adversary to incur unnecessary expense responding to an unauthorized pleading. The Motion to Amend and SAC must be stricken to avoid cluttering the Court's docket with frivolous and meritless claims, and sanctions are necessary both to remedy the prejudice caused here and to deter similar efforts to circumvent court orders and established procedural rules. Unless that relief is granted, Plaintiffs will have succeeded in filing barred claims without the Court's permission, improperly and belatedly supplementing their fully briefed Motion for Reconsideration, and requiring Defendants to respond to multiple motions seeking the same relief.

For the reasons set forth herein, Defendants' motion to strike and for sanctions should be granted.

## PROCEDURAL BACKGROUND

### A.    Defendants' Motions to Dismiss

Plaintiffs filed this action on November 29, 2024, asserting claims under the ATA and JASTA, along with related state-law claims. (ECF No. 1.) Plaintiffs amended their complaint on May 22, 2025. (ECF No. 47.)

On August 29, 2025, BAM and BHL each moved to dismiss the Amended Complaint for failure to state ATA and JASTA claims, among others. (ECF Nos. 63-1, 64-1.) Plaintiffs opposed dismissal, including in their oppositions a summary request for leave "to amend their Complaint and conduct discovery to cure any deficiencies the Court deem[ed] necessary." (ECF Nos. 81 at 45, 83 at 45.) Plaintiffs neither specified any new factual allegations they could add that would cure the legal deficiencies Defendants had identified, nor moved for leave to amend under Federal Rule of Civil Procedure 15 and Local Rule 15.1.

3

On January 23, 2026, the D.C. Circuit issued the decision in *Atchley v. AstraZeneca UK Ltd.*, 165 F.4th 592 (D.C. Cir. 2026). The parties provided the Court with substantive analyses of the *AstraZeneca* decision and its application to the present case. (ECF Nos. 88, 89; Opposition at 3-4.) Plaintiffs again did not move for leave to amend following that decision, and instead argued that *AstraZeneca* "appl[ied] the ruling in *Twitter* [*v. Taamneh*, 143 S. Ct. 1206 (2023)]" and supported their claims because they had adequately alleged Defendants' knowledge of Hamas-related transactions on the Binance platform to sufficiently connect Defendants to the Attacks. (*Id.*)

**B.    The Court's Opinion Dismisses Plaintiffs' JASTA Claim with Prejudice**

After extensive briefing and argument, on May 29, 2026, the Court granted BAM's and BHL's motions, dismissing Plaintiffs' JASTA and ATA claims with prejudice. (*See* Opinion; ECF No. 113 ("Order").) Plaintiffs do not dispute that these claims remain dismissed with prejudice. (Motion for Reconsideration at 7; Motion to Amend at 1.)

In dismissing the claims, the Court held that *Twitter* and *AstraZeneca* "illustrat[e] the bounds of aiding-and-abetting liability under JASTA." (Opinion at 16.) As the Court explained, in *Twitter*, victims of a terrorist attack failed to state a JASTA aiding-and-abetting claim because defendants never "gave [the FTO] any special treatment or words of encouragement." (*Id.* (quoting *Twitter*, 143 S. Ct. at 1226).) Conversely, in *AstraZeneca*, plaintiffs adequately alleged a JASTA claim because they alleged defendants' "bespoke dealings" with a specific FTO, "amount[ing] to a 'voluntary, tailored relationship." (*Id.* at 16-17 (quoting *AstraZeneca*, 165 F.4th at 612-13).)

