**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIAT ATZILI, KEITH SIEGEL, ADRIENNE SIEGEL, SHAI SIEGEL, SHIR SIEGEL, ELAN TIV, GAL SIEGEL, LUCY SIEGEL, DAVID SIEGEL, and LEE SIEGEL,<br>*Plaintiff*,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>HARAKAT AL-MUQAWAMA AL-ISLAMIYA A/K/A/ HAMAS,<br><br>BINANCE HOLDINGS LIMITED, D/B/A BINANCE.COM,<br><br>BAM MANAGEMENT US HOLDINGS, INC.,<br><br>BAM TRADING SERVICES INC. D/B/A BINANCE.US,<br><br>AND<br><br>CHANGPENG ZHAO,<br><br>*Defendants*. | Civil Action No. 1:24-cv-03365-CJN |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE BINANCE DEFENDANTS' MOTION FOR SANCTIONS**

# TABLE OF CONTENTS

INTRODUCTION ........ 1

FACTUAL AND PROCEDURAL BACKGROUND ........ 2

LEGAL STANDARD ........ 5

I. Motions for Sanctions ........ 5

II. Motions to Strike ........ 6

ARGUMENT ........ 6

I. The Motion to Amend and SAC are "Procedurally Sound" ........ 6

II. Plaintiffs Did Not Improperly Supplement their Motion for Reconsideration ........ 8

III. Plaintiffs' JASTA Claims Meet the Applicable Standard for Reconsideration and Amendment ........ 11

IV. Res Judicata Does Not Apply ........ 12

V. Sanctions are Not Appropriate ........ 14

CONCLUSION ........ 17

## TABLE OF AUTHORITIES

**Cases**

*Atchley v. AtraZeneca UK Ltd.*, 1

65 F.4th 592 (D.C. Cir. 2026) ........ 2, 3, 11

*Attias v. CareFirst, Inc.*,

969 F.3d 412 (D.C. Cir. 2020) ........ 13

*Baloch v. Norton*,

517 F. Supp. 2d 345 (D.D.C. 2007) ........ 10

*Baltimore v. Pruitt*,

293 F. Supp. 3d 1 (D.D.C. 2017) ........ passim

*Bernier v. Allen*,

2020 WL 4047953 (D.D.C. July 20, 2020) ........ 7, 13

*Brink v. Cont'l Ins. Co.*,

787 F.3d 1120 (D.C. Cir. 2015) ........ passim

*Bulovic v. Kijakazi*,

2023 WL 8185732 (D.D.C. Nov. 27, 2023) ........ 9

*Cauderlier & Assoc., Inc. v. Zambrana*,

463 F. Supp. 2d 63 (D.D.C. 2006) ........ 15

*Cherichel v. Ergo Solutions, LLC*,

85 F. Supp. 3d 245 (D.D.C. 2015) ........ 16

*Ciralsky v. C.I.A.*,

355 F.3d 661 (D.C. Cir. 2004) ........ 13

*Clarke v. Washington Metro. Area Transit Auth.*,

904 F. Supp. 2d 11 (D.D.C. 2012) ........ 5

*Crummey v. Soc. Sec. Admin*,

794 F. Supp. 2d 46 (D.D.C. 2011) ........................................................................................ 10

*Firestone v. Firestone*,

76 F.3d 1205 (D.C. Cir. 1996) ........................................................................................ passim

*Foman v. Davis*,

371 U.S. 178 (1962) ........................................................................................................ 12

*Gharb v. Mitsubishi Electric Corp.*,

148 F. Supp. 3d 44 (D.D.C. 2015) ........................................................................................ 13

*Huthnance v. D.C.*,

793 F. Supp. 2d 177 (D.D.C. 2011) ........................................................................ 5, 16, 17

*Jones Lang LaSalle Americas, Inc. v. NLRB*,

28 F.4th 1288 (D.C. Cir. 2025) ........................................................................................ 9

*Koch v. White*,

134 F. Supp. 3d 158 (D.D.C. 2015) ........................................................................................ 6

*Lacy v. Ortega*,

2023 WL 11199593 (D.D.C. May 11, 2023) ........................................................................ 7, 13

*McLaughlin v. Bradlee*,

602 F. Supp. 1412, 1413 (D.D.C. 1985) ........................................................................ 14

*Morrison v. Walker*, 939 F.3d 633 (5th Cir. 2019) ........................................................................ 15

*Naegele v. Albers*,

255 F. Supp. 2d 129 (D.D.C. 2005) ........................................................................................ 14