The Court concluded that Plaintiffs' allegations here were more akin to the allegations in *Twitter* than those in *AstraZeneca*. Just like in *Twitter*, "Plaintiffs' allegations fail[ed] to establish that the assistance BAM and BHL provided to Hamas was substantial or connected enough to the October 7 attacks to merit liability." (*Id.* at 1.) And just like in *Twitter*, "Plaintiffs d[id] not allege

4

that any particular Binance transaction supported the October 7 attacks, [and] fail[ed] to adequately link any alleged assistance from" Defendants to the Plaintiffs' injuries. (*Id.* at 21.) Plaintiffs did not allege any "'unusual'" assistance specific to Hamas or that Defendants treated Hamas "'differently from anyone else'"; rather, based on Plaintiffs' own allegations, Defendants treated FTOs associated with Hamas in the same way they treated "'VIP users' generally." (*Id.* at 18 (citing *Atchley*, 165 F.4th at 610 then *Twitter*, 143 S. Ct. at 1227, then ECF No. 47).) The Court therefore dismissed the ATA and JASTA claims with prejudice.

**C.      Plaintiffs Acknowledged that the JASTA Claim Could Not Be Repleaded Absent Relief from the Court's Dismissal Order**

On June 12, 2026, Plaintiffs filed a Motion for Reconsideration,[2] asking the Court to reconsider its decision to dismiss the JASTA claim against BHL and BAM with prejudice. In the Motion for Reconsideration, Plaintiffs sought reconsideration of the Court's Order and Opinion so that they could amend their complaint again, purportedly to allege "in even greater detail" that Defendants permitted transactions from FTO-connected entities and their affiliates, and that Defendants were "fully aware" that the purpose of FTOs' transactions on the Binance platform is to fund terrorism. (Motion for Reconsideration at 6.) Critically, however, Plaintiffs ***expressly acknowledged*** that their JASTA claim was dismissed with prejudice, and that they were seeking reconsideration of the Court's "Order dismissing [Plaintiffs' JASTA] claims with prejudice, so [Plaintiffs] may plead in accordance with" governing case law. (Motion for Reconsideration at 7.) Plaintiffs did not move to amend or attach a proposed amended complaint to their Motion for

---

[2] Plaintiffs did not meet and confer with Defendants prior to filing their Motion for Reconsideration, a required obligation under Local Rule 7.1(m) for a "nondispositive motion." Plaintiffs therefore must view their Motion for Reconsideration as dispositive, because if that motion is not granted, their JASTA claim will remain dismissed with prejudice, and cannot be further amended.

Reconsideration. Instead, Plaintiffs generally described the allegations they *would* make *if* the Court granted the Motion for Reconsideration and decided *nunc pro tunc* that its Order dismissing their JASTA claims would be without prejudice.

In opposition, Defendants, *inter alia*, argued that (1) the Court's Opinion and Order dismissing the JASTA claim with prejudice was procedurally and substantively proper; (2) Plaintiffs' proposed additional allegations would not cure the pleading deficiencies the Court identified, because they would not, and could not, overcome the fundamental and fatal legal flaws in Plaintiffs' theory; and (3) *AstraZeneca* was argued by the parties and considered extensively by the Court and Plaintiffs are precluded from seeking to amend their complaint again when they failed to do so before the Court issued the Opinion and Order (and, indeed, argued *AstraZeneca* applied without amendment and supported their claims). (*See, e.g.*, Opposition at 6-13.)

In their July 3, 2026, reply in support of the Motion for Reconsideration (ECF No. 118 ("Reply")) and accompanying attorney declaration, Plaintiffs stated for the first time that they "identified transactions to and between the Terrorist Defendants on the Binance Platform that directly funded the October 7 Attacks and Binance accounts belonging to the Terrorist Defendants used to fund the October 7 Attacks." (Declaration of Marlene J. Goldenberg (ECF No. 118-1 ("Goldenberg Declaration")) ¶ 7.) Plaintiffs' Reply further stated they were "prepared to file a Motion for Leave to Amend" (Reply at 6 n.3) but did not assert that they could file such a motion prior to the Court granting reconsideration of its Opinion and Order. To the contrary, Plaintiffs requested that the Court grant their Motion for Reconsideration "and grant Plaintiffs leave to amend the complaint." (Reply at 10.) Thus, even after filing their Reply, Plaintiffs continued to recognize that leave to amend depended on the Court first granting the Motion for Reconsideration of its dismissal Order.