*Permanent Fin. Corp. v. Taro*,

1987 WL 33417 (D.D.C. Dec. 18, 1987) ........................................................................ 13

*Peterson v. Islamic Republic of Iran*,

224 F. Supp. 3d 17 (D.D.C. 2016) .......... 5

*Prosser v. Sessions*,

315 F. Supp. 3d 547 (D.D.C. 2018) .......... 9

*Reynolds v. U.S. Capitol Police Bd.*,

357 F. Supp. 2d 19 (D.D.C. 2004) .......... 15

*Ronaldson v. Nat'l Assoc. of Home Builders*,

2021 WL 7210781 (D.D.C June 3, 2021) .......... 7, 13

*Rubio v. D.C.*,

2024 WL 4957373 (D.D.C. Dec. 3, 2024) .......... 1, 14

*SEC v. Musk*,

826 F. Supp. 3d 35 (D.D.C. 2026) .......... 6

*Sheen v. U.S.*,

2025 WL 1865113 (D.D.C. July 7, 2025) .......... 9

*Smalls v. United States*,

471 F.3d 186 (D.C.Cir.2006) .......... 12

*THEC Int'l Hamdard Cordova Grp.-Nazari Constr. Co. Ltd. Joint Ventrue v. Cohen Mohr, LLP*,

301 F. Supp. 3d 1 (D.D.C. 2018) .......... 10

*Tsai v. U.S.*,

2025 WL 823891 (D.D.C. Mar. 14, 2025) .......... 10

*U.S. ex rel Landis v. Tailwind Sports Corp.*,

308 F.R.D. 1 (D.D.C. 2015) .......... 15

*U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*,

893 F. Supp. 2d 258 (D.D.C. 2012) ........ 6

*U.S. v. Wallace*,

964 F.2d 1214 (D.C. Cir. 1992) ........ passim

*Washington All. Of Tech. Workers v. U.S. Dept. of Homeland Sec.*,

2016 WL 11777731 (D.D.C. Dec. 22, 2016) ........ 10

**Other Authorities**

Fed. R. Civ. P. 11 advisory committee note (1993) ........ 6, 15

**Rules**

Civil L.R. 7(b) ........ 4

Fed. R. Civ. P. 11 ........ 3, 8

Fed. R. Civ. P 15 ........ 2, 15

Fed. R. Civ. P. 54(b) ........ 2, 15

**INTRODUCTION**

Plaintiffs filed their Motion for Reconsideration and Motion to Amend after careful deliberation and review of this Circuit's applicable rules and case law, but it is apparent the Binance Defendants did not do the same before filing this Motion. The Binance Defendants began their crusade by sending Plaintiffs a scathing and unsupported Rule 11 letter, threatening Plaintiffs with sanctions unless they responded within one day. Despite these unreasonable demands, Plaintiffs promptly provided the Binance Defendants with six cases that expressly undercut all their accusations that Plaintiffs had violated any rules. Indeed, as discussed herein, the case law shows that every step Plaintiffs took was proper and exactly in line with DC Circuit jurisprudence.

The Binance Defendants did not respond to Plaintiffs' letter and instead chose to aggressively advance a baseless and harassing motion for sanctions and to strike, even after Plaintiffs carefully walked them through the controlling law. Ironically, it is the Binance Defendants' litigation tactics—not Plaintiffs'—that are sanctionable. The Court should deny this Motion for failure to comply with applicable laws and rules.[1] *See Rubio v. D.C.*, 2024 WL 4957373, at *3 (D.D.C. Dec. 3, 2024) (denying motion for sanctions which was itself sanctionable). The Binance Defendants knew before filing that their Motion was not warranted by the controlling law because Plaintiffs told them so and provided them all the authority they needed to know that. However, because the Binance Defendants ignored that authority, both Plaintiffs and the Court are burdened with the task of addressing a baseless motion. The Binance Defendants

[1] To avoid incurring additional costs and fees (and wasting the Court's time) with a motion for sanctions unsupported by law, Plaintiffs served the Binance Defendants with their own Rule 11 letter and motion for sanctions, requesting that the Binance Defendants withdraw this improper Motion. Goldenberg Decl. ¶ 9. Plaintiffs have not received a response.

have not met their burden to establish that Plaintiffs engaged in any sanctionable conduct where Plaintiffs carefully followed the rules set out by the D.C. Circuit:

*First*, Plaintiffs did not act with recklessness or bad faith when they filed their Motion to Amend while their Motion for Reconsideration was pending. This is the "only" mechanism available to revive claims dismissed with prejudice and has been endorsed as "procedurally sound." *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 3 n.2 (D.D.C. 2017). In fact, this is exactly what the Binance Defendants previously said Plaintiffs should do. ECF 117 at 7. Plaintiffs were not required to file the motions simultaneously, as no such requirement appears anywhere in the law and the D.C. Circuit has endorsed this process in cases where motions were *not* filed simultaneously. *See*, *e.g.*, *Firestone v. Firestone*, 76 F.3d 1205, 1208–09 (D.C. Cir. 1996).