But Plaintiffs were not willing to wait for the Court to rule on the Motion for Reconsideration.

**D.      Plaintiffs Reassert the Dismissed JASTA Claims Despite Knowing They Lack the Authority to Do So**

Instead, on July 10, 2026, after the Motion for Reconsideration was fully briefed, and before the Court ruled on that motion, Plaintiffs filed their Motion to Amend and the SAC.[3] The Motion to Amend seeks the same relief sought by the Motion for Reconsideration, except that it allowed Plaintiffs to simultaneously file the putative SAC, which reasserts the JASTA claim against Defendants, without waiting for the Court to decide whether to grant reconsideration and thereby revive that claim. Indeed, Plaintiffs' own correspondence confirms that the purpose of the premature and legally baseless Motion to Amend appears to have been to place the SAC before the Court prior to obtaining leave to do so, and to supplement the already fully briefed Motion for Reconsideration.

The Motion to Amend is particularly revealing because Plaintiffs do not contend that they are presently entitled to amend as of right or that the Court's dismissal Order no longer controls. Plaintiffs instead ask the Court to hold the Motion to Amend "in abeyance pending resolution of" the Motion for Reconsideration. (Motion to Amend at 8.)

On July 15, 2026, Defendants informed Plaintiffs and their counsel via letter that their Motion to Amend was improper and baseless and requested that they withdraw the Motion and SAC. (Declaration of Christopher N. LaVigne, dated July 17, 2026 ("LaVigne Decl.") Exs. 1 and 3.) Plaintiffs declined to do so[4] and admitted that the purpose of filing the Motion to Amend was

---

[3] Plaintiffs again did not meet and confer with Defendants prior to filing the Motion to Amend. *See supra* note 2.

[4] Pursuant to Local Rule 7.1(m), on July 16, 2026, Defendants sought Plaintiffs' position on this Motion to Strike (LaVigne Decl. Exs 1 and 3); Plaintiffs indicated that they oppose the relief

to (1) supplement the fully briefed Motion for Reconsideration (*id.*, Ex. 2 ("[B]y filing a Motion to Amend, Plaintiffs ensured that when the Court rules on the Motion for Reconsideration, it does so with the full context, rather than having to guess what potential amendments might follow.")), and (2) place the SAC before the Court before it decided whether to Reconsider the Order and show "the court what amendments Plaintiffs [previously] proposed to make *if* the Motion for Reconsideration is granted" (*id.*).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Though such a motion is "a drastic remedy," the Court "has broad discretion in considering a motion to strike." *Payne v. Vilsack*, 2022 WL 19574086, at *1 (D.D.C. Sept. 30, 2022); *see also FTC v. Cantkier*, 767 F. Supp. 2d 147, 159-60 (D.D.C. 2011); *Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51 (D.D.C. 2010). Courts will grant such motions "if the portions sought to be stricken are prejudicial or scandalous." *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003). Motions to strike are also "granted 'where it is clear that the [claim or defense] is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid [claim or defense].'" *U.S. ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 4 (D.D.C. 2015) (quoting *U.S. ex rel. Head v. Kane Co.*, 668 F. Supp. 2d 146, 150 (D.D.C. 2009)).

Courts similarly have "the inherent authority . . . to manage their dockets and courtrooms . . . include[ing] the authority to strike material from its docket for noncompliance with court orders or rules." *Doe #1 v. Am. Fed'n of Gov't Emps.*, 2023 WL 22059, at *3 (D.D.C. Jan.

sought herein. (LaVigne Decl. Exs. 2, 4.)