*Second*, Plaintiffs' allegations meet the standard for reconsideration and amendment. Plaintiffs included new information that was not available at the time of filing the FAC and some that was not even available until June 2026. Further, Plaintiffs include allegations tracing Binance transactions directly to the October 7 Attack, as in the intervening decision in *Atchley v. AstraZeneca UK Ltd.*, 165 F.4th 592 (D.C. Cir. 2026), not merely to "affiliated" users as the Binance Defendants suggest by taking language out of context. Importantly, *Atchley* came down *after* Plaintiffs filed their complaint and after the motion to dismiss was fully briefed. *See id.*

*Third*, Plaintiffs' motion to amend was not barred by res judicata, since there has not been a final judgment. *See* Fed. R. Civ. P. 54(b). The Motion should be denied.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiffs filed their First Amended Complaint (FAC) adding the Siegel family as Plaintiffs before service of any responsive pleading pursuant to Fed. R. Civ. P 15(a)(b). ECF 47. The Binance Defendants moved to dismiss the FAC on August 29, 2025, and the motions to dismiss were fully

briefed by October 14, 2025. ECF 63, 64, 86, 87. On January 23, 2026, the United States Court of Appeals for the District of Columbia handed down a decision in *Atchley v. AtraZeneca UK Ltd.*, 165 F.4th 592 (D.C. Cir. 2026). *Atchley* introduced a modification to the standard for pleading a case under JASTA that was not in place when Plaintiffs drafted their pleadings or when they briefed their opposition to the Binance Defendants' Motions to Dismiss.

On May 29, 2026, the District Court dismissed Plaintiffs' ATA and JASTA claims with prejudice. ECF 112, 113. The Court also declined to exercise pendent jurisdiction over Plaintiffs' state law claims and did not reach the merits of those claims. ECF 112 at 25–26. As to Plaintiffs' JASTA claims, the Court reasoned that Plaintiffs' claims did not plead sufficient facts for their claims to fall under the funding-based exception articulated in *Atchley*. *Id.* at 14–22.

Plaintiffs thereafter filed a Motion for Reconsideration requesting that the Court reconsider its decision to dismiss Plaintiffs' federal claims *with* prejudice, rather than *without* prejudice. ECF 116-1, 118. In their filings, Plaintiffs were clear that a Motion for Leave to Amend the Complaint ("Motion to Amend") and Proposed Second Amended Complaint (SAC) were forthcoming. ECF 116 at 6; ECF 118 at 6, 8, 10–13; ECF 118-1 at ¶¶ 5–7. Plaintiffs then filed their Motion to Amend and Proposed SAC. ECF 119, 119-1. The SAC conforms with *Atchley*'s pleading standard and cures the factual deficiencies the Court articulated in its Order. *See generally* ECF 119, 119-1.

Approximately one week later, the Binance Defendants emailed a letter to Plaintiffs threatening to file a Rule 11 motion for sanctions if Plaintiffs did not withdraw their Motion to Amend and SAC from the docket within one day and demanding a response within that same time frame. Goldenberg Decl., Ex A.

Plaintiffs promptly notified the Binance Defendants by letter the following morning that their demand was procedurally improper and that a substantive response would follow within

twenty-one days of receipt, as provided by the safe-harbor provision of Fed. R. Civ. P. 11. *See* Goldenberg Decl., Ex. B. That afternoon, the Binance Defendants responded via email. Goldenberg Decl., Ex. C. The Binance Defendants refused to abide by the safe harbor rule and again demanded that Plaintiffs withdraw their Motion to Amend and SAC. *Id.* Though the Binance Defendants ostensibly offered to meet and confer, they gave Plaintiffs only two hours' notice and did not respond when Plaintiffs offered multiple alternate times. Goldenberg Decl. Ex. C, Ex. D.

Despite the tight timeline, Plaintiffs provided the Binance Defendants with a detailed analysis outlining the procedural and substantive deficiencies of their proposed motions for sanctions or to strike later that day. Goldenberg Decl. Ex. D. Plaintiffs suggested that the Binance Defendants reconsider filing their motions in light of the authorities identified by Plaintiffs and offered to meet and confer, should the Binance Defendants believe it would be productive to discuss their forthcoming Motion or the motions filed by Plaintiffs. *Id.*

The Binance Defendants did not respond to Plaintiffs and instead filed this Motion for Sanctions two days later. ECF 121, 121-1. On the same date, the Binance Defendants filed a Motion to Stay, ECF 122, in connection with Plaintiffs' Motion to Amend.[2]

[2] On July 22, 2026, the Court granted the Binance Defendants' Motion to Stay, ECF 122, and stayed briefing on Plaintiffs' Motion to Amend before the deadline for Plaintiffs to respond to the Motion. *Compare* July 22, 2026 Minute Order *with* Civil L.R. 7(b). The Binance Defendants never requested an expedited briefing schedule. ECF 122, 122-1. The motion was granted based on misrepresentations of fact and law that, without an opportunity to respond, Plaintiffs could not correct. For example, the Binance Defendants asserted that "counsel for Defendants sought Plaintiffs' position on this Motion to Stay, but Plaintiffs did not provide a response." ECF 122-1 at 2. This is not true. Plaintiffs responded with a three page letter advising the Binance Defendants that the Motion to Amend must be considered with the Motion to Amend (i.e., not stayed). Goldenberg Decl. Ex. D. Plaintiffs further provided specific meet and confer times, though the Binance Defendants never responded. Goldenberg Decl. ¶ 9. This is consistent with the pattern in this litigation of the Binance Defendants projecting their own failure to adhere to the rules onto Plaintiffs, just as they do in this Motion.