3, 2023). Further, "[F]ederal courts have inherent power to assess attorney's fees against counsel" who has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Elam v. RoofTopDC LLC*, 2020 WL 6709847, at *6 (D.D.C. Nov. 16, 2020) (noting courts' similar power to assess fees against a party for such behavior); *see also Am. Fed'n of Gov't Emps., AFL-CIO v. Hudson*, 2022 WL 3098770, at *1-*2 (D.D.C. Aug. 4, 2022) (recognizing the inherent power to award sanctions due to "bad faith" and "egregious disrespect for the . . . judicial process"). This Court "may safely rely on its inherent power" to award attorney's fees "even [though] procedural rules exist which sanction the same conduct," *Chambers*, 501 U.S. at 49-50.

The Court's inherent authority to impose sanctions is further "supplement[ed]" by 28 U.S.C. § 1927. *Hall v. DHS*, 219 F. Supp. 3d 112, 119 (D.D.C. 2016), *aff'd*, 2017 WL 2348158 (D.C. Cir. May 17, 2017). This section authorizes sanctions against an attorney (but not a party) who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This statutory standard for sanctions requires "'evidence of recklessness, bad faith, or improper motive' present in the attorney's conduct," which can be inferred from a "total lack of factual or legal basis" for the attorney's filings. *Hall*, 219 F. Supp. 3d at 119 (quoting *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 906 (D.C. Cir. 1998)).

## ARGUMENT

### A.    The Motion to Amend and SAC Must Be Stricken

#### 1.    *The Motion to Amend and SAC Are Procedurally Improper, Unauthorized Supplements to Plaintiffs' Fully Briefed Motion for Reconsideration*

Plaintiffs purposefully filed the Motion to Amend and SAC while the fully briefed Motion for Reconsideration remains pending in order to place their proposed new allegations before the Court despite the existing dismissal Order. That procedure is patently improper. If Plaintiffs

9

wanted the Court to consider the proposed SAC, they needed to submit it with the Motion for Reconsideration. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (Following dismissal of "the complaint with prejudice," plaintiffs "could amend their complaint **only** by filing [a] motion to alter or amend a judgment **combined** with a Rule 15(a) motion requesting leave of court to amend their complaint.") (emphasis added); *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015) (similar).

Instead of filing a proposed amended complaint with their Motion for Reconsideration, Plaintiffs asserted that they **could**, if the Motion for Reconsideration were to be granted, allege "in even greater detail" that Defendants permitted transactions from FTO-connected entities and their affiliates and cure the deficiencies identified in the Court's Opinion. (Motion for Reconsideration at 5-6.) Yet Plaintiffs did not identify in their Motion for Reconsideration the specific allegations they now seek to add, nor make a motion under Federal Rule of Civil Procedure 15 at that time, nor place the proposed SAC before the Court in their reconsideration request. Instead, the Motion for Reconsideration included a bare request for leave to amend (Motion for Reconsideration at 7), which is not a proper Rule 15 motion. *See Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) ("a request for leave must be submitted in the form of a written motion"); *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130–31 (D.C. Cir. 2012) (a bare request for leave, without a proposed amended complaint or grounds for amendment, is insufficient); Local Rule 15.1.

Plaintiffs asked for reconsideration on an incomplete record, waited for Defendants' opposition (which was necessarily based only on Plaintiffs' representations of what they **could** allege if they were permitted to file an amended pleading), previewed new factual allegations in the Reply, and then filed a separate Motion to Amend only after the reconsideration motion was fully briefed to backfill missing information. Plaintiffs acknowledge that the Motion for

10

Reconsideration was already "fully briefed and pending" when they filed the Motion to Amend (Motion to Amend at 8), and they request, in the alternative, that the Motion to Amend be held in abeyance "so that the proposed Second Amended Complaint remains of record for the Court's consideration." (*Id.*) In other words, Plaintiffs' express purpose in filing the Motion to Amend was to supplement the Motion for Reconsideration. (LaVigne Decl., Ex. 4 at 2.)