Because the Motion for Sanctions is baseless, Plaintiffs served the Binance Defendants with a Rule 11 Letter and Draft Motion for Sanctions on July 21, 2026, requesting that the Binance Defendants withdraw this motion from the docket. Goldenberg Decl. ¶ 9. In accordance with the safe harbor provision of Rule 11(c)(2), Plaintiffs' Motion for Sanctions will be filed on August 11 if the Binance Defendants do not withdraw the motion before that date.

## LEGAL STANDARD

### I. Motions for Sanctions

Courts must exercise their discretion to issue sanctions with "restraint" because they represent a "severe" penalty. *Clarke v. Washington Metro. Area Transit Auth.*, 904 F. Supp. 2d 11, 20 (D.D.C. 2012). Sanctions do not exist as a "cure all for courts to punish any and all non-ideal litigation behavior." *Huthnance v. D.C.*, 793 F. Supp. 2d 177, 182 (D.D.C. 2011). The party seeking sanctions has the burden to show that they are warranted under the applicable evidentiary standard. *Clarke*, 904 F. Supp. 2d at 20–21.

The imposition of sanctions under 28 U.S.C. § 1927 requires a showing that the at-issue conduct was "*at least* 'reckless.'" *U.S. v. Wallace*, 964 F.2d 1214, 1217 (D.C. Cir. 1992) (emphasis in original). Recklessness "is a high threshold" that "in general requires deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores." *Id.* at 1219–20. A finding of recklessness under Section 1927 "must be supported by clear and convincing evidence." *Huthnance*, 793 F. Supp. 2d at 181.

The court's inherent power to issue sanctions "is not a broad reservoir of power ready at an imperial hand" and must therefore "be exercised with restraint and discretion." *Peterson v. Islamic Republic of Iran*, 224 F. Supp. 3d 17, 25 (D.D.C. 2016) (quotations omitted). This is a "limited power" requiring "special justification." *Id.* Specifically, to issue sanctions under its

inherent authority, "the court must find by clear and convincing evidence that a party 'committed sanctionable conduct that is tantamount to bad faith.'" *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (quotations omitted). Bad faith is a more "stringent" standard than recklessness and requires a showing of specific intent. *Wallace*, 964 F.2d at 1220.

## II. Motions to Strike

Motions to strike are disfavored. *SEC v. Musk*, 826 F. Supp. 3d 35, 44 (D.D.C. 2026). "Thus, such motions are typically denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id.* (quotations omitted). "Rule 12(f) only permits a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Koch v. White*, 134 F. Supp. 3d 158, 164 (D.D.C. 2015) (quoting Fed. R. Civ. P. 12(f)). It is therefore *"not a proper way to procure the dismissal of all or part of a complaint based on the legal insufficiency of the pleading*." *Id.* (quotations omitted; emphasis added).

# ARGUMENT

## I. The Motion to Amend and SAC are "Procedurally Sound"

The Binance Defendants assert that the Motion to Amend and SAC are procedurally improper. ECF 121-1 at 9. However, the Binance Defendants know this is untrue. Goldenberg Decl. Ex. D. This is so because Plaintiffs told them. *Id.* Plaintiffs provided the Binance Defendants with at least six citations to authorities from the D.C. Circuit and District of D.C., endorsing exactly the process Plaintiff followed here. *Id.* The Binance Defendants' decision to disregard controlling

law does not amount to a violation by Plaintiffs. Indeed, it amounts to a violation by them. *See* Fed. R. Civ. P. 11 advisory committee note (1993).

It is well established that where claims are dismissed with prejudice, plaintiffs may amend their complaint "only by filing, as they properly did a 59(e) motion to alter or amend a judgment combined with a Rule 15(a) motion requesting leave of court to amend their complaint." *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015); *see also Firestone v. Firestone*, 76 F.3d 1205, 1210 (D.C. Cir. 1996) (reversing denial of motion to amend filed after dismissal with prejudice because dismissal with prejudice was erroneous). Where, as here, a plaintiff moves for reconsideration under Rule 54(b), "application of the *Brink* framework is appropriate." *Ronaldson v. Nat'l Assoc. of Home Builders*, 2021 WL 7210781, at *3 (D.D.C June 3, 2021). However, the standard of review for interlocutory decisions under Rule 54(b) is even "*more permissive*" than for Rule 59(e) motions." *Id.* (emphasis in original). Courts in this District have recognized that the process Plaintiffs followed here is "procedurally sound" because after a complaint is dismissed with prejudice, this process is their *only* option. *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 3, 3 n.2 (D.D.C. 2017); *see also Lacy v. Ortega*, 2023 WL 11199593, at *1 (D.D.C. May 11, 2023) (same); *Ronaldson*, 2021 WL 7210781, at *3 (same); *Bernier v. Allen*, 2020 WL 4047953, at *3 (D.D.C. July 20, 2020) (same). It is not just the D.C. courts that endorse this process. Though they now seek sanctions for Plaintiffs filing an amended complaint, the Binance Defendants recently admitted that this is exactly what Plaintiffs were supposed to do. ECF 117 at 7.