These tactics constitute pure gamesmanship. Not only was Plaintiffs' order and form of pleading procedurally defective, but Plaintiffs' maneuver has forced Defendants to incur the time and expense of responding to a second motion and the new SAC—an amended pleading that Plaintiffs should have filed with their Motion for Reconsideration, but chose not to. Plaintiffs' intentional sandbagging and belated pleading proffer should not be countenanced, and the Motion to Amend and SAC should be stricken from the docket. *See Johnson v. D.C.*, 244 F.R.D. 1, 4 (D.D.C. 2007), *aff'd in part*, 552 F.3d 806 (D.C. Cir. 2008) ("[T]he Court has discretion to deny amendment based on 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.").

### 2. *Plaintiffs and Counsel Knowingly Reassert a Claim That Remains Dismissed with Prejudice and Fail to Raise "New" Facts*

Plaintiffs' Motion to Amend should also be stricken because, contrary to their arguments in their Motion for Reconsideration, Plaintiffs' proposed amendments are not "new" and were expressly barred by this Court's Opinion.

In their Motion for Reconsideration, Plaintiffs argued that *AstraZeneca* was an intervening appellate decision that altered the applicable JASTA standards. (Motion for Reconsideration at 7.) Defendants responded that any further amendment of Plaintiffs' JASTA claim would be futile, particularly because the amendments Plaintiffs identified in their Motion for Reconsideration were simply more of the same flawed argument the Court already rejected. (Opposition at 8-10.)

11

Defendants also argued that Plaintiffs had never previously claimed *AstraZeneca* represented a change in JASTA jurisprudence, nor did the D.C. Circuit change the applicable law. (*Id.* at 10-14.) Recognizing the insufficiency of their Motion for Reconsideration, Plaintiffs, in their Reply, attempted to, for the first time, specify the further facts they sought to plead, claiming that they could add additional transaction details, including "affiliated users for transactions that have been identified as funding the October 7 Attacks." (Goldenberg Decl. ¶ 7; *see also* Reply at 1-2, 8.)

The proposed "new" allegations that are summarized in Plaintiffs' Motion for Reconsideration plainly fail to meet the standard for reconsideration, and Plaintiffs' Reply fails to remedy that. First, just as the Court should disregard the untimely Motion to Amend and SAC (*supra* at 9-11), the Court should also disregard the new assertions raised for the first time in Plaintiffs' Reply. *See Jones Lang LaSalle Americas, Inc. v. Nat'l Labor Rels. Bd.*, 128 F.4th 1288, 1297 (D.C. Cir. 2025); *Bulovic v. Kijakazi*, 2023 WL 8185732, at *3 (D.D.C. Nov. 27, 2023).

Second, as Plaintiffs admit in their Reply, the purportedly "new" allegations raised in that Reply either concern information that long predates the October 7 Attacks, or are based on publicly available materials, all of which was available to Plaintiffs when they filed their earlier complaints (and, indeed, when they first filed their Motion for Reconsideration). These are not "new legal and factual developments" (Reply at 3), but instead are belated and conclusory attempts to resuscitate legally deficient claims.

Third, even if the Court credits the notion that *AstraZeneca* constituted a change in the law that was not considered by the parties and the Court, or that the allegations raised by Plaintiffs are somehow new, they still cannot directly "link any alleged assistance ***from BAM and BHL*** to [the Plaintiffs'] injuries." (Opinion at 21 ("Once again, BAM and BHL did not fund Hamas—at most they allegedly did not stop others from transferring money to Hamas-associated accounts on their

12

platforms.").) For example, the proposed new allegations still suffer from "multiple degrees of separation between" Defendants and any FTO (as reflected in the Government agency filings Plaintiffs rely on), therefore "lack[ing] a close and distinct tie to Hamas's acts of terrorism" against Plaintiffs. (*Id.* at 19, 21 (cleaned up); Goldberg Decl. ¶ 7 (stating, consistent with the dismissed Amended Complaint, "the proposed amendments will show "*affiliated* users for transactions that have been identified as funding the October 7 Attacks").)