Plaintiffs followed the procedure as set out by the controlling law in this jurisdiction: Plaintiffs "move[] for reconsideration and seek[] leave to amend," *Ronaldson*, 2012 WL 7210781, at *3; ECF 116, 119. It follows that the motion for reconsideration "should be granted unless the allegation of other facts consistent with the challenged pleading could not possibly cure the

deficiency." *Id.* (quotations omitted).[3] Though the Binance Defendants bear the burden of establishing that Plaintiffs acted *at least* recklessly or with bad faith, they do not identify *any* authority requiring Plaintiffs to file a motion for reconsideration and motion to amend simultaneously. *See generally* ECF 121-1. Plaintiffs are aware of no such authorities. Nor did Binance produce any, even after demanding Plaintiffs respond to their inapplicable citations. Instead, the Binance Defendants point to *Firestone* to support their contention that motions for reconsideration and motions to amend must be filed simultaneously. ECF 121-1 at 14. This is just one more example of the Binance Defendants ignoring the law despite having actual notice. In *Firestone*, the plaintiffs filed their motion to amend nearly one month after they filed their motion for reconsideration. 76 F.3d at 1208. It is this fact pattern that the Court recognized as "properly" filing a motion for reconsideration "combined" with a motion to amend. *Id.* at 1210.

The Binance Defendants' failure to conduct a reasonable inquiry to make sure that the cases they cite do not, in fact, stand for the *opposite* proposition, is a basis to impose sanctions on the Binance Defendants, not on Plaintiffs. *See* Fed. R. Civ. P. 11(b).

## II. Plaintiffs Did Not Improperly Supplement their Motion for Reconsideration

The Binance Defendants accuse Plaintiffs of gamesmanship because Plaintiffs filed both a Motion for Reconsideration and Motion to Amend. ECF 121-1 at 14–15. As the Binance Defendants tell it, Plaintiffs' Motion to Amend is an improper "supplement" to their Motion for Reconsideration, as is Plaintiffs' "preview" of the Motion to Amend contained in their Motion for Reconsideration briefing. *Id.* The Binance Defendants complain that this forced them to "incur the

[3] It is for this reason that a motion for reconsideration and motion to amend need to be considered together.

time and expense of responding to a second motion and the new SAC." ECF 121-1 at 15. However, these arguments are at odds with this Circuit's precedent and the record in this case.

First, Plaintiffs were not engaging in gamesmanship. Plaintiffs were clear from the start that they would file their Motion to Amend and SAC. ECF 116 at 9. From the start, Plaintiffs previewed that the (then) forthcoming Motion to Amend and SAC would address the Binance Defendants facilitation of transactions it knew would be used to fund violence in Israel. *Id.* The Binance Defendants provide no authority supporting their view that Plaintiffs were required to do anything different.

Second, to the extent Plaintiffs expanded on this preview in their Reply, ECF 118 at 6, these are not new arguments raised for the first time in a reply but rather direct responses to arguments the Binance Defendants raised in their opposition. *Sheen v. U.S.*, 2025 WL 1865113, *3 n.3 (D.D.C. July 7, 2025) ("The [] reply contained no new arguments but rather responses to the opposition."). For example, Plaintiffs expanded on the argument that the Binance Defendants "willfully facilitated [] transactions" that it knew "would be used for violence in Israel," ECF 116 at 9 with greater specificity in their Reply to counter the Binance Defendants' argument that Plaintiffs could not allege a "particular transaction" tying the Binance Defendants to the October 7 attacks. ECF 117 at 12 (quotations omitted). In response, Plaintiffs previewed allegations that would show "at least $23 million in transactions, with specific Binance account numbers, directly traceable to the October 7 Attacks. ECF 118 at 6.

Thus, this is nothing like the scenario in *Jones Lang LaSalle Americas, Inc. v. NLRB*, in which the moving party asserted an entirely different standard in their reply that it had "never suggested" before. 128 F.4th 1288, 1296–97 (D.C. Cir. 2025). Nor is this case anything like *Bulovic v. Kijakazi*, in which the court disregarded a brand new legal argument raised only in the