Faced with the insufficiency of their Motion for Reconsideration, Plaintiffs now try to supplement that Motion by filing an entirely new pleading asserting the very same JASTA claim barred by this Court. (LaVigne Decl., Ex. 4 at 2 ("As briefing on Plaintiffs' Motion for Reconsideration proceeded, it became clear that Defendants' argument that amending the complaint would be futile [was] based on speculation about what a potential amended complaint might . . . include. [B]y filing a Motion to Amend, Plaintiffs ensured that when the Court rules on the Motion for Reconsideration, it does so with the full context, rather than having to guess what potential amendments might follow.").)

### 3.  *Plaintiffs' Motion to Amend and SAC Are Barred by Res Judicata*

Because the Court dismissed Plaintiffs' JASTA claim with prejudice, and that dismissal remains in effect, that claim is barred by the doctrine of *res judicata*. It is axiomatic that "[c]laims dismissed with prejudice may not be refiled since 'the refiling is blocked by the doctrine of *res judicata*.'" *Barnes v. D.C.*, 42 F. Supp. 3d 111, 119 (D.D.C. 2014) (quoting *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 n.2 (D.C. Cir. 2014)); *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 672 n.11 (D.C. Cir. 2004) ("'[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of *res judicata*.'") (emphasis in original) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). Plaintiffs' filing of the Motion to Amend and SAC thus constitutes an end-run around the Court's Order. *Johnson*, 244 F.R.D. at 4 ("If the

13

[P]laintiff[s] persuade[] the court to vacate its [Order], **only then** can the [C]ourt entertain [P]laintiff[s'] proposed amendment."). Again, Plaintiffs concede this. (Motion to Amend at 8.)

Courts in this District have stricken filings under similar circumstances. In *Permanent Financial Corp. v. Taro*, the court granted the plaintiffs' motion to strike a counterclaim that the court had previously dismissed and the defendants had not sought to appeal because the counterclaim was barred by *res judicata*. 1987 WL 33417, at *1 (D.D.C. Dec. 18, 1987). In *Gharb v. Mitsubishi Electric Corp.*, the court granted a motion to strike an amended or supplemental complaint where that party had not sought leave to amend or supplement its complaint, and where the amended or supplemental complaint was duplicative of prior complaints that had been dismissed with prejudice. 148 F. Supp. 3d 44, 52-53 (D.D.C. 2015). So too here: Plaintiffs seek to reassert a claim that remains dismissed with prejudice before obtaining relief from that dismissal. Accordingly, Plaintiffs cannot, absent the Court's decision to vacate or modify the Order, assert a claim that is duplicative of one already dismissed with prejudice.

**B.      Sanctions Are Warranted as an Exercise of This Court's Inherent Authority and Pursuant to 28 U.S.C. § 1927**

Sanctions are warranted for Plaintiffs' filing of the Motion to Amend and the SAC, pursuant to this Court's inherent authority and Section 1927. Plaintiffs and their counsel did not merely advance a legal position on which reasonable litigants might disagree. (*See supra* at 9-14.) They knowingly filed the Motion to Amend and putative SAC on the public docket, notwithstanding their express acknowledgment that reconsideration was a necessary prerequisite to any further amendment. By attempting to place a barred claim before the Court through an unauthorized pleading while reconsideration remained pending, Plaintiffs and their counsel acted

14

"in bad faith, vexatiously, wantonly, or for oppressive reasons," justifying the imposition of sanctions pursuant to the Court's inherent authority. *Chambers*, 501 U.S. at 45-46.[5]