reply. 2023 WL 8185732, at *3 (D.D.C. Nov. 27, 2023). Instead, Plaintiffs merely expanded on arguments raised in their Opening Brief and addressed arguments raised by the Binance Defendants in their Opposition, both of which are permissible. *See Prosser v. Sessions*, 315 F. Supp. 3d 547, 551 n.3 (D.D.C. 2018) (denying motion to strike allegedly new argument in reply where it responded to new argument in opposition); *Baloch v. Norton*, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007) (same); *see also Washington All. Of Tech. Workers v. U.S. Dept. of Homeland Sec.*, 2016 WL 11777731, at *2 (D.D.C. Dec. 22, 2016) (rejecting contention that movant raised new arguments where they "merely provided additional support" for their original arguments, "offered the allegedly new objections as rebuttal to the issues raised in the [] opposition" and submitted exhibits to "strengthen their argument.") (quotations omitted). There is no rule that says Plaintiffs are required to read a defendant's mind and anticipate every argument they will make. The entire reason reply briefs exist is for movants to respond to the nonmovant's arguments, and courts in this District are clear that this does *not* constitute "new argument." *See*, *e.g.*, *Tsai v. U.S.*, 2025 WL 823891, *4 (D.D.C. Mar. 14, 2025) ("It was Mr. Tsai who raised this issue in his opposition brief … and the IRS was thus entitled to respond. In this way, the IRS was not raising a "truly new" argument against discovery in its reply brief") (quoting *THEC Int'l Hamdard Cordova Grp.-Nazari Constr. Co. Ltd. Joint Ventrue v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 6 (D.D.C. 2018)); *see also Crummey v. Soc. Sec. Admin*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011) (denying leave to file sur-reply where purported new arguments were really arguments raised in response to opposition and so "did not expand the scope of the issues presented").

Finally, Plaintiffs did not act with an improper motive to force the Binance Defendants to respond to an additional, unnecessary motion. ECF 121-1 at 15. Plaintiffs supplemented their Motion for Reconsideration with a Motion to Amend because they followed the clear guidance set

out by D.C. courts. *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015); *see also Firestone v. Firestone*, 76 F.3d 1205, 1210 (D.C. Cir. 1996). Following directions is not sanctionable. Threatening sanctions against a party who does, however, should be.

### III. Plaintiffs' JASTA Claims Meet the Applicable Standard for Reconsideration and Amendment

Plaintiffs satisfied the applicable standards for reconsideration of the Court's dismissal of their JASTA claims *with* prejudice, rather than *without* prejudice and for amendment of those claims. ECF 116, 118, 119. However, even if the Court (or Defendants) disagree that these standards are met, sanctions are not appropriate, because Plaintiffs conducted a reasonable investigation into the law and facts in support of their claims and set out a (more than) plausible basis in their papers:

Reconsideration is warranted if there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). All three are present here. Specifically, the D.C. Circuit's decision in *Atchley v. AstraZeneca UK Ltd.*, 165 F.4th 592 (D.C. Cir. 2026) represented "an intervening change of controlling law," because it introduced a new framework for funding-based claims that did not exist when Plaintiffs filed their FAC. ECF 116 at 9–11, ECF 118 at 7–8. The Court should "not fault the plaintiffs for waiting until the Court ruled on the [defendant's] motion to dismiss to file [their] leave to file an amended complaint" where Plaintiffs "requested an opportunity to amend their Complaint" in their briefing and expected that "the Court would agree with their position." *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 6 (D.D.C. 2017) (quotations omitted). In addition, Plaintiffs identified new evidence that was not available when they filed their FAC, including specific transactions not released by the U.S. government until after the FAC was filed, see 119-6, and information about the IRGC's use of the Binance platform that was not released until after

the FAC was dismissed. ECF 118 at 6. Finally, Plaintiffs identified corrections needed in the Court's decision: dismissal with prejudice and the absence of a *Firestone* analysis. ECF 116 7–8.

Amendment is appropriate absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is the burden of the party opposing amendment to establish that amendment is not warranted. *Wharf, Inc. v. D.C.*, 321 F.R.D. 25, 30 (D.D.C. 2017). The Binance Defendants have not satisfied their burden. Instead, they rely on false claims that Plaintiffs did not link particular Binance transactions to the October 7 Attacks. *Compare* ECF 121-1 at 9 with ECF 119-1 at ¶¶ 338–53, 119-6, 119-16. Though the Binance Defendants state Plaintiffs did not link particular transactions to the October 7 Attacks, ECF 121-1 at 16, this is not true. Plaintiffs identified specific transactions and wallets on the Binance Platform used to fund the October 7 attacks. *See* ECF 119-2, 119-3, 119-4.

## IV. Res Judicata Does Not Apply

The Binance Defendants advance a twisted understanding of the doctrine of res judicata that is at odds with this Circuit's precedent and the Federal Rules of Civil Procedure. Under the doctrine of res judicata, "a subsequent *lawsuit* will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States,* 471 F.3d 186, 192 (D.C.Cir.2006) (emphasis added). The doctrine of *res judicata* does not bar plaintiffs from filing a motion to amend the complaint while a motion for reconsideration is pending.

This is because there has not yet been a final judgment on the merits. Rule 54(b), which governs "multi-claim or multi-party action[s]" like this one "establishes three requirements for an otherwise interlocutory order to be certified as a final judgment: (1) the order must resolve a distinct claim for relief; (2) the order must be final with respect to that claim; and (3) the district court must permissibly determine that there is no just reason for delay in entering judgment." *Attias v. CareFirst, Inc.*, 969 F.3d 412, 416–17 (D.C. Cir. 2020) (quotations omitted). The third element requires the court to "expressly determine that there is no just reason for delay." *Id.* at 417. This is a "bright line requirement." *Id.* (quotations omitted). This did not occur here. *See generally* ECF 113.

Again, the Binance Defendants rely on decisions that do not reflect the posture of this case: where Plaintiffs requested reconsideration and amendment of claims dismissed without prejudice before entry of a final judgment. ECF 121-1 at 18. For example, *Gharb v. Mitsubishi Electric Corp.*, involves a claim that was barred by res judicata because it was previously dismissed by the Northern District of Illinois and the Court of Federal Claims before being refiled in the District of D.C. 148 F. Supp. 3d 44, 47, 53 (D.D.C. 2015). Similarly, in *Permanent Fin. Corp. v. Taro*, 1987 WL 33417, at *1 (D.D.C. Dec. 18, 1987), claims were barred by res judicata after one party had successfully appealed.[4] Courts throughout this Circuit permit filing motions to amend after dismissals with prejudice and, as Plaintiffs advised the Binance Defendants, instruct that this is the

[4] The Binance Defendants also cite *Ciralsky v. C.I.A.*, 355 F.3d 661, 672 n.11 (D.C. Cir. 2004) for the proposition that res judicata bars the refiling of a suit that was dismissed with prejudice. However, this selective reading of *Ciralsky* ignores the court's explanation that "a plaintiff may suspend the finality of a dismissal with prejudice" by filing a motion for reconsideration, just as Plaintiffs did here. *Id.* at 667. In other words, as the *Ciralsky* court recognized—and the Federal Rules make clear—a dismissal with prejudice does not prevent motions to reconsider or motions to amend in the absence of a final judgment. This is yet another example of the Binance Defendants impermissibly ignoring the law right in front of them.

only option for reviving such claims. *Baltimore v. Pruitt*, 293 F. Supp. 3d 1, 3 (D.D.C. 2017); *see also Lacy v. Ortega*, 2023 WL 11199593, at *1 (D.D.C. May 11, 2023); *Ronaldson*, 2021 WL 7210781, at *3; *Bernier v. Allen*, 2020 WL 4047953, at *3 (D.D.C. July 20, 2020).

### V. Sanctions are Not Appropriate

Ironically, to accuse Plaintiffs of multiplying proceedings with meritless positions, the Binance Defendants cluttered the docket with additional motions unsupported by authorities that address the issue Defendants raise. *See* ECF 121, 122. Courts in this jurisdiction have repeatedly cautioned that filing a frivolous sanctions motion "may itself be a violation of Rule 11." *Naegele v. Albers*, 355 F. Supp. 2d 129, 144 (D.D.C. 2005). Plaintiffs advised the Binance Defendants of the same and recommended that the Binance Defendants reconsider filing their groundless motion. Goldenberg Decl. Ex. D. The Binance Defendants disregarded those warnings and filed this Motion, though it is unwarranted by the law. ECF 121. Where a party files a motion for sanctions that is itself sanctionable, courts in this District deny such motions. *Id.*; *see also Rubio v. D.C.*, 2024 WL 4957373, at *3 (D.D.C. Dec. 3, 2024) (denying motion for sanctions "which itself fails to comply with Federal Rule of Civil Procedure 11"). The Court should do the same here.

As set forth above, this Motion is baseless because this Circuit's precedents do not establish the rules Plaintiffs are accused of breaking but, instead, expressly contradict the positions taken by the Binance Defendants. The decisions that the Binance Defendants cite do not address the precise issue at hand: whether plaintiffs may file a motion for reconsideration and motion to amend after the court has dismissed their claims with prejudice. Instead, they rely entirely on decisions that bear no resemblance to the posture of this case—or in which sanctions were denied.[5]

[5] The Binance Defendants rely on *U.S. v. Wallace*, 964 F.2d 1214, 1221 (D.C. Cir. 1992) in which the D.C. Circuit reversed the district court's order awarding sanctions.

In *McLaughlin v. Bradlee*, the plaintiff simultaneously filed nearly identical complaints four separate times, including after there was (at least one) final judgment. 602 F. Supp. 1412, 1413, 1418 (D.D.C. 1985). Similarly, in *Reynolds v. U.S. Capitol Police Board*, the plaintiffs' case was dismissed for failure to prosecute and the plaintiff later re-filed identical time-barred claims. 357 F. Supp. 2d 19, 24 (D.D.C. 2004). *Morrison v. Walker*, 939 F.3d 633, 638–39 (5th Cir. 2019) is an out-of-circuit decision involving *falsified* claims. Here, Plaintiffs did not repeatedly file and refile the same suit in different courts or make false claims to the Court but rather adhered to the procedure set out by the D.C. Circuit for seeking amendment of claims that should not have been dismissed with prejudice. *Firestone*, 76 F.3d at 1210. In doing so, Plaintiffs took care to address the Court's concerns about facts deemed deficient in the court's opinion and further incorporated newly discovered evidence from as recently as June 2026.

The Binance Defendants also fail to identify a single case in which a court of this jurisdiction struck an entire pleading for the reasons the Binance Defendants assert here, or any reason at all. Instead, the Binance Defendants rely on *U.S. ex rel Landis v. Tailwind Sports Corp.,* in which the court struck the affirmative defense that the plaintiff had failed to state a claim where the plaintiff prevailed on their motion to dismiss. 308 F.R.D. 1, 5 (D.D.C. 2015). Nothing in *Landis* suggests that where a claim is dismissed with prejudice, an amended complaint must be stricken. Such a position would be contrary to law, given that there are express mechanisms in the Federal Rules of Civil Procedure for Plaintiffs to reinstate dismissed claims. Fed. R. Civ. P. 54(b); Fed. R. Civ. P. 15(a). The Binance Defendants' Motion to Strike should therefore be denied.

Plaintiffs' Motion for Reconsideration and Motion to Amend are procedurally and substantively sound and should be granted. However, even if the Court denies Plaintiffs' Motion for Reconsideration and/or Motion to Amend, sanctions are not warranted. While the Binance

Defendants may wish it were so, merely failing to prevail on a motion is not sanctionable. *See*, *e.g.*, *Cauderlier & Assoc., Inc. v. Zambrana*, 463 F. Supp. 2d 63, 64–65 (D.D.C. 2006) ("Though I found [the] motion entirely unpersuasive, I do not find that the arguments in support of [the] motion so lacking in legal support as to warrant sanctions."); *see also Cherichel v. Ergo Solutions, LLC*, 85 F. Supp. 3d 245, 250 (D.D.C. 2015) (noting that the plaintiff "has not presented a viable legal theory" but declining to find "it is so frivolous a legal theory as to merit sanctions.").

Nor are sanctions appropriate to "sanction all undesirable litigation behavior." *Huthnance v. D.C.*, 793 F. Supp. 2d 177, 182 (D.D.C. 2011). Absent clear and convincing evidence of reckless or bad faith conduct, no costs and fees may be awarded. *Id.* at 181. Here, the Binance Defendants failed to adduce any evidence, let alone clear and convincing evidence, that Plaintiffs acted with recklessness or bad faith in filing JASTA claims that now conform with *Atchley* and were brought in accordance with the *Brink* framework established by the D.C. Circuit. Indeed, even under the more lenient Rule 11 standard, justification for a position may be established by "minority opinions, law review articles, or through consultation with other attorneys." Fed. R. Civ. P. 11 Advisory Committee Note (1993).

The sole "evidence" of supposed bad faith or recklessness put forward by the Binance Defendants is that Plaintiffs filed their Motion to Amend despite acknowledging that the Court must grant reconsideration before amendment ECF 121-1 at 17. However, this so-called "acknowledgement" is not an expression of "bad faith" but simply a recitation of the *Brink* framework that requires plaintiffs to file both a motion for reconsideration and a motion to amend for a claim that has been dismissed with prejudice to be revived. *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015). This is why Plaintiffs did not simply file an amended complaint on the docket without leave of the Court but instead filed two motions: a motion for reconsideration

and motion for leave to amend. Nothing about this set of facts amounts to the kind of "singularly egregious" conduct that the Binance Defendants must show by clear and convincing evidence. *Wallace*, 964 F.2d at 1220. Further, even if, as the Binance Defendants argue contrary to *Firestone*, that, Plaintiffs' motions should have been filed contemporaneously, such "unintended, inadvertent" or "negligent conduct won't support an assessment of fees and costs … no matter how 'annoying' or frustrating" it might be. *Huthnance*, 793 F. Supp. 2d at 181.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY the Binance Defendants' Motion for Sanctions and Motion to Strike.

Dated: August 3, 2026

*/s/ Marlene J. Goldenberg*
Marlene J. Goldenberg (DC Bar No. 166040)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square
Third Floor
Washington, D.C. 20016
Phone: (202) 978-2228
Fax: (202) 792-7927
mgoldenberg@nighgoldenberg.com

Samantha V. Hoefs *(pro hac vice)*
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
60 South 6th Street
Suite 2800
Minneapolis, MN 55402
Phone: (612) 445-0202
Fax: (202) 792-7927
shoefs@nighgoldenberg.com

*/s/ Amanda Fox Perry*
Amanda Fox Perry (DC Bar No. 230024)
**FOX MCKENNA PLLC**
14 Ridge Square
Third Floor
Washington, D.C. 20016
Phone: (202) 852-2000
Fax: (202) 915-0244
amanda@foxmckenna.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following:

Served electronically via ECF:
Binance Holdings Limited, D/B/A Binance.com,
Bam Management Us Holdings, Inc.
Bam Trading Services Inc. D/B/A Binance.US
Changpeng Zhao

Served via Mail:
Islamic Republic of Iran
Harakat Al-Muqawama Al-Islamiya A/K/A/ Hamas

Dated: August 3, 2026

s/ Marlene J. Goldenberg
Marlene J. Goldenberg