That same bad faith, along with the "total lack of factual or legal basis" for the Motion to Amend and the SAC, also supports an award of sanctions against Plaintiffs' counsel under Section 1927. *Hall*, 219 F. Supp. 3d at 120-21 (awarding "any costs and expenses" associated with defense of case, along with referral for disciplinary proceedings, based on plaintiff's "seek[ing] the advancement of meritless positions" coupled with "irrelevant diatribes" reflecting an "intent to harm" defendant and "advance" a "vendetta"). By filing the Motion to Amend and SAC after the Motion for Reconsideration had been fully briefed but before it had been decided, Plaintiffs' counsel forced Defendants to respond to an additional motion and pleading that should have accompanied the Motion for Reconsideration in the first instance. In doing so, "[Plaintiffs'] counsel 'unreasonably' and 'vexatiously' multiplie[d] [these] legal proceedings," "prosecut[ed] meritless claim[s]," and ignored the "clear evidence" that the claims are factually and legally baseless. *Morrison v. Walker*, 939 F.3d 633, 637-38 (5th Cir. 2019); *U.S. v. Wallace*, 964 F.2d 1214, 1220-21 (D.C. Cir. 1992).

C.    **The Court Should Strike the Motion and Award Reasonable Attorneys' Fees and Costs to Defendants**

Rule 12(f) permits the Court to strike baseless and frivolous materials from a party's filing. *See Landis*, 308 F.R.D. at 4-5 (striking affirmative defense where the court had already made a

---

[5] Filing the Motion to Amend and the SAC further implicates Plaintiffs' and their counsel's obligations under Rule 11, which requires litigants to certify that a given filing is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(b)(1)-(2). Defendants reserve all rights to separately move for sanctions under Rule 11.

15

legal determination that the defense was not viable). The Court can also order reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and its own inherent power to impose sanctions. *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 26 (D.D.C. 2004); *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985) (fees pursuant to Court's inherent power).

The offending papers—the Motion to Amend and its exhibits, ***including the SAC***—must be stricken, in order to deter these Plaintiffs and their counsel from filing pleadings that are barred by *res judicata* and submitting duplicative and frivolous motion practice based on those pleadings. Striking those papers will similarly deter future plaintiffs who seek to relitigate dismissals with prejudice by simply re-submitting their barred claims for another bite at the apple.

The Court should also order Plaintiffs and their counsel to pay Defendants' attorneys' fees and costs for (i) responding to the Motion to Amend, a frivolous motion that seeks the same relief as the Motion for Reconsideration and is predicated on a claim dismissed with prejudice and barred by *res judicata*; and (ii) filing this motion to strike and for sanctions after Plaintiffs and their counsel refused to withdraw their Motion to Amend on notice from Defendants that the Motion to Amend is baseless. That sanction is appropriate both to compensate Defendants for the unnecessary fees and costs incurred as a result of Plaintiffs' conduct and to deter these Plaintiffs and their counsel from refusing to reconsider baseless positions and driving up legal costs for a counterparty against whom they have no valid pending claim.

**CONCLUSION**

For these reasons, the Court should grant Defendants' motion, strike the Motion to Amend and SAC, and direct Plaintiffs and their counsel to pay Defendants' attorneys' fees and costs (in an amount to be demonstrated by a costs submission by Defendants following an order imposing sanctions).

Dated:  July 19, 2026                                     Respectfully submitted,

 /s/ Thania Charmani                                     _____
Daniel T. Stabile (*pro hac vice*)                  Christopher N. LaVigne (*pro hac vice*)
Thania (Athanasia) Charmani (*pro hac vice*)        Joseph E. Gallo (*pro hac vice*)
**WINSTON TAYLOR LLP**                              Alexander C. Haden
200 Park Avenue                                     **WITHERS BERGMAN LLP**
New York, NY 10166                                  430 Park Avenue, 10th Floor
Tel: (212) 294-4659                                 New York, NY 10022
DStabile@winstontaylor.com                          Tel: (212) 848-9800
ACharmani@winstontaylor.com                         Christopher.LaVigne@withersworldwide.com
                                                    Joseph.Gallo@withersworldwide.com
                                                    Alex.Haden@withersworldwide.com

*Attorneys for Defendants BAM Management US
Holdings Inc. and BAM Trading Services Inc.*         *Attorneys for Defendant Binance*
*d/b/a Binance.US*                                   *Holdings Limited*

